David S. Douglas (DD-6250)
GALLET DREYER & BERKEY, LLP
845 Third Avenue, 8th Floor
New York, New York 10022
(212) 935-3131
Attorneys for Defendants
Nationwide Management Inc.,
Benjamin Osiashvili, Mikael
Osiashvili, Svetlana Osiashvili,
and Alex Vayner

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SKY MEDICAL SUPPLY INC.,

                Plaintiff,

                                12 Civ. 6383 (JFB) (AKT)

      -against-

SCS SUPPORT CLAIMS SERVICES, INC., et al.,

                Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF THE
## NATIONWIDE DEFENDANTS' MOTION TO DISMISS

**GALLET DREYER & BERKEY, LLP**
**845 Third Avenue, 8th Floor**
**New York, New York 10022**
**(212) 935-3131**

**Attorneys for Defendants**
**Nationwide Management Inc.,**
**Benjamin Osiashvili, Mikael Osiashvili,**
**Svetlana Osiashvili, and Alex Vayner**

# TABLE OF CONTENTS

Table of Authorities ......................................................................................................... ii

Preliminary Statement .......................................................................................................1

ARGUMENT.......................................................................................................................4

POINT I        PLAINTIFF'S RICO CLAIMS
FAIL AS A MATTER OF LAW.......................................................2

         A.   Plaintiff Has Failed to Allege a Predicate
Act of "Racketeering Activity" ...........................................6

         B.   Defendants' Alleged Acts Were Not
the Proximate Cause of Injury to Plaintiff .........................8

         C.   Contract-Based Claims Cannot be
Converted Into RICO Claims...............................................9

         D.   The RICO Conspiracy Claim
Fails as a Matter of Law....................................................10

         E.   This Court Has Already Rejected
Nearly Identical RICO Claims...........................................11

         F.   The RICO Claims are Largely,
if Not Entirely, Time Barred .............................................12

POINT II       THE COURT SHOULD NOT EXERCISE
SUPPLEMENTAL JURISDICTION OVER
PLAINTIFF'S STATE LAW CLAIMS ...................................13

POINT III      THE DECLARATORY JUDGMENT THAT
PLAINTIFF SEEKS IS INAPPROPRIATE
AS A MATTER OF LAW.........................................................14

POINT IV      PLAINTIFF'S COMMON-LAW FRAUD
CLAIM FAILS AS A MATTER OF LAW..............................17

POINT V       PLAINTIFF'S "UNJUST ENRICHMENT"
CLAIM FAILS AS A MATTER OF LAW..............................19

POINT VI      PLAINTIFF'S THIRTEENTH CAUSE OF
ACTION FAILS AS A MATTER OF LAW ...........................20

i

POINT VII THE NATIONWIDE DEFENDANTS' ALLEGED "OWNERSHIP" OF PATIENT FOCUS DOES NOT SUBJECT THEM TO LIABILITY ........................................ 19

POINT VIII PLAINTIFF HAS ADMITTED THAT THERE IS NO SUPPORT FOR ITS CLAIM AGAINST ALEX VAYNER ..23

CONCLUSION .................................................................................................................... 24

## TABLE OF AUTHORITIES

Cases

Agency Holding Corp. v. Malley-Duff & Assoc. Inc.,
483 U.S. 143, 107 S. Ct. 2759 (1987).................................................................12

Ashcroft v. Iqbal,
556 U.S. 662, 129 S. Ct. 1937 (2009)........................................................ 4-5, 24

Ashwander v. Tennessee Valley Authority,
297 U.S. 288, 56 S. Ct. 466 (1936)................................................…..14

Automatic Findings, Inc. v. Miller,
232 A.D.2d 245, 648 N.Y.S.2d 90 (1st Dept. 1996) ........................................22

Azrielli v. Cohen Law Offices,
21 F.3d 512 (2d Cir. 1994) .................................................................................6

Bauman v. Mount Sinai Hospital,
452 F. Supp. 2d 490 (S.D.N.Y. 2006) ................................................................8

Beck v. Prupis,
529 U.S. 494, 120 S. Ct 1608 (2000)................................................................10

Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 127 S. Ct. 1955 (2007)....................................................4, 5, 24

Bernstein v. Misk,
948 F. Supp. 228 (E.D.N.Y. 1997) ..................................................................10

Brillhart v. Excess Insurance Co. of America,
316 U.S. 491, 62 S. Ct. 1173 (1942).................................................................16

Chamberlin v. Hartford Financial Services, Inc.,
2005 WL 2007894 (S.D.N.Y. 2005)............................................................... 9-10

Clark-Fitzpatrick, Inc. v. Long Island Railroad Co.,
70 N.Y.2d 382, 516 N.E.2d 190, 521 N.Y.S.2d 653 (1987)............................20

Clausell v. Turner,
295 F. Supp. 533 (S.D.N.Y. 1969) ...................................................................16

Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.,
187 F.3d 229 (2d Cir. 1999) ...........................................................................6, 8

Commercial Cleaning Service Systems, LLC v. Colin Service Systems, Inc.,
271 F.3d 374 (2d Cir. 2001) ...........................................................................9

Com-Tech Associates v. Computer Associates International, Inc.,
753 F. Supp. 1078 (E.D.N.Y. 1990) .......................................................... 10-11

Conte v. County of Nassau,
2010 WL 3924677 (E.D.N.Y. 2010) ............................................................22

Conte v. County of Nassau,
2013 WL 3878738 (E.D.N.Y. 2013) ......................................................21, 22

Conte v. Newsday, Inc.,
2013 WL 978711 (E.D.N.Y. 2013) .............................................................13

Diaz v. NBC Universal, Inc.,
536 F. Supp. 2d 337 (S.D.N.Y. 2007), aff'd, 337 Fed. Appx. 94 (2009) ......................4, 5

DiVittorio v. Equidyne Extractive Industries, Inc.,
822 F.2d 1242 (2d Cir. 1987) .....................................................................7

Dow Jones & Co. v. Harrods, Ltd.,
237 F. Supp. 2d 394 (2002), aff'd, 346 F.2d 357 (2003)........................... 14-15

D.R.S. Trading Co. v. Fisher,
2002 WL 1482764 (S.D.N.Y. 2002)............................................................10

Ellison v. American Image Motor Co.,
36 F. Supp. 2d 628 (S.D.N.Y. 1999)), aff'd, 2 Fed. Appx. 109 (2d Cir. 2001)...................8

FD Property Holding, Inc. v. U.S. Traffic Corp.,
206 F. Supp. 2d 362 (E.D.N.Y. 2002) ....................................................10, 11

Fernbach, LLC v. Capital & Guarantee Inc.,
2009 WL 2474691 (S.D.N.Y. 2009)............................................................19

First Capital Asset Management, Inc. v. Satinwood, Inc.,
385 F.3d 159 (2d Cir. 2004) ...........................................................7, 10, 13

First Nationwide Bank v. Gelt Funding Corp.,
27 F.3d 763 (2d Cir. 1994), cert. denied, 513 U.S. 1079, 115 S. Ct. 728 (1995) .....5, 9, 24

F.X. Maltz, Ltd. v. Morgenthau,
556 F.2d 123 (2d Cir. 1977) .....................................................................14

iv

Goldfine v. Sichenzia,
118 F. Supp. 2d 392 (S.D.N.Y. 2000) ..................................................................6

Golub Associates, Inc. v. Lincolnshire Management, Inc.,
1 A.D.3d 237, 767 N.Y.S.2d 571 (1st Dept. 2003) ........................................20

Heller v. Kurz,
228 A.D.2d 263, 643 N.Y.S.2d 580 (1st Dept. 1996) ....................................19

Holmes v. Securities Investor Protection Corp.,
503 U.S. 258, 112 S. Ct. 1311 (1992)................................................................9

IMR Associates, Inc. v. C.E. Cabinets, Ltd.,
2007 WL 1395547 (E.D.N.Y. 2007) ..............................................................21

Joan Hansen & Co. Inc. v. Everlast World's Boxing Headquarters Corp.,
296 A.D.2d 103, 744 N.Y.S.2d 384 (1st Dept. 2002) ....................................19

Kagan v. K-Tel Entertainment, Inc.,
172 A.D.2d 375, 568 N.Y.S.2d 756 (1st Dept. 1991) ....................................19

Kesselman v. The Rawlings Co., LLC,
668 F. Supp. 2d 604 (S.D.N.Y. 1969) .............................................................16

Koch v. Christie's International, PLC,
699 F.3d 141 (2d Cir. 2012) ............................................................................13

Lerner v. Fleet Bank, N.A.,
459 F.3d 273 (2d Cir. 2006) ..............................................................................9

Levy v. Southbrook International Investments, Ltd.,
263 F.3d 10 (2d Cir. 2001), cert. denied, 535 U.S. 1054, 122 S Ct. 1911 (2002) ..............4

McGee v. Allstate,
2011 WL 3497527 (E.D.N.Y. 2011) ..............................................................18

McGee v. State Farm Mutual Automobile Insurance Co.,
2009 WL 2132439 (E.D.N.Y. 2009) ....................................... 10, 11-12, 14, 18

McGee v. State Farm Mutual Automobile Insurance Co.,
2011 WL 5409393 (E.D.N.Y. 2011) ..............................................................18

McLaughlin v. America Tobacco Co.,
522 F.3d 215 (2d Cir. 2008) .........................................................................8-9

Metropolitian Elec. Mfg. Co. v. Herbert Const. Co., Inc.,
183 A.D.2d 758, 583 N.Y.S.2d 497 (2d Dept. 1992) ..........................................................19

Mills v. Polar Molecular Corp.,
12 F.3d 1170 (2d Cir. 1993) ...............................................................................................7

Minuteman Press International v. Matthews,
232 F. Supp. 2d 11 (E.D.N.Y. 2002) ..................................................................................20

Morales v. Grand Cru Associates,
305 A.D.2d 647, 759 N.Y.S.2d 890 (2d Dept. 2003) .........................................................20

Murray v. Miner,
74 F.3d 402 (2d Cir. 1996) ................................................................................................23

M.V.B. Collision, Inc. v. Allstate Insurance Co.,
2007 WL 2288046 (E.D.N.Y. 2007) ............................................................................. 16-17

Network Enters. Inc. v. Reality Racing, Inc.,
2010 WL 3529237 (S.D.N.Y. 2010)...................................................................................20

Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.,
85 F. Supp. 2d 282 (S.D.N.Y. 2000) ................................................................................ 7-8

Osan Limited v. Accenture LLP,
454 F. Supp. 2d 46 (E.D.N.Y. 2006) ..................................................................................20

Panam Management Group, Inc. v. Pena,
2011 WL 3423338 (E.D.N.Y. 2011) ...................................................................................23

Perlman v. Zell,
185 F.3d 850 (7th Cir. 1999) .............................................................................................10

Premium Mortgage Corp. v. Equifax, Inc.,
583 F.3d 103 (2d Cir. 2009) .............................................................................................17

Public Service Commission of Utah v. Wykoff Co.,
344 U.S. 237, 73 S. Ct. 236 (1952)............................................................................... 14-15

Rayo v. Vitale,
2011 WL 5117726 (E.D.N.Y. 2011) .............................................................................. 13-14

Romanello v. Intesa Sanpaolo, S.p.A.,
97 A.D.3d 449, 949 N.Y.S.2d 345 (1st Dept. 2012) ..........................................................21

Rotella v. Wood,
528 U.S. 549, 120 S. Ct. 1075 (2000)...........................................................................12, 13

Rothman v. Gregor,
220 F.3d 81 (2d Cir. 2000) ...........................................................................................5

Shams v. Fisher,
107 F. Supp. 2d 266 (S.D.N.Y. 2000) ...........................................................................6

State Farm Mutual Automobile Insurance Co. v. Grafman,
655 F. Supp. 2d 212 (E.D.N.Y. 2009) .........................................................................17

State Farm Mutual Automobile Insurance Co. v. Mallela,
175 F. Supp. 2d 401 (E.D.N.Y. 2001) .........................................................................3

State Farm Mutual Automobile Insurance Co. v. Mallela,
4 N.Y.3d 313, 827 N.E.2d 758, 794 N.Y.S.2d 700 (2005)................................................23

Sukup v. State,
19 N.Y.2d 519, 227 N.E.2d 842, 281 N.Y.S.2d 28 (1967)................................................21

Sumitomo Copper Litigation,
995 F. Supp. 451 (S.D.N.Y. 1998) ...............................................................................7

Universal Acupuncture Pain Services. P.C. v.
State Farm Mutual Automobile Insurance Co.,
196 F. Supp. 2d 378 (E.D.N.Y. 2002) .........................................................................3

U.S. Underwriters Insurance Co. v. Kum Gang, Inc.,
443 F. Supp. 2d 348 (E.D.N.Y. 2006) ........................................................................14

Vertex Const. Corp. v. T.F.J. Fitness L.L.C.,
2011 WL 5884209 (E.D.N.Y. 2011) .......................................................................19, 20

Warner-Jenkinson Co. v. Allied Chemical Corp.,
567 F.2d 184 (2d Cir. 1977) ......................................................................................14

Wilton v. Seven Falls Co.,
515 U.S. 277, 115 S. Ct. 2137 (1995)..........................................................................15


Statutes and Rules

11 NYCRR 65..........................................................................................................21

18 U.S.C. § 1962(c)..............................................................................................6, 10

18 U.S.C. § 1962(d)……………………………………………………………………10

18 U.S.C. § 1964(c)…………………………………………………………………….6

28 U.S.C. § 2201………………………………………………………………………14

Fed. R. Civ. P. 9(b)………………………………………………………………....7, 18

Fed. R. Civ. P. 12(b)(6)……………………………………………………………...4

N.Y. Civ. Prac. L. & R. § 214(4)…………………………………………………...22

N.Y. Ins. Law § 5106………………………………………………………………..21

David S. Douglas (DD-6250)
GALLET DREYER & BERKEY, LLP
845 Third Avenue, 8th Floor
New York, New York 10022
(212) 935-3131
Attorneys for Defendants
Nationwide Management Inc.,
Benjamin Osiashvili, Mikael
Osiashvili, Svetlana Osiashvili,
and Alex Vayner

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SKY MEDICAL SUPPLY INC.,

                    Plaintiff,

                                         12 Civ. 6383 (JFB) (AKT)

     -against-

SCS SUPPORT CLAIMS SERVICES, INC., et al.,

                    Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF THE
## NATIONWIDE DEFENDANTS' MOTION TO DISMISS

<u>Preliminary Statement</u>

      Plaintiff Sky Medical Supply Inc. ("Sky Medical") is a medical supply company

that is unhappy that various insurance companies have rejected certain claims that Sky

Medical has submitted on the grounds that Sky Medical's supplies were not medically

necessary or otherwise not covered by the insurance provided under New York's no-fault

insurance system.  Rather than, or in addition to, challenging such determinations by the

insurance companies in accordance with the comprehensive statutory and regulatory

scheme that New York has established for no-fault claims, Sky Medical has conjured up

the alleged existence of a vast conspiratorial "scheme" that somehow supposedly resulted in the insurance companies' denials of the claims that Sky Medical submitted to them. The "conspirators", according to plaintiff, are the more than 40 defendants that plaintiff has dragged into this action, each of whom, plaintiff would have the Court believe, worked together through a massive "racketeering enterprise" designed to harm plaintiff.

Plaintiff's allegations are utterly implausible and wholly insufficient as a matter of law for a host of reasons. These fatal deficiencies are particularly evident with respect to defendants Nationwide Management Inc., Benjamin Osiashvili, Mikael Osiashvili, Svetlana Osiashvili, and Alex Vayner ("Nationwide Defendants"), who are far removed from any connection to plaintiff. Accordingly, for the reasons set forth below, this suit should be dismissed in its entirety as against each of the Nationwide Defendants.

<u>The Amended Complaint's Allegations Against the Nationwide Defendants</u>

Although the amended complaint[1] brims with excessive verbiage (a full 68 pages and 295 paragraphs of allegations), various rhetorical flourishes, and specious <u>ad hominem</u> attacks, the actual allegations against the Nationwide Defendants are threadbare and utterly deficient as a matter of law. In a nutshell, the amended complaint, largely parroting the RICO Case Statement that the Court previously ordered plaintiff to file, alleges that the Nationwide Defendants are among the "true owners" of defendant Patient Focus Medical Examinations, PC ("Patient Focus"), a company that employs doctors to

---

[1] Following a conference with Magistrate Judge Boyle at which certain substantial deficiencies of plaintiff's original complaint were highlighted, plaintiff sought to file an amended complaint. That amended complaint, titled "First Amended Complaint" ("Amended Complaint"), is now plaintiff's operative pleading. While abandoning certain causes of action that had been asserted in the original complaint, re-jiggering some previously asserted claims, and attempting to assert two additional legal theories, the amended pleading, as demonstrated below, is no less deficient as a matter of law than was plaintiff's original pleading.

prepare supposedly "fraudulent" peer review and independent medical examination

("IME") reports that are provided to defendant SCS Claim Services, Inc. ("SCS"), which

in turn supplies the reports to SCS's insurance company clients. The Nationwide

Defendants are further alleged to have "utilize[d]" non-licensed individuals to prepare

reports. The complaint also contains certain allegations about purported real estate

transactions that have absolutely no connection to plaintiff or the subject matter of this

case and testimony in what plaintiff itself concedes are "unrelated cases." (Amended

Complaint ¶¶ 6, 7(c), 13-14, 22-25, 80-81, 83, 103, 107; First Amended RICO Case

Statement ("RICO Case Statement") ¶¶ 2(2)-(3), (7)-(10)).

The amended complaint contains thirteen "causes of action", eight of which

attempt to include the Nationwide Defendants within their reach. The First Cause of

Action seeks a declaratory judgment that each and every one of "thousands" of largely

unidentified peer review and IME reports, as well as associated documentation, is "null

and void." The Second, Third, Sixth, and Seventh Causes of Action attempt to state

claims under the federal RICO statute. The Tenth Cause of Action purports to state a

claim of common-law fraud. The Twelfth Cause of Action seeks to press a claim of

unjust enrichment, while the Thirteenth Cause of Action attempts to assert a claim of

tortious interference.[2]

---

[2] The other five causes of action -- which are additional RICO claims and a claim of "aiding and abetting fraud" -- are not directed against the Nationwide Defendants. Also, the preamble to the Amended Complaint and the RICO Case Statement make reference to purported "violations" of N.Y. Business Corporation Law §§ 1507 and 1508, but plaintiffs' pleading does not in fact assert any claims under that statute and, in any event, no private cause of action exists under those provisions. See, e.g., Universal Acupuncture Pain Services, P.C. v. State Farm Mutual Automobile Insurance Co., 196 F. Supp. 2d 378, 386 (E.D.N.Y. 2002) (no private cause of action under provision of Article 1500 of Business Corporation Law); State Farm Mutual Automobile Insurance Co. v. Mallela, 175 F. Supp. 2d 401, 416 (E.D.N.Y. 2001) (finding that no private action was contemplated by statutory scheme).

None of these claims is sustainable as a matter of law as against any of the Nationwide Defendants, and this groundless action therefore must be dismissed in its entirety against each of the Nationwide Defendants.

## ARGUMENT

As this Court well knows, Fed. R. Civ. P. 12(b)(6) provides a vehicle for defendants to move for dismissal of a legally baseless complaint where the complaint "fail[s]. . . to state a claim upon which relief can be granted." See, e.g., Levy v. Southbrook International Investments, Ltd., 263 F.3d 10, 14 (2d Cir. 2001), cert. denied, 535 U.S. 1054, 122 S. Ct. 1911 (2002). The United States Supreme Court has emphasized that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); Diaz v. NBC Universal, Inc., 536 F. Supp. 2d 337, 342-43 (S.D.N.Y. 2007) (quoting Bell Atlantic Corp.), aff'd, 337 Fed. Appx. 94 (2d Cir. 2009). As the Supreme Court further held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Federal Rules demand:

> more than an unadorned the-defendant-unlawfully-harmed-me accusation. . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

556 U.S. at 678, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at 570, 127 S. Ct. at 1974). The Supreme Court additionally made clear in Iqbal that:

> Rule 8 [of the Federal Rules of Civil Procedure] marks a notable
> and generous departure from the hyper-technical code-pleading
> regime of a prior era, but it does not unlock the doors of discovery
> for a plaintiff armed with nothing more than conclusions.

556 U.S. at 678-79, 129 S. Ct. at 1950.

In considering a motion to dismiss, the Court, as a general matter, must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. The Court, however, is not required to accept as true "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994), cert. denied, 513 U.S. 1079, 115 S. Ct. 728 (1995). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555, 127 S. Ct. at 1965. Accordingly, in order to survive a motion to dismiss, a plaintiff must have done more than solely recite the elements of a cause of action; he must have pled facts with sufficient particularity so that his right to relief is more than mere conjecture. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

Furthermore, in deciding a motion to dismiss, the Court may take into account documents that are annexed to or otherwise incorporated into the complaint or that the plaintiff either possessed or knew about and relied upon in bringing the suit. See, e.g., Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000); Diaz, 536 F. Supp. 2d at 343.

Application of these standards to this case mandates that the complaint be dismissed in its entirety as against the Nationwide Defendants, as review of the governing law and the specific allegations against the Nationwide Defendants readily reveals that the amended complaint contains no facts that would support a plausible claim against them and each of the claims asserted fails as a matter of law.

POINT I

PLAINTIFF'S RICO CLAIMS FAIL AS A MATTER OF LAW

The sole jurisdictional hook by which Sky Medical has sought to place this misguided litigation before this Court is plaintiff's inclusion of claims under RICO, one of "the most misused" federal statutes.  Goldfine v. Sichenzia, 118 F. Supp. 2d 392, 394 (S.D.N.Y. 2000) (citation and internal quotation omitted).  18 U.S.C. § 1964(c) provides that "[a]ny person injured in his person or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States District Court. . . ."  Section 1962(c), in turn, provides for liability under RICO only where a defendant has "conduct[ed] or participate[d], directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity."  "To establish a claim for a civil violation of § 1962(c), 'a plaintiff must show that he was injured by defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.3d 229, 242 (2d Cir. 1999) (quoting Azrielli v. Cohen Law Offices, 21 F.3d 512, 520 (2d Cir. 1994); Shams v. Fisher, 107 F. Supp. 2d 266, 274 (S.D.N.Y. 2000).  Sky Medical fails to comport with several of the stringent requisites of a civil RICO claim.

A.      Plaintiff Has Failed to Allege a Predicate Act of "Racketeering Activity"

According to plaintiff's RICO Case Statement (¶ 5(a)), the predicate acts are supposed "mail fraud" and "wire fraud" in the sending of "fraudulent" IME and peer review reports and IME letters.  None of the Nationwide Defendants is even identified as a participant in any supposed predicate act.  (RICO Case Statement ¶ 5(b)).

Furthermore, even if it is accepted (for purposes of motions to dismiss only) that these reports and letters contained certain untruths, they cannot constitute predicate acts of "fraud" sufficient to support RICO claims by Sky Medical. Plaintiff does not, and cannot, allege that any assertedly false statements in such reports and letters were intended to deceive Sky Medical, nor that Sky Medical was in fact "deceived" by any such statements.

Also importantly, RICO claims must satisfy Fed. R. Civ. P.9(b)'s requirement that, "in all averments of fraud. . . the circumstances constituting the fraud. . . shall be stated with particularity." E.g., First Capital Asset Management, Inc. v. Satinwood, Inc., 385 F.3d 159, 178 (2d Cir. 2004); Sumitomo Copper Litigation, 995 F. Supp. 451, 455 (S.D.N.Y. 1998) ("Rule 9(b) has great urgency in civil RICO actions"). Under Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993). Additionally, where multiple defendants have been sued, plaintiffs are required to detail how each defendant entity or person was involved in each event. As the Second Circuit has held, "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'" Mills, 12 F.3d at 1175. See also, e.g., DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) ("where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud"); Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 2d 282, 293 (S.D.N.Y. 2000) ("when fraud is alleged against multiple

defendants, a plaintiff must plead with particularity by setting forth separately the acts complained of by each defendant" (quoting Ellison v. American Image Motor Co., 36 F. Supp. 2d 628, 640 (S.D.N.Y. 1999)), aff'd, 2 Fed. Appx. 109 (2d Cir. 2001).

Sky Medical falls woefully short of these requirements. Indeed, Sky Medical has entirely ignored the Court's directive that Sky Medical "[i]dentify the time, place and substance of the alleged misrepresentations, and the identity of person to whom and by whom alleged misrepresentations were made." (RICO Case Statement ¶ 5(c)). Likewise, the complaint fails to identify a single specific statement by any of the Nationwide Defendants that plaintiffs contend was fraudulent, no less which of the specific Nationwide Defendants supposedly made such statement, where or when that specific statement was made, or the manner in which each such specific statement was supposedly fraudulent. Rather, all the complaint does is precisely what the Second Circuit has proscribed, vaguely attributing never-specified statements to defendants as a whole. See, e.g., Bauman v. Mount Sinai Hospital, 452 F. Supp. 2d 490, 503 (S.D.N.Y. 2006) (dismissing RICO claim for failure to satisfy Rule 9(b)).

B.    Defendants' Alleged Acts Were Not the Proximate Cause of Injury to Plaintiff

There is absolutely no connection between Sky Medical and any of the Nationwide Defendants, the Nationwide Defendants do not owe any duty to Sky Medical, and no act by the Nationwide Defendants was the proximate cause of injury to plaintiff. A RICO claim is sustainable only where a plaintiff "was injured by defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Cofacredit, S.A., 187 F.3d at 242. "A plaintiff asserting a civil RICO claim must be able to support allegations of (1) a RICO violation, (2) injury, and (3) transaction and loss

8

causation." McLaughlin v. America Tobacco Co., 522 F.3d 215, 222 (2d Cir. 2008)

(citing First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 769 (2d Cir. 1994)).

Only a plaintiff that can show legal, proximate cause of their injury, and not merely "but

for" causation, has standing to assert a RICO claim.  Holmes v. Securities Investor

Protection Corp., 503 U.S. 258, 268, 112 S. Ct. 1311 (1992); Commercial Cleaning

Service Systems, LLC v. Colin Service Systems, Inc., 271 F.3d 374, 380 (2d Cir. 2001).

The Second Circuit, moreover, has "held RICO plaintiffs to a more stringent showing of

proximate cause than would be required at common law."  Lerner v. Fleet Bank, N.A.,

459 F.3d 273, 285 (2d Cir. 2006).

    Plaintiff is the (alleged) contractual assignee of claims that are being pressed

pursuant to various insurance contracts entered into by various insurance companies with

various insureds.  The proximate cause of any injury to Sky Medical was not any

(unspecified) action that the Nationwide Defendants may have taken, but rather decisions

by (unnamed) insurance companies to deny plaintiff's claims.  This lack of any direct,

proximate causation between any specific action taken by any of the Nationwide

Defendants and any injury purportedly suffered by plaintiff additionally dooms plaintiff's

RICO claim as a matter of law.[3]

C.    Contract-Based Claims Cannot Be Converted into RICO Claims

    That Sky Medical's claim is at heart grounded in contractual relations renders it

unsustainable as a RICO claim for yet an additional reason:  Contract-based claims

cannot properly be converted into RICO claims.  E.g., Chamberlin v. Hartford Financial

---

[3]  Sky Medical has failed even to inform the Court and defendants of the amount of
damages that it is asserting or from which insurance claims such damages supposedly arise.
Rather, plaintiff has simply provided only a partial list of the insurance claims at issue and
refused to set forth the total amount of damages sought.  (Amended Complaint, Exhibits 1, 6;
RICO Case Statement ¶ 17).

Services, Inc., 2005 WL 2007894, *2 (S.D.N.Y. 2005) (dismissing RICO claim because allegations of mail and wire fraud were improperly based on breach of no-fault contract); D.R.S. Trading Co. v. Fisher, 2002 WL 1482764, *4  (S.D.N.Y. 2002) (citing Perlman v. Zell, 185 F.3d 850, 853 (7th Cir. 1999) ("breach of contract is not fraud, and a series of broken promises therefore is not a pattern of fraud")); Bernstein v. Misk, 948 F. Supp. 228, 238 (E.D.N.Y. 1997) (noting, with respect to RICO claim and allegations of mail and wire fraud, that plaintiff "cannot transform what otherwise looks like a breach of contract into a fraud claim").

D.     The RICO Conspiracy Claim Fails as Matter of Law

As plaintiff has failed to put forth legally viable substantive RICO claims under § 1962(c), its claims of a RICO "conspiracy" under § 1962(d) automatically fall as well. Beck v. Prupis, 529 U.S. 494, 120 S. Ct 1608 (2000); First Capital Asset Management, Inc., 385 F.3d at 182; McGee v. State Farm Mutual Automobile Insurance Co., 2009 WL 2132439, *4 (E.D.N.Y. 2009) ("McGee I").

Even apart from that fatal failing, the complaint fails to state a claim under § 1962(d) in any event.  As the court stated in FD Property Holding, Inc. v. U.S. Traffic Corp., 206 F. Supp. 2d 362, 373 (E.D.N.Y. 2002):

> a RICO conspiracy allegation should be more than a conclusory add-on. . . . It should state with specificity what the agreement was, who entered into the agreement, when the agreement commenced, and what actions were taken in furtherance of it.

See also, e.g., Com-Tech Associates v. Computer Associates International, Inc., 753 F. Supp. 1078, 1092 (E.D.N.Y. 1990) ("Bare or conclusory allegations of participation in a conspiracy under 1962(d) will not avail on a motion to dismiss, and the plaintiff must plead allegations that each defendant knowingly agreed to participate in the conspiracy,

especially when the predicate acts alleged are fraud"), aff'd, 938 F.2d 1574 (2d Cir.

1991).

Here, plaintiff's complaint does exactly what cases such as FD Property Holding

and Com-Tech Associates ruled insufficient.  The RICO conspiracy claims are an all-but-

identical re-hash of plaintiff's substantive RICO claims, and fail entirely to specify what

the purported agreement was into which the Nationwide Defendants supposedly entered,

who entered into the supposed agreement, when the supposed agreement was entered

into, or what actions the Nationwide Defendants supposedly took in further of the

supposed agreement.  (See Amended Complaint ¶¶ 201-32).

E.     This Court Has Already Rejected Nearly Identical RICO Claims

This Court has previously rejected a similarly misguided attempt to misuse the

RICO statute in a nearly identical suit.  In McGee I, 2009 WL 2132439, just as in the

instant case, a provider of medical services claimed that the defendants had conspired

fraudulently to deny him reimbursement for medical services provided to no-fault

patients, thereby supposedly violating RICO.  As here, the alleged fraud involved the

preparation of allegedly fraudulent peer review and IME reports finding that the

plaintiff's services were medically unnecessary.

The Court in McGee I dismissed the plaintiff's RICO claim with prejudice,

finding that the situation alleged "falls far short of [the] standard" required for a RICO

case.  For instance, as here, the plaintiff failed to identify any specific fraudulent

statement.  As here, the plaintiff failed to show that he or anyone else was actually

deceived by any statement in anything that a defendant had supposedly sent through the

mails or wires.  Thus, McGee I held, "even if McGee had pleaded fraud with particularity

[which he, like Sky Medical, had not], the alleged 'conspiracy' at the heart of his complaint cannot be shoehorned into a mail-or-wire-fraud claim." 2009 WL 2132439 at *5, 6.

Sky Medical's suit fails for the exact same reasons in an exact same situation. Sky Medical's RICO claims should therefore be dismissed with prejudice as well.

F.      The RICO Claims Are Largely, If Not Entirely, Time-Barred

In addition, Sky Medical's RICO claims are largely, if not entirely, barred by the four-year statute of limitations that governs RICO actions. Agency Holding Corp. v. Malley-Duff & Assoc. Inc., 483 U.S. 143, 107 S. Ct. 2759 (1987). A substantial majority of the insurance claims set forth in Exhibits 1 and 6 to the Amended Complaint are from 2008 or earlier. This suit was not filed until December 27, 2012. Accordingly, consideration of each of those insurance claims as part of plaintiff's RICO causes of action is precluded.

Plaintiff's attempt to evade the statute of limitations by alleging that it supposedly did not discover the "corrupt organization and fraudulent conduct" until less than one year prior to commencement of suit (Amended Complaint ¶ 57) is to no avail. In Rotella v. Wood, 528 U.S. 549, 120 S. Ct. 1075 (2000), the Supreme Court expressly rejected an "injury and pattern discovery rule", under which a civil RICO claim would accrue "only when the claimant discovers, or should discover, both an injury and a pattern of RICO activity." 528 U.S. at 553, 120 S. Ct. at 1080.

Moreover, plaintiff has admitted that "[t]he [alleged] injuries underlying this complaint occurred when denial of claims forms were issued to Plaintiff." (Amended Complaint ¶ 294). Thus, plaintiff was aware of its alleged injuries upon receipt of those

12

denial forms.  As the Supreme Court further emphasized in <u>Rotella</u>, "we have been at

pains to explain that discovery of the injury, not discovery of the other elements of a

claim, is what starts the clock."  <u>Rotella</u>, 528 U.S. at 555, 120 S. Ct. at 1081; <u>see also</u>,

e.g., <u>Koch v. Christie's International, PLC</u>, 699 F.3d 141 (2d Cir. 2012) ("It remains the

law in this Circuit that a RICO claim accrues upon discovery of the injury alone").

POINT II

THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL
<u>JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS</u>

Each of plaintiff's common-law claims, as demonstrated below, is deficient as a

matter of law for many reasons.  Furthermore, upon the dismissal of plaintiff's RICO

claims there will exist no independent federal jurisdiction, because both plaintiff and

many of the defendants are citizens of the State of New York.  There is absolutely no

reason why, even if plaintiff's state law claims were to pass muster (which they do not),

the resources of this Court should be burdened by continued adjudication of what will

then be an entirely state law-based matter.  <u>See</u>, <u>e.g.</u>, <u>First Capital Asset Management,</u>

<u>Inc. v. Satinwood, Inc.</u>, 385 F.3d 159, 182-83 (2d Cir. 2004) (District Court properly

declined to exercise supplemental jurisdiction over state law claims upon dismissal of

RICO claims); <u>Conte v. Newsday, Inc.</u>, 2013 WL 978711, *22 (E.D.N.Y. 2013)

(declining to exercise supplemental jurisdiction over state law claims, including tortious

interference claim, following dismissal of federal claims, including RICO claims); <u>Rayo</u>

<u>v. Vitale</u>, 2011 WL 5117726, *5 (E.D.N.Y. 2011) (dismissing RICO claims, declining to

exercise supplemental jurisdiction over state law claims, and stating, "It is well-settled

that 'if the federal claims are dismissed before trial, even though not insubstantial in a

jurisdictional sense, the state claims should be dismissed as well'"); McGee I, 2009 WL

2132439 at *6 (dismissing state law claims upon dismissal of RICO claims).

## POINT III

### THE DECLARATORY JUDGMENT THAT PLAINTIFF SEEKS IS INAPPROPRIATE AS A MATTER OF LAW

This case is entirely inappropriate for a declaratory judgment. The federal

Declaratory Judgment Act ("DJA") can only be properly invoked "in a case of actual

controversy within [the court's] jurisdiction." 28 U.S.C. § 2201. This matter neither

presents an "actual controversy" nor lies within this Court's jurisdiction.

To take the issue of jurisdiction first, the DJA does not itself confer federal court

jurisdiction. E.g., Warner-Jenkinson Co. v. Allied Chemical Corp., 567 F.2d 184 (2d Cir.

1977); U.S. Underwriters Insurance Co. v. Kum Gang, Inc., 443 F. Supp. 2d 348

(E.D.N.Y. 2006). Therefore, the sole conceivable source of federal jurisdiction is

plaintiff's RICO claims. As shown above, however, plaintiff's RICO claims are palpably

insufficient as a matter of law and thus there is no subject matter jurisdiction.

Nor is there an "actual controversy." The Supreme Court has emphasized that

under the DJA "'[t]he judicial power does not extend to abstract questions' and that

'[c]laims based merely upon assumed potential invasions' of rights are not enough to

warrant judicial intervention.'" Public Service Commission of Utah v. Wykoff Co., 344

U.S. 237, 242, 73 S. Ct. 236 (1952) (quoting Ashwander v. Tennessee Valley Authority,

297 U.S. 288, 325, 56 S. Ct. 466 (1936); see also, e.g., F.X. Maltz, Ltd. v. Morgenthau,

556 F.2d 123, 125 (2d Cir. 1977). Furthermore, "[t]he Supreme Court has stressed not

only that the controversy must be sufficiently real and immediate, allowing specific and

conclusive relief, but that it must also be ripe for adjudication. . . .The 'actual

controversy' standard is conceptually linked to the doctrine of ripeness." Dow Jones & Co. v. Harrods, Ltd., 237 F. Supp. 2d 394, 405 (2002), aff'd, 346 F.2d 357 (2003).

The instant case is entirely "unripe." New York's no-fault scheme requires that Sky Medical litigate in state court the very claims that it wants this Court to consider on a blanket basis in an alternative forum. To the extent that Sky Medical has failed to date to commence state court proceedings concerning any particular insurance claims, those claims are entirely unripe for adjudication. Unless and until the state court determines in a pending litigation that a specific claim was improperly denied as being medically unnecessary or otherwise non-compensable, Sky Medical will not have suffered any damages at all as to that claim. Conversely, should the state court determine that Sky Medical's complaint as to the denial of a particular specific claim is warranted under governing New York standards, then the insurer will be required by New York law to pay that claim, plaintiff will have received the full benefit of all available remedies, and Sky Medical likewise could not conceivably contend that it was "damaged." In other words, in any scenario, there is no, and cannot be any, ripe, actual controversy before this Court on the issues that plaintiff seeks to avoid adjudicating in a state forum.

Moreover, even if there were an "actual controversy", the availability of a state court forum strongly militates against consideration of plaintiff's state law claims under the guise of a "declaratory judgment" claim. The DJA does not bestow any rights upon a litigant; rather, it simply confers discretion upon a court as to whether even to address the matter. Wilton v. Seven Falls Co., 515 U.S. 277, 289-90, 115 S. Ct. 2137 (1995); Wykoff Co., 344 U.S. at 237; Dow Jones & Co., 237 F. Supp. 2d at 405. The Supreme

15

Court has expressly warned that where there are state court proceedings, a federal court's

consideration of a declaratory judgment claim is particularly inappropriate:

> [I]t would be uneconomical as well as vexatious for a federal court
> to proceed in a declaratory judgment suit where another suit is
> pending in a state court presenting the same issues, not governed
> by federal law. . . .  Gratuitous interference with the orderly and
> comprehensive disposition of a state court litigation should be
> avoided.

Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 494, 62 S. Ct. 1173 (1942).

The availability of statutorily mandated remedies also warrants dismissal of a declaratory

judgment claim.  E.g., Kesselman v. The Rawlings Co., LLC, 668 F. Supp. 2d 604

(S.D.N.Y. 2009) (dismissing declaratory judgment claim where plaintiffs failed to

exhaust statutorily required remedies); Clausell v. Turner, 295 F. Supp. 533, 536

(S.D.N.Y. 1969) ("where special statutory proceedings have been provided, declaratory

relief should not be granted").

Here, there are actual state court proceedings pending, and others that Sky

Medical is statutorily obligated to commence, that will resolve the precise issue of

whether the specific medical services that underlie Sky Medical's individual insurance

claims were or were not medically necessary and otherwise compensable under New

York's comprehensive statutory and regulatory no-fault system.  That is the appropriate

forum and mechanism, which Sky Medical vainly seeks to circumvent, for resolution of

the issues that plaintiff vexatiously and otherwise improperly seeks to place before this

Court.  See M.V.B. Collision, Inc. v. Allstate Insurance Co., 2007 WL 2288046

(E.D.N.Y. 2007) (dismissing declaratory judgment claim in dispute over insurance

practices because suit did not present "actual controversy" ripe for adjudication and, inter

alia, plaintiff's motives were "a race to res judicata" with respect to other lawsuits and

declaratory judgment would "improperly encroach on the domain" of state courts).

POINT IV

PLAINTIFF'S COMMON-LAW FRAUD CLAIM FAILS AS A MATTER OF LAW

Sky Medical's Tenth Cause of Action, which attempts to assert a common-law

fraud claim, is deficient as a matter of law, for several reasons.

> The elements of fraud under New York law are: (1) a
> misrepresentation or a material omission of fact which was false
> and known to be false by defendant; (2) made for the purpose of
> inducing the other party to rely upon it; (3) justifiable reliance of
> the other party on the misrepresentation or material omission, and
> (4) injury.

Premium Mortgage Corp. v. Equifax, Inc., 583 F.3d 103, 108 (2d Cir. 2009) (internal

quotations omitted); State Farm Mutual Automobile Insurance Co. v. Grafman, 655 F.

Supp. 2d 212, 220 (E.D.N.Y. 2009) (same).  Sky Medical does not satisfy this standard.

For instance, plaintiff has failed to demonstrate any reliance by plaintiff on any

supposed misrepresentation by any of the defendants, no less by any of the Nationwide

Defendants.  Sky Medical did not supply any medical equipment, or take any other steps,

in reliance on anything that the Nationwide Defendants did or did not do or say.  Plaintiff

similarly fails to plead any intent by the Nationwide Defendants to deceive Sky Medical

or that Sky Medical rely upon any statement by any of the Nationwide Defendants.

The amended complaint is likewise devoid of any purported statements made by

any of the Nationwide Defendants to Sky Medical, no less any supposed

misrepresentation that any of the Nationwide Defendants made to Sky Medical.  Indeed,

plaintiff has failed to identify any interaction between the Nationwide Defendants and

Sky Medical at all.  As for injury, any injury that plaintiff allegedly suffered was

17

proximately caused by insurers' denial of plaintiff's claims, not by anything that the complaint alleges any of the Nationwide Defendants did or said.

Furthermore, as discussed in Point I, Sky Medical's pleading runs afoul of the fundamental requirement that any claim of fraud must be alleged with particularity.

Also notably, this Court has previously rejected identical fraud claims in McGee v. Allstate, 2011 WL 3497527 (E.D.N.Y. 2011) ("McGee Allstate"), another parallel suit that the same plaintiff who brought the McGee I suit discussed in Point I additionally filed. McGee Allstate dismissed the plaintiff's fraud claim, finding that it fell "well short" of the particularity standard that Rule 9(b) requires, and that, as here:

> The only things that [the allegations and accompanying documentation] establish is that plaintiff sought payment for services that [the insurer] refused. But they are not false statements or misrepresentations on their face and McGee says nothing that explains why they are fraudulent.

Id. at *3.[4]

The Court further concluded that, separate and apart from its failure under Rule 9(b), the plaintiff had:

> fail[ed] to adequately make out a fraud claim under substantive New York law. . . . Inasmuch as McGee's claim is that [the defendant] fraudulently induced him to provide treatment to [the defendant's] EIPs [eligible insured persons] with no intention of providing payment for that medical treatment, his complaint is woefully deficient. . . . McGee, simply, fails to plead any facts showing that [the defendant] made representations to him or to EIPs that were false and relied upon.

Id.

---

[4]  The Court reached the identical conclusion -- that the plaintiff's fraud claim failed to satisfy Rule 9(b) -- in yet another suit that McGee had brought. McGee v. State Farm Mutual Automobile Insurance Co., 2011 WL 5409393 (E.D.N.Y. 2011) ("McGee II").

POINT V

PLAINTIFF'S "UNJUST ENRICHMENT" CLAIM FAILS AS A MATTER OF LAW

The Twelfth Cause of Action, a claim of "unjust enrichment", can be disposed of

easily.  Under New York law, in order to sustain an unjust enrichment claim, "a plaintiff

must be able to prove that performance was rendered for the defendant, resulting in its

unjust enrichment."  Metropolitan Elec. Mfg. Co. v. Herbert Const. Co., Inc., 183 A.D.2d

758, 583 N.Y.S.2d 497, 498 (2d Dept. 1992) (emphasis added).  "It is not enough that the

defendant received a benefit from the activities of the plaintiff; if services were

performed at the behest of someone other than the defendant, the plaintiff must look to

that person for recovery."  Heller v. Kurz, 228 A.D.2d 263, 643 N.Y.S.2d 580 (1st Dept.

1996) (citations omitted); see also, e.g., Vertex Const. Corp. v. T.F.J. Fitness L.L.C.,

2011 WL 5884209 (E.D.N.Y. 2011); Fernbach, LLC v. Capital & Guarantee Inc., 2009

WL 2474691 (S.D.N.Y. 2009); Joan Hansen & Co, Inc. v. Everlast World's Boxing

Headquarters Corp., 296 A.D.2d 103, 744 N.Y.S.2d 384 (1st Dept. 2002); Kagan v. K-Tel

Entertainment, Inc., 172 A.D.2d 375, 568 N.Y.S.2d 756 (1st Dept. 1991).

Sky Medical did not perform any act at all for or at the behest of the Nationwide

Defendants; to the contrary, Sky Medical performed its services at the behest of various

purportedly injured individuals, and submitted its bills for payment by insurance carriers.

Furthermore, as plaintiff admits, it was only the insurance carriers who paid monies, and

any such payments were not even made to any of the Nationwide Defendants.  (Amended

Complaint ¶¶ 12, 72-74, 283, 285).

Additionally, as previously discussed, Sky Medical's suit is at bottom grounded in

contracts, not only contracts between the individuals to whom Sky Medical provided

health care services (be they medically necessary or otherwise) and those individuals' insurance carriers, but also the insurance carriers' contractual agreements with defendant SCS. Where the subject matter of an action is rooted in a contract, a party cannot attempt to obtain recovery under a quasi-contract theory such as unjust enrichment. Clark-Fitzpatrick, Inc. v. Long Island Railroad Co., 70 N.Y.2d 382, 516 N.E.2d 190, 521 N.Y.S.2d 653 (1987); see also, e.g., Osan Limited v. Accenture LLP, 454 F. Supp. 2d 46 (E.D.N.Y. 2006) (dismissing unjust enrichment claim); Minuteman Press International v. Matthews, 232 F. Supp. 2d 11, 17 (E.D.N.Y. 2002) (same); Morales v. Grand Cru Associates, 305 A.D.2d 647, 759 N.Y.S.2d 890 (2d Dept. 2003) (upholding dismissal of unjust enrichment claim); Golub Associates, Inc. v. Lincolnshire Management, Inc., 1 A.D.3d 237, 767 N.Y.S.2d 571 (1st Dept. 2003) (claim predicated upon unjust enrichment not cognizable where parties' rights and obligations are governed by contract). This "well-settled rule" equally "applies to claims against third party non-signatories to the contract [such as the Nationwide Defendants are here]." Vertex Const. Corp., 2011 WL 5884209 at *4 (citing Network Enters. Inc. v. Reality Racing, Inc., 2010 WL 3529237, *7 (S.D.N.Y. 2010) ("Today, 'the existence of a valid and binding contract governing the subject matter at issue in a particular case does act to preclude a claim for unjust enrichment even against a third-party non-signatory to the agreement'"); citations omitted; emphasis in original)).

POINT VI

PLAINTIFF'S THIRTEENTH CAUSE OF ACTION FAILS AS A MATTER OF LAW

Plaintiff's Thirteenth Cause of Action -- which attempts to invoke the doctrine of "tortious inference" -- is likewise legally deficient, for multiple reasons. To begin with,

20

two fundamental elements of any claim of tortious interference with contract are that there must have been an actual breach of a contract and damages resulting from such a breach. E.g., Conte v. County of Nassau, 2013 WL 3878738, *19 (E.D.N.Y. 2013); IMR Associates, Inc. v. C.E. Cabinets, Ltd., 2007 WL 1395547, *7 (E.D.N.Y. 2007). Both of these elements are lacking here. The mere fact that an insurance carrier may have issued a "denial" of a specific insurance claim on lack of medical necessity or other grounds does not constitute a "breach" of the underlying insurance contract, but rather merely a determination that, under New York's regulatory no-fault scheme, can be challenged through proceedings in a state court. N.Y. Ins. Law § 5106; 11 NYCRR 65; see also Sukup v. State, 19 N.Y.2d 519, 521, 227 N.E.2d 842, 843, 281 N.Y.S.2d 28, 30 (1967) ("It is not a breach of contract per se for a carrier to deny that its policy covers a particular event"; denial simply means coverage issue is to be resolved in appropriate forum established by governing statute); Romanello v. Intesa Sanpaolo, S.p.A., 97 A.D.3d 449, 949 N.Y.S.2d 345 (1st Dept. 2012) (insurer's denial of claim does not constitute breach of contract unless lacking in good faith; tortious interference with contract claim therefore dismissed).

Moreover, as discussed in Point II, supra, unless and until it is determined in such state proceedings that a specific insurance claim was improperly denied, plaintiff will not have suffered any damages at all as to that claim; conversely, if such proceedings result in a finding that the insurance company should have paid the particular claim, then the insurer must do so and plaintiff likewise will have suffered no "damages."

Furthermore, even if the denial of a claim were a "breach", plaintiff's tortious interference cause of action still would not be legally viable. Defendants' alleged actions

21

were undertaken on behalf and as agents of the insurance companies, i.e., the insurance

companies "outsourced" the handling of the claims to defendants.  A party that handles

claims on behalf of insurers cannot be held liable for tortious interference with the

underlying contracts between the insurers and their insureds premised upon the manner in

which that party handled the claims.  Automatic Findings, Inc. v. Miller, 232 A.D.2d 245,

648 N.Y.S.2d 90 (1st Dept. 1996) (persons hired by insurer to investigate claim for

coverage were agents of insurer and could not be held liable for alleged tortious

interference in suit seeking damages as result of insurer's decision to deny claim).

Additionally, as with plaintiff's RICO causes of action, Sky Medical's tortious

interference claim is largely time-barred.  Tortious interference claims are governed by a

three-year statute of limitations, N.Y. Civ. Prac. L. & R. § 214(4); Conte v. County of

Nassau, 2010 WL 3924677, *34 (E.D.N.Y. 2010), which, as explained in connection with

the RICO claims, began running when plaintiff received the denial forms.  See also, e.g.,

Conte, 2013 WL 3878738 at *21 (noting that tortious interference with contract is not a

continuing tort and rejecting tolling of limitations period where plaintiff was well aware

of alleged injuries).  The vast majority of the specific insurance claims that plaintiff has

identified pre-date the December 27, 2009 bar date.  (Amended Complaint, Exhibits 1, 6).

## POINT VII

### THE NATIONWIDE DEFENDANTS' ALLEGED "OWNERSHIP" OF PATIENT FOCUS DOES NOT SUBJECT THEM TO LIABILITY

The crux of plaintiff's claims against the Nationwide Defendants is that they are

the purported "true owners" of Patient Focus, a company that plaintiff alleges engaged in

actions that were detrimental to plaintiff.  It is a fundamental legal tenet, however, that

ownership of a corporate entity does not ordinarily subject one to liability for the

22

corporation's acts, and plaintiff has neither asserted that Patient Focus's corporate veil

should be pierced for any reason nor alleged facts even remotely sufficient to support any

such contention.  See, e.g., Murray v. Miner, 74 F.3d 402 (2d Cir. 1996) (corporate veil

may be pierced only in "extraordinary circumstances"); Panam Management Group, Inc.

v. Pena, 2011 WL 3423338 (E.D.N.Y. 2011) (corporate veil can only be pierced where,

inter alia, there is "complete dominion", listing factors, holding corporate veil could not

be pierced, and granting motion to dismiss).  For this reason too, plaintiff's claims against

the Nationwide Defendants fail as a matter of law and must be dismissed.[5]

POINT VIII

PLAINTIFF HAS ADMITTED THAT THERE IS NO
SUPPORT FOR ITS CLAIM AGAINST ALEX VAYNER

The complaint's sole allegation against Alex Vayner is that he is purportedly an

"owner" of defendant BAB Management, Inc. ("BAB") and as such one of the "true

owners" of Patient Focus. (Amended Complaint ¶¶ 15, 25, 80; RICO Case Statement

¶ 2(10)).  Counsel for Sky Medical, however, has admitted, in writing, that he is fully

aware that Vayner is not an owner of BAB, and has not had any ownership interest in, or

other involvement with, BAB since March 2007, i.e., a date substantially outside the

---

[5]  Plaintiff's allegations attempting to impugn the Nationwide Defendants (and Patent Focus) by referring to Patient Focus as a "Mallela corporation" (Amended Complaint ¶¶ 13, 102-07) have absolutely no pertinence to the issues that the instant case presents. State Farm Mutual Automobile Insurance Co. v. Mallela, 4 N.Y.3d 313, 827 N.E.2d 758, 794 N.Y.S.2d 700 (2005), simply ruled that, under a state regulation, insurance carriers may withhold payment of claims submitted by companies that are not owned by licensed physicians, even when it was unquestioned that necessary and proper medical care had been provided.  Mallela -- and such irrelevancies as Patient Focus's alleged structure and ownership or purported real estate transactions involving Nationwide Management -- have no bearing whatsoever on this litigation: No insurance company is even a party to this suit, and it is claims submitted to insurers by Sky Medical, not Patient Focus, or any of the Nationwide Defendants, that is the subject matter of this action.  Additionally, as highlighted above, none of the alleged activities in purported violation of Mallela caused any injury to Sky Medical, were relied upon by Sky Medical, or had any causal link at all to any supposed harm to Sky Medical.

limitations period that governs this suit.  (Douglas Aff't, Exhibit C; <u>see also</u> RICO Case Statement ¶ 2(4)).  Thus, plaintiff's allegations against Vayner are less than even the conjecture and speculation that the Supreme Court declared insufficient.  Rather, they are entirely implausible and unwarranted because concededly without any factual foundation whatsoever, and must therefore be dismissed.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007); <u>First Nationwide Bank v. Gelt Funding Corp.</u>, 27 F.3d 763, 771 (2d Cir. 1994), <u>cert. denied</u>, 513 U.S. 1079, 115 S. Ct. 728 (1995).

CONCLUSION

For the foregoing reasons, the Court should dismiss this action in its entirety as against each of the Nationwide Defendants.

Dated:  New York, New York
        October 23, 2013

GALLET DREYER & BERKEY, LLP

By: _____
    David S. Douglas (DD-6250)

845 Third Avenue, 8th Floor
New York, New York 10022
(212) 935-3131

Attorneys for Defendants
Nationwide Management Inc.,
Benjamin Osiashvili, Mikael
Osiashvili, Svetlana Osiashvili,
and Alex Vayner

00440224.DOCX.3