UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

SKY MEDICAL SUPPLY INC.,                              12 Civ. 06383 (JFB)(ETB)

                              Plaintiff,

- against -

SCS SUPPORT CLAIMS SERVICES, INC., et al.,

                              Defendants.

------------------------------------------------------------------------ X


**MEMORANDUM OF LAW OF DEFENDANTS WAYNE
KERNESS, M.D. AND DAMION A. MARTINS, M.D. IN
SUPPORT OF THEIR MOTION TO DISMISS THE
FIRST AMENDED COMPLAINT**



*Attorney for Defendants Kerness and Martins*
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556
(516) 663-6600

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

ALLEGATIONS OF THE COMPLAINT AS RELATING TO
KERNESS AND MARTINS .................................................................................................. 2

ARGUMENT ........................................................................................................................... 3

    I.    THE FIRST AMENDED COMPLAINT DOES NOT ALLEGE A
        PLAUSIBLE CLAIM AGAINST KERNESS AND MARTINS ......................... 3

    II.   THE AMENDED COMPLAINT DOES NOT CONTAIN
        ALLEGATIONS AGAINST KERNESS OR MARTINS TO
        SATISFY THE PLEADING REQUIREMENTS FOR A CLAIM
        UNDER 18 U.S.C. §1962(C) ................................................................................ 4

    III.  THE FIRST AMENDED COMPLAINT DOES NOT ALLEGE
        ANY FACT DEMONSTRATING THAT KERNESS OR
        MARTINS CONSPIRED TO PARTICIPATE IN A RICO
        ENTERPRISE IN VIOLATION OF 18 U.S.C. §1962(D) .................................. 7

    IV.  THE FIRST AMENDED COMPLAINT FAILS TO ALLEGE
        FACTS SUPPORTING ANY STATE TORT CLAIM ....................................... 9

    V.   THE TORTIOUS INTERFERENCE AND RICO CLAIMS
        AGAINST KERNESS AND MARTINS ARE TIME BARRED ...................... 10

CONCLUSION ..................................................................................................................... 11

580743\1

## TABLE OF AUTHORITIES

**CASES**                                                                                                                   **PAGE**

*Abrahams v. Young & Rubicam Inc.*
79 F.3d 234 (2d Cir.), *cert. den.*, 519 U.S. 816 (1996).................................................................5

*American Dental Ass'n v. Cigna Corp.*
605 F.3d 1283 (11th Cir. 2010) ......................................................................................................5

*Anatian v. Coutts Bank (Switzerland) Ltd.*
193 F.3d 85 (2d Cir. 1999) *cert. den.*, 528 U.S. 1188 (2000)........................................................4

*Ashcroft v. Iqbal*
556 U.S. 662, 129 S.Ct. 1937 (2009).............................................................................................3

*Atlantic Gypsum Co., Inc. v. Lloyds Int'l Corp.*
753 F. Supp 505 (S.D.N.Y. 1990) .................................................................................................4

*Bell Atlantic v. Twombly*
550 U.S. 544 (2007).......................................................................................................................3

*Cement and Concrete Workers District Council Welfare Fund,*
*Pension Fund, Legal Services Fund and Annuity Fund v. Lollo*
148 F.3d 194 (2d Cir. 1998)..................................................................................................... 9-10

*Chung v. Wang*
79 A.D.3d 693 (2d Dep't 2010) ...................................................................................................10

*FD Property Holding, Inc. v. U.S. Traffic Corp.*
206 F. Supp.2d 362 (E.D.N.Y. 2002) .......................................................................................6, 7

*Federal Treasury Enterprise Sojuzplodoimport v. Spirits International N.V.*
400 Fed. Appx. 611 (2d Cir. 2010), *aff'd.*, 726 F.3d 62 (2d Cir. 2013) .......................................9

*Foster v. Churchill*
87 N.Y.2d 744 (1996) ....................................................................................................................9

*Fromowitz v. W. Park Associates, Inc.*
106 A.D.3d 950 (2d Dep't 2013)...................................................................................................9

*GICC Capital Corp. v. Technology Finance Group, Inc.*
67 F.3d 463 (2d Cir. 1995), *cert. den.*, 518 U.S. 1017 (1996).....................................................6

*Holmes v. Securities Investor Protection Corp.*
503 U.S. 258 (1992)..................................................................................................6

*Holtkamp v. Parklex Associates*
30 Misc.3d 1226(A) (Sup. Ct. Kings Co. 2011), *aff'd*,
94 A.D.3d 819 (2d Dep't.), *lv. to app. den.*, 19 N.Y.3d 951 (2012)..........................10

*In re Ciprofloxacin Hydrochloride Antitrust Litigation*
261 F. Supp.2d 188 (E.D.N.Y. 2003) .......................................................................11

*Int'l Brotherhood of Teamsters v. Carey*
297 F. Supp.2d 706 (S.D.N.Y. 2004), *aff'd sub nom.*,
*Int'l Brotherhood of Teamsters v. Blitz*
2005 WL 348378 (2d Cir. Feb 11, 2005)....................................................................6

*Koch v. Christie's International PLC*
699 F.3d 141 (2d Cir. 2012).....................................................................................10

*Lundy v. Catholic Health System of Long Island Inc.*
711 F.3d 106 (2d Cir. 2013).......................................................................................5

*Nakamura v. Fujii*
253 A.D.2d 387, 677 N.Y.S.2d 113 (1st Dep't 1998) ................................................9

*O'Malley v. New York City Transit Authority*
896 F.2d 704 (2d Cir. 1990).......................................................................................5

*Pieper v. Benerin*
LLC, 2013 WL 4506164 (E.D.N.Y. Aug. 22, 2013)...................................................7

*Reves v. Ernst & Young*
113 S.Ct. 1163 (1993).................................................................................................5

*Securities Investors Protection Corp. v. BDO Seidman, L.L.P.*
95 N.Y.2d 702 (2001) ..............................................................................................10

*Spool v. World Child Int'l Adoption Agency*
520 F.3d 178 (2d. Cir. 2008)...................................................................................4, 7

*Vaughn v. Air Line Pilots Ass'n Int'l*
395 B.R. 520 (E.D.N.Y. 2008), *aff'd*, 604 F.3d 703 (2d Cir. 2010)..........................4

## STATUTES

18 U.S.C. §1962(c) ..................................................................................................4, 5, 7

18 U.S.C. §1962(d) ........................................................................................................7, 8

Federal Rules of Civil Procedure §9(b) ............................................................................4

Federal Rules of Civil Procedure §12(b)(6).......................................................................3

Racketeer Influenced and Corrupt Organizations Act ("RICO") ................................... *passim*

580784\1

Case 2:12-cv-06383-PKC-SIL   Document 257   Filed 10/23/13   Page 5 of 16 PageID #: 4343

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

SKY MEDICAL SUPPLY INC.,                       12 Civ. 06383 (JFB)(ETB)

                      Plaintiff,

          - against -

SCS SUPPORT CLAIMS SERVICES, INC., et al.,

                      Defendants.

------------------------------------------------------------------ X

## MEMORANDUM OF LAW OF DEFENDANTS WAYNE KERNESS, M.D. AND DAMION A. MARTINS, M.D. IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

### Preliminary Statement

Plaintiff, Sky Medical Supply Inc. ("Sky Medical"), commenced this action alleging that defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and committed various state torts by providing independent medical examinations and peer reviews to insurance carriers that were not based on actual physical examinations or a review of the patient records, and were created solely for the purpose of providing the insurance carriers with a basis to deny the claims for services or equipment supplied Sky Medical and other providers. However, with regard to defendant Wayne Kerness, M.D. ("Kerness"), there is not one specific reference to him within the body of the First Amended Complaint, and there is only one report purportedly authored by him identified in the schedule attached as Exhibit 1 to the First Amended Complaint. Similarly, there is only one reference to defendant Damion A. Martins, M.D. ("Martins") in the First Amended Complaint regarding an arbitration determination which

rejected his findings with regard to a single peer review, and there are references to five (5) reports authored by Martins in Exhibit 1.

As explained below, there are no allegations that either Kerness or Martins participated in any purported RICO enterprise, and there are no allegations concerning Kerness or Martins that would satisfy such pleading requirements for a RICO claim as RICO damages or a pattern of racketeering activity. Also, there no specific allegations with regard to Kerness and Martins involvement in any conspiracy such as their attending meetings, or other acts demonstrating their entering into an agreement. Accordingly, in addition to the reasons set forth in the motions being served by SCS Support Claims Services, Inc. and the other defendants which demonstrate that the First Amended Complaint fails to state a cause of action generally, the First Amended Complaint fails to allege any specific conduct on behalf of Kerness or Martins which would support the RICO and state tort claims asserted against them. As a result, this action should be dismissed as against Kerness and Martins.

### Allegations of the Complaint as Relating to Kerness and Martins

Kerness is not mentioned in the body of the First Amended Complaint. In fact, when they list the defendants against which the applicable counts for the RICO claims are asserted, Kerness is not even named. The only reference to Kerness is in Exhibit 1 attached to the Complaint with regard to one independent medical examination that he did in 2008. Plaintiff's Exhibit 1 does not even set forth whether the report was mailed, but states the claim was denied on August 4, 2008.

As regarding Martins, the only factual allegations are contained in paragraph 94 of the Complaint which states:

> 94. In addition to the above, various finders of fact have also noted another aspect of the reports that supports Plaintiff's contentions.

Namely, that the so-called analysis utilized by specific Doctor Defendants to reach the desired result of finding a lack of medical necessity for the services in dispute never varies in any meaningful way, regardless of the merits of the claims and medical conditions of the injured parties whose records are allegedly reviewed. For instance:

\* \* \*

b. With respect to Doctor Defendant D. MARTINS, in a no-fault action wherein the health provider's bill was denied based on peer review reports issued by the aforementioned Defendants, the presiding Arbitrator issued a decision stating the following:

"In my opinion, Dr. Martins' peer review was structured to a pre-determined result. Dr. Martins dismissed the findings of the cervical MRI and his dismissal has not been corroborated by presentation of the cervical MRI report referred to in his review Dr. Martins' did not engage in a precise factual analysis of the relevant medical facts concerning this particular injured person. Instead his opinion is based on a series of general statements concerning the alleged utility (or lack thereof) of the durable medical equipment."

And, while Exhibit 1 references five (5) reports authored by Martins, plaintiff also acknowledged that they were mailed by GEICO, and the last one was sent on April 18, 2008.

## ARGUMENT

### POINT I

### THE FIRST AMENDED COMPLAINT DOES NOT ALLEGE A PLAUSIBLE CLAIM AGAINST KERNESS AND MARTINS

In *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), the Supreme Court instructed that a complaint should be dismissed upon a Rule 12(b)(6) motion if it contains only conclusory allegations and does not set forth factual assertions demonstrating that a plausible claim exists. Here, the First Amended Complaint, which names a multitude of defendants, contains no allegations whatsoever against Kerness, and only one subparagraph mentions Martins. As explained below, there are simply no specific

factual allegations that either of these defendants engaged in, or conspired to engage in, racketeering activity, or committed any state law tort. The conclusory allegations made by plaintiff regarding defendants, generally, are simply not enough to state a plausible RICO claim so as to drag these two individuals into this action and subject them to the stigma of being part of a RICO action. Accordingly, at minimum the First Amended Complaint should be dismissed as against Kerness and Martins.

## POINT II

### THE AMENDED COMPLAINT DOES NOT CONTAIN ALLEGATIONS AGAINST KERNESS OR MARTINS TO SATISFY THE PLEADING REQUIREMENTS FOR A CLAIM UNDER 18 U.S.C. §1962(C)

In order to state a claim against either Kerness or Martins under 18 U.S.C. §1962(c), plaintiffs must allege that Kerness and Martins engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Vaughn v. Air Line Pilots Ass'n Int'l*, 395 B.R. 520, 544 (E.D.N.Y. 2008), *aff'd.*, 604 F.3d 703 (2d Cir. 2010). In addition, plaintiff must allege that the violation of subsection 1962(c) caused injury to plaintiffs' business or property, and that the injury was caused by the RICO violation. *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008). The First Amended Complaint does not come close to alleging a claim under 18 U.S.C. §1962(c) against either Kerness or Martins.

The First Amended Complaint does not sufficiently allege that Kerness or Martins engaged in the predicate act of mail fraud. To state a claim for mail or wire fraud, a plaintiff must allege the elements with the particularity required by Fed.R.Civ.P.9(b). *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999) *cert. den.*, 528 U.S. 1188 (2000); *Atlantic Gypsum Co., Inc. v. Lloyds Int'l Corp.*, 753 F. Supp 505, 511 (S.D.N.Y. 1990). The complaint must set forth the precise misrepresentation; the time, place and person responsible;

how the plaintiff was misled, and what defendant gained. *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). In addition, a showing of actual intent or reckless indifference to the truth is required. *O'Malley v. New York City Transit Authority*, 896 F.2d 704, 706 (2d Cir. 1990).

Here, with regard to Kerness, there is not even an allegation that the one report referenced in Exhibit 1 that was purportedly authored by him was ever mailed. With regard to Martins, there are no allegations he mailed any of the reports he purportedly authored, nor are there any allegations that he knew these reports were to be mailed. Also, there is no allegation that any report misled plaintiff, and the reports were not prepared on plaintiff's behalf. *See e.g. Abrahams v. Young & Rubicam Inc.*, 79 F.3d 234, 239 (2d Cir.), *cert. den.*, 519 U.S. 816 (1996). Also, there is nothing alleged as to what Kerness and Martins gained for preparing purportedly false reports.

Clearly, as to Kerness and Martins, a mail fraud predicate act has not been specifically alleged as required. *See also Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013). And, since no other predicate act is referenced in the First Amended Complaint as regarding Kerness and Martins, a claim under 18 U.S.C. §1962(c) cannot be maintained against these individuals.

Further, the First Amended Complaint does not assert how Kerness or Martins participated in a RICO enterprise. Kerness and Martins only provided a service, and there are no allegations that they had any say over any alleged enterprise operation, or control over what the alleged enterprise did. *See Reves v. Ernst & Young*, 113 S.Ct. 1163, 1170 (1993) (in order to participate in a RICO enterprise the defendant must play "some part in directing the enterprise's affairs").

Similarly, there are no allegations of any injury caused by Kerness' or Martins' activities. Although there are allegations that claims were denied after the reports prepared by Kerness and Martins, there are no allegations whether there were resulting arbitrations and what were the results of those arbitrations. In fact, the only allegation in the First Amended Complaint regarding Martins indicates that at an arbitration his report was rejected. *See e.g. Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992) (to state a claim under any RICO subsection, plaintiff must allege injuries proximately caused by defendant's alleged racketeering activities).

Also, the First Amended Complaint is devoid of any allegation that Kerness and Martins engaged in a "pattern" of racketeering activity. In order to show a pattern of racketeering activity plaintiff must allege that Kerness and Martins each engaged in two predicate acts within ten years. In addition, plaintiff must allege that there is "continuity" in the racketeering activity engaged by Kerness and Martins, either "open ended" (past criminal conduct coupled with a threat of future criminal conduct) or "close ended" (past criminal conduct extending over a substantial period of time). *See e.g. GICC Capital Corp. v. Technology Finance Group, Inc.*, 67 F.3d 463, 465 (2d Cir. 1995), *cert. den.*, 518 U.S. 1017 (1996); *Int'l Brotherhood of Teamsters v. Carey*, 297 F. Supp.2d 706 (S.D.N.Y. 2004), *aff'd sub nom.*, *Int'l Brotherhood of Teamsters v. Blitz*, 2005 WL 348378 (2d Cir. Feb 11, 2005).

With regard to Kerness, only one report purportedly authored by Kerness is identified. Thus, that Kerness engaged in a "pattern" of activity has clearly not been alleged. *See FD Property Holding, Inc. v. U.S. Traffic Corp.*, 206 F. Supp.2d 362, 369 (E.D.N.Y. 2002) (to allege a pattern at least two predicate acts must be alleged). As regarding Martins, only a handful of reports allegedly authored by Martins are set forth, but they were all done in less than one year,

and there are no allegations that Martins is continuing to provide peer reviews or IMEs for the other defendants. Accordingly, for Martins, the continuity requirement necessary to satisfy the "pattern" element of a RICO claim is not present. *Spool v. World Child Int'l Adoption Agency*, *supra*, 520 F.3d at 184 (2d Cir. 2008) (acts occurring for less than two years will rarely meet the close-end continuity requirement).

Finally, as to the claims against Kerness and Martins under subsection (c), they cannot be supported by allegations regarding the acts of other defendants. *See Pieper v. Benerin, LLC*, 2013 WL 4506164*6 (E.D.N.Y. Aug. 22, 2013) (A §1962[c] claim should be considered separately for each defendant). Only a claim of conspiracy under subsection (d) would possibly allow the acts of others to be attributed to Kerness and Martins. However, as set forth in Point IV below, a claim that Kerness and Martins conspired with the other defendants is not adequately set forth in the First Amended Complaint.

## POINT III

### THE FIRST AMENDED COMPLAINT DOES NOT ALLEGE ANY FACT DEMONSTRATING THAT KERNESS OR MARTINS CONSPIRED TO PARTICIPATE IN A RICO ENTERPRISE IN VIOLATION OF 18 U.S.C. §1962(D)

To state a cause of action under 18 U.S.C. §1962(d) plaintiff must allege that Kerness and Martins conspired to violate §1962(c). As the Court, in *FD Property Holding, Inc. v. U.S. Traffic Corp.*, 206 F. Supp.2d 362, 373-374 (E.D.N.Y. 2002) noted:

> Section 1962(d) makes it unlawful "to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 28 U.S.C. §1962(d). A "RICO conspiracy requires evidence that [a defendant] participated in the enterprise through a pattern of racketeering activity, or agreed to do so." *United States v. Tellier*, 83 F.3d 578, 581 (2d Cir. 1996). Because the RICO conspiracy claim is dependent upon the Section 1962(c) RICO claim, dismissal of that claim mandates the dismissal of the RICO conspiracy claim. *See Purgess v. Sharrock*, 806 F. Supp. 1102,

> 1110 n. 9 (S.D.N.Y. 1992) (dismissal of the underlying RICO claim for failure to allege a pattern of racketeering activity mandates dismissal of the RICO conspiracy claim); *Farberware, Inc. v. Groben*, 764 F. Supp. 296, 307 (S.D.N.Y. 1991) (dismissal of the underlying RICO claim requires dismissal of the RICO conspiracy claim).
>
> **Moreover, the Court notes that "a RICO conspiracy allegation should be more than a conclusory add-on at the end of a complaint. It should state with specificity what the agreement was, who entered into the agreement, when the agreement commenced, and what actions were taken in furtherance of it."** 1 Mathews *et.al.*, supra, §9.07; *see Com-Tech Assocs. v. Computer Assocs. Int'l*, 753 F. Supp. 1078, 1092 (E.D.N.Y. 1990) ("Bare or conclusory allegations of participation in a conspiracy under 1962(d) will not avail on a motion to dismiss, and the plaintiff must plead allegations that each defendant knowingly agreed to participate in the conspiracy, particularly when the predicate acts alleged are fraud."); *Grunwald v. Bornfreund*, 668 F. Supp. 128, 133 (E.D.N.Y. 1987) ("bare allegations of conspiracy … are insufficient to support a civil RICO claim"). Plaintiffs' conspiracy claim states: "Each of these defendants agreed to commit each of the two or more predicate acts in which they were directly involved, as set forth in detail above." (Am.Compl. ¶ 84.). Plaintiffs' allegation of an agreement without more is inadequate to state a claim for RICO conspiracy.
>
> As aptly stated in *Mathon*: **"[A]lleged RICO violations must be reviewed with appreciation of the extreme sanctions it provides, so that actions traditionally brought in state courts do not gain access to treble damages and attorneys fees in federal court simply because they are cast in terms of RICO violations."** *Mathon*, 875 F. Supp. at 1001. Simply put, this case is a breach of contract case, not a RICO case, and plaintiffs' attempt to cast it as such must be rejected. (emphasis supplied)

The First Amended Complaint is absolutely silent as to any specific facts that would demonstrate that either Kerness or Martins entered into a conspiracy with the other defendants. There is not a single allegation that they attended any meetings, entered into any agreement, or interacted with the other defendants. Accordingly, the First Amended Complaint fails to state a claim against Kerness and Martins under 18 U.S.C. §1962(d).

## POINT IV

## THE FIRST AMENDED COMPLAINT FAILS TO ALLEGE
## FACTS SUPPORTING ANY STATE TORT CLAIM

In order to allege a cause of action for tortious interference, plaintiff must allege the (1) existence of a valid contract between plaintiff and a third party, (2) defendant's knowledge of that contract, (3) the defendant's intentional procurement of the third party's breach of that contract, and (4) damages. *Foster v. Churchill*, 87 N.Y.2d 744, 749-500 (1996). None of these elements are alleged against either Kerness or Martins in the First Amended Complaint. For example, there are no allegations that either of these individuals knew of any contracts that Sky Medical had with third parties, nor that Kerness and Martins intentionally sought to cause a breach of any agreement. Accordingly, the tortious interference claim should be dismissed.

For a claim of unjust enrichment a plaintiff must allege that the plaintiff conferred a benefit upon the defendants, and that defendants will obtain such benefit without adequately compensating plaintiff. *Nakamura v. Fujii*, 253 A.D.2d 387, 677 N.Y.S.2d 113 (1st Dep't 1998). Here, there are no allegations that plaintiffs provided a benefit to Kerness and Martins, so no claim of unjust enrichment has been stated against these defendants.

To allege state law fraud, the complaint must contain specific allegations of a material misrepresentation of existing fact, made with knowledge of falsity, intent to induce reliance thereon, justifiable reliance upon misrepresentations and damages. *Fromowitz v. W. Park Associates, Inc.*, 106 A.D.3d 950 (2d Dep't 2013). Further, the misrepresentation has to be made to the party claiming it was defrauded. *Federal Treasury Enterprise Sojuzplodoimport v. Spirits International N.V.*, 400 Fed. Appx. 611, 613 (2d Cir. 2010), *aff'd.*, 726 F.3d 62 (2d Cir. 2013) (New York law does "not permit a fraud action based on misrepresentations to a third party"); *see also Cement and Concrete Workers District Council Welfare Fund, Pension Fund, Legal*

*Services Fund and Annuity Fund v. Lollo*, 148 F.3d 194, 196 (2d Cir. 1998). And, in any case, there are no specific allegations that anyone relied upon the reports of Kerness or Martins (*Securities Investors Protection Corp. v. BDO Seidman, L.L.P.*, 95 N.Y.2d 702 [2001]), or there was any ultimate damages suffered by Sky Medical. Since, as set forth above, the elements of a fraud claim such as intent, justifiable reliance and damages are not plead with regard to Kerness and Martins the state court fraud claim should be dismissed as against these individuals.

Finally, in order to assert a cause of action for aiding and abetting fraud a complaint must allege the existence of an underlying fraud, knowledge of the fraud, and substantial assistance by the aider and abettor in achieving of the fraud. *Holtkamp v. Parklex Associates*, 30 Misc.3d 1226(A) (Sup. Ct. Kings Co. 2011), *aff'd*, 94 A.D.3d 819 (2d Dep't.), *lv. to app. den.*, 19 N.Y.3d 951 (2012). Here, no underlying fraud has been properly pled, nor are there any allegations that Kerness and Martins knew about any fraud or assisted the other defendants in perpetrating a fraud.

**POINT V**

**THE TORTIOUS INTERFERENCE AND RICO
CLAIMS AGAINST KERNESS AND MARTINS ARE
TIME BARRED**

The last report that Kerness allegedly prepared had to be prior to August 4, 2008. The last report that Martins prepared was mailed on April 18, 2008. Accordingly, since this action was commenced on December 23, 2012, the RICO claims against Kerness and Martins are barred by the applicable four year statute of limitations. *Koch v. Christie's International PLC*, 699 F.3d 141, 148 (2d Cir. 2012). Similarly, the tortious interference state law claim is barred by the applicable three year limitation period. *Chung v. Wang*, 79 A.D.3d 693 (2d Dep't 2010). Accordingly, the RICO and tortious interference claims asserted against Kerness and Martins

should be dismissed as untimely. *See In re Ciprofloxacin Hydrochloride Antitrust Litigation*, 261 F. Supp.2d 188 (E.D.N.Y. 2003) ("[a] complaint alleging relief that is barred by an affirmative defense, like the statute of limitations, can be dismissed for failure to state a claim upon which relief can be granted").

## Conclusion

In addition to the reasons set forth in the submissions of the other defendants with regard to sufficiency of the First Amended Complaint, this action should be dismissed as against Kerness and Martins for the reasons set forth above.

Dated: Uniondale, New York
October 22, 2013

                                                  RUSKIN MOSCOU FALTISCHEK, P.C.

                                                  By: _____
                                                      E. Christopher Murray
                                                      *Attorney for Defendants Kerness & Martins*
                                                      East Tower, 15th Floor
                                                      1425 RXR Plaza
                                                      Uniondale, New York 11556
                                                      (516) 663-6600

580334\1