Glenn Michael Jones (GMJ 6636)
Offit Kurman P.A.
4800 Montgomery Lane, 9th Floor
Bethesda Md., 20814
(240) 507-1779
Attorney for Defendants
Patent Focus Medical Examinations P.C.
Dr. Tatianya Sharahy M.D.
and Evgeniya Vakhidova

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Sky Medical Supply, Inc.                    Docket No. **12-CV-6383 (JFB) (AKT)**

    Plaintiff,

    v.

SCS Support Claims Services, Inc., et al.,

    Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' TATIANA SHARAHY, M.D. PATIENT FOCUS MEDICAL EXAMINATIONS P.C., AND EVGENIYA VAKHIDOVA MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

    Offit Kurman, P.A.
    4800 Montgomery Lane, 9th Floor
    Bethesda, MD 20814
    240-507-1779

    Attorneys for Defendants
    Patent Focus Medical Examinations P.C.
    Dr. Tatianya Sharahy M.D.
    and Evgeniya Vakhidova

1

## **TABLE OF CONTENTS**

                                                                                    **PAGE**

PRELIMINARY STATEMENT …………………………………    3
ARGUMENT………………………………………………………    4
CONCLUSION…………………………………………………….   10

## **TABLE OF AUTHORITIES**

                                          **PAGE**

Bank v. Brooklyn Law School 2000 U.S. Dist. Lexis 16180 at 14
  (E.D. N.Y 2000) ……………………………………………………………….   6

Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S. CT. 1955
  1974, 176 L.E.D. 2d 929 (2007)……………………………………………   4

Cofacredit, S.A., v. Windsor Plumbing Supply Co., Inc.,
  187 F. 3d 229, 242, (2d Cir. 1999) quoting Azrielli v. Cohen Law Offices
  21 F.3d 512, 520 (2d Cir. 1994) ……………………………………………..   5

E.G., Com-Tech Associates v. Computer Associates International, Inc.,
  753 Supp. 1078, 1092 (E. D. N.Y. 1990) ……………………………………..   8

FD Property Holding, Inv. V. U.S. Traffic Corp., 206 F. Supp 2 362, 373
  (E.D. n.Y. 2002) ……………………………………………………………..   8

First Capital Asset Mgmt, Inc. v. Saintwood, Inc. 385 F.3d 159,
  174-75 (2d cir. 2004) …………………………………………………………   5

First Capital Asset Management, 385 F.3d at 182-83 (2d Cir. 2004) ……………………   8

First Capital Asset Management, 385 F.3d at 182-83 (2d Cir. 2004) ……………………   10

First Nationwide Bank v. Gelt Funding, 27 F.3d 763, 769 (2d Cir. N.Y. 1994) ………...   8

Hosp. for Joint Diseases v. Allstate Ins. Co., 5 A.D. 3d 441, 442, 773
  N.Y.S. 2d 427, 428-29 (2d Dep't 2004) …………………………………………   9

Lundy v. Catholic Health Systems of L.I. Inc., 711 F.3d 106, 119
  2d Cir. 2013) ………………………………………………………………….   4

U.S. v. Turkette, 452 U.S. 576, 583, 101 S. Ct. 2543, 2528, 69 L.ED
  2d 246, 254 (1981) …………………………………………………………..   6

Wood v. General Motors Corporation et al., 2010 U.S. Dist. Lexis
  96157 at 14-15 ……………………………………………………………..   5

## **PRELIMINARY STATEMENT**

Plaintiff, Sky Medical Supply Inc. ("Sky Medical") is a medical supply company that receives the assignment of benefits from patients with no-fault insurance claims in New York State. The insurance carriers can accept or deny the claims and Sky Medical can appeal the denial of those claims through the regulatory regime set forth under New York State's no-fault insurance laws. Instead of taking advantage of this process, Sky Medical has commenced this action against the defendants alleging that they violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and various state claims. Sky Medical alleges that the defendants engaged in a scheme to provide peer reviews and independent medical examinations that were not based on actual exams or the review of patient records, but were created for the purpose of denying the claims.

In its First Amended Complaint, Sky Medical only identifies defendant Evgeniya Vakhidova ("Ms. Vakhidova") as a party to this action and makes no other allegation or reference to her in the Complaint. With regards to Ms. Vakhidova, defendant Patient Focus Medical Examinations, P.C. d/b/a All Borough Medical PC ("Patient Focus") and defendant Tatiana Sharahy M. D. ("Dr. Sharahy"), Sky Medical fails to set forth allegations that would satisfy the pleading requirements for RICO or any of the state claims. Accordingly for the reasons set forth in this motion and the motions being submitted by SCS Support Claims Services, Inc. and the other defendants, the Plaintiff's First Amended Complaint fails to state any cause of action. Therefore Ms. Vakhidova, Dr. Sharahy and Patient Focus respectfully move for the Court to dismiss Plaintiff's First Amended Complaint.

## ARGUMENT

## POINT I

## PLAINTIFF'S RICO CLAIMS FAIL AS A MATTER OF LAW

The Plaintiff has failed to sufficiently plead with regards to every element for each of the claims he has submitted and has especially failed regarding his RICO claim. Under Rule 12(b)(6) to survive a motion to dismiss the Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atlanic v. Twombly, 550 U.S. 544, 570, 127 S. CT. 1955,1974, 176 L.ED. 2d 929 (2007).

Rule 8(1) (a) (1) requires a pleading to state "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." In addition, Plaintiff has violated Rule 8(a)(2) by failing to supply "a short and plain statement" of the claims, to afford Defendants with notice and opportunity to evaluate and defend against these "claims." Moreover, since these claims are grounded in fraud, Rule 9(b) imposes an even stricter pleading requirement to "state with particularity the circumstances constituting fraud or mistake."

Where a RICO claim is based on allegations of fraud, such allegation must be pled with the particularity requirements of Rule 9(b) of the Federal Rules. *See*, Lundy v. Catholic Health System of L. I. Inc., 711 F.3d 106,119 (2d Cir. 2013)  Under the heightened pleading requirement of Rule 9(b), particularity for a RICO pleading, where there is a claim of mail or wire fraud plaintiff must specify the content, date and place of alleged misrepresentation and the identity of the persons making and receiving them. *See* Wood v. General Motors Corporation et.al. 2010 U.S. Dist. Lexis 96157 at 14-15.

5

Plaintiff brings a RICO action against Patient Focus, Dr. Sharahy and Ms. Vakhidova pursuant to 18 U.S.C. § 1962 (c) and (d).  18 U.S.C. § 1962 (c) states "it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. §1962(d) states; "it shall be unlawful for any person to conspire to violate any of their provisions of subsection (a), (b), or(c) of this section."  To establish a civil violation of § 1962(c) a plaintiff must show that he was injured by the defendants (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity" Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.3d. 229, 242, (2d Cir. 1999) (quoting Azrielli v. Cohen Law Offices. 21 F.3d 512, 520 (2d Cir. 1994) Plaintiff fails to sufficiently plead any of the elements required to sustain its claim.

With regard to Ms. Vakhidova, the only time she is mentioned in Sky Medical's voluminous Amended Complaint, is in the paragraph naming her as a defendant in this action.  Sky Medical has failed to plead any allegations against Ms. Vakhidova and has failed to meet its requirements under Rules 12(b) (6) and 9(b).  In the absence of any allegations against Ms. Vakhidova the complaint against her must be dismissed.

Plaintiff fails to plead an enterprise.  A racketeering "enterprise" is defined as "any individual, partnership, corporation association or other legal entity, and any union or group of individuals associated in fact although not a legal entity" 18 U.S.C. § 1961 (4).  The Plaintiff must also plead that the defendants are engaged in "an ongoing organization, formal or informal, that functions as a continuing unit." See, U.S. v.

Turkette, 452 U.S. 576,583, 101 S. Ct. 2543, 2528, 69 L.Ed 2d 246, 254 (1981). In addition there must also be allegations evidencing "a kind of chain of command or functional integration, as is typical of a classic RICO enterprise." *See* Bank v. Brooklyn Law School 2000 U.S. Dist. Lexis 16180 at 14. (E.D.N.Y. 2000) In addition, pleading a RICO enterprise requires "solid information regarding the hierarchy, organization and activities of the alleged association-in-fact enterprise …from which to conclude that its members functioned as a unit" *See* First Capital Asset mgmt., Inc. v. Saintwood, Inc. 385 f3d 159, 174-75 (2d cir. 2004).

The Plaintiff states that the enterprise consists of Patient Focus and co-defendant SCS Support Claim Services, Inc. ("SCS"). *See*, e.g. Amended Complaint ¶¶ 142, 152,158, 166, 188,218, 234. Ms Vakhidova is only mentioned once in the Amended Complaint as a party and is not specifically mentioned as being a part of the enterprise or in any of the allegations contained therein. *See*, e.g. Amended Complaint ¶ 55. Plaintiff has not pled facts to show that Dr. Sharahy is a part of the enterprise. Nor has the Plaintiff pled facts to establish that Patient Focus was an enterprise. The Plaintiff merely states the existence of an enterprise. Plaintiff has not pled facts showing that there was a "continuing unit" (*See* U.S. v. Turkette, *supra*) with a definable "chain of command" or that there was an ascertainable structure or that the defendants operated as a continuing unit. The Plaintiff's conclusory statement that SCS and Patient Focus constitute an enterprise is legally insufficient to establish the element and requires dismissal.

Plaintiff fails to plead a pattern of racketeering activity. The Plaintiff based his predicate acts on wire and mail fraud based on "fraudulent peer review reports sent by mail, and electronic mail. *See* RICO Case Statement ¶5(a). The Plaintiff is required to

satisfy Fed. R. Civ. P. 9(b). Under Rule 9(b) a plaintiff must "(1) specify the statement that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Mills, 12 F.3d at 1175. Also when multiple defendants are sued, plaintiffs are required to detail haw each defendant was involved in each event. *Id*.

The Plaintiff failed to make a single response in its RICO Case Statement to "identify the time, place and substance of the alleged misrepresentations, and the identity of person to whom and by whom alleged misrepresentations were made." (Rico Case Statement ¶ 5(c)). In the Plaintiff's First Amended Complaint, submitted after the RICO Case Statement and conference with Magistrate Judge Boyd, Plaintiff alleges that the defendants engaged in a pattern of racketeering activity "by intentionally causing to be prepared and mailed fraudulent peer review and IME reports…" *See* Amended Complaint at ¶¶ 119, 159. The complaint makes no reference or allegations of any activity by Ms. Vakhidova or any specific pleading against Patient Focus or Dr. Shahary. Nor does the attachment of the report and denial chart as an exhibit cure the Plaintiff's defective complaint. The reports as listed by the Plaintiff are reports to the insurance carrier GEICO not the Plaintiff and therefore would not satisfy the Plaintiff's elements for mail or wire fraud. The Plaintiff's conclusory allegations should be deemed insufficient as a matter of law. Plaintiff failed to plead causation and cognizable RICO injury. Under RICO a plaintiff must allege "that the defendant's violations were a proximate cause of the plaintiff's injury, i.e that there is a direct relationship between the plaintiff's injury and the defendant's injurious conduct.'" First Nationwide Bank v. Gelt Funding 27 F. 3d 763, 769 (2d Cir. N.Y. 1994) (quoting Standard Bred Owners Ass'n v. Rooosevelt

Raceway Assocs., L.P., 985 F2d. 102,104 (2d Cir. 1993).The defendant has unexhausted remedies in New York state court and under New York state law.  Where no fault claims are denied the Plaintiff can either file a law suit in New York civil court or seek arbitration pursuant to N.Y. Insurance Law § 5106(b) *See* Hosp. for Joint Diseases v. Allstate Ins. Co., 5 A.D. 3d 441, 442, 773 N.Y.S. 2d 427, 428-29 (2d Dep't 2004).  Since the Plaintiff has not pleaded with any particularity the status of these claims he cannot show what damages would be the proximate cause of the alleged conduct and his RICO claims must be dismissed.

   The Plaintiff has failed to state a claim for RICO conspiracy. Since the Plaintiff failed to plead facts to establish legally sufficient RICO claims pursuant under § 1962 (c), its claims of a RICO conspiracy under § 1962 (d) automatically fail as well.  Beck v. Prupis, 529 U.S. 494, 1230 S. Ct. 1608 (2000); *See*, e.g., First Capital Asset Management, 385 F.3d at 182-83 (2d Cir. 2004)   In addition the Amended Complaint fails to state a claim under § 1962 (d).  "[A] RICO conspiracy allegations should be more than a conclusory add-on at the end of a complaint.  It should state with specificity what the agreement was, who entered into the agreement, when the agreement commenced, and what actions were taken in the furtherance of it" FD Property Holding, Inc. v. U.S. Traffic Corp., 206 F. Supp. 2d 362, 373 (E.D.N.Y. 2002); *See also*, E.G., Com-Tech Associates v. Computer Associates International, Inc.,, 753 F. Supp 1078, 1092 (E.D.N.Y. 1990)("Bare or conclusory allegations of participation in a conspiracy under 1962(d) will not avail on a motion to dismiss, and the plaintiff must plead allegations that each defendant knowingly agreed to participate in the conspiracy, especially when the predicate acts alleged are fraud"), aff'd 928 F. 2d 1574 (2d Cir.1991).

9

The Plaintiff states conclusory allegations "defendants knowingly and willfully have agreed, combined and conspired conducted and participated, directly or indirectly in the conduct of SCS and Patient focuses affairs through a pattern of racketeering." *See* Amended Complaint at ¶¶ 203, 219,235 & 251. As in the substantive RICO claims the Plaintiff goes on to state that the "pattern" includes causing "fraudulent" peer review reports to be prepared and mailed. *See id*. Here the Plaintiff fails to allege with any specific what the agreement was, who entered into an agreement, when the agreement was commenced and what actions were taken in the furtherance of it. The Plaintiff fails to properly plead any of the elements of conspiracy with respect to Dr. Sharahy, Ms. Vakhidova or any of the defendants.

## DECLARATORY JUDGMENT

The Plaintiff's request for a declaratory judgment is misplaced and improper. The Plaintiff seeks a declaration that "all peer review reports and IME reports issued by Defendants pertaining to medical necessity of the services and /or supplies rendered by Plaintiff are null and void." *See* Amended Complaint at ¶ 140. The Plaintiff seeks a blanket judgment for an untold number of claims that should be adjudicated in New York state court through New York's regulatory no-fault system. Under this system the Plaintiff could properly adjudicate each claim in a forum specifically designed to handle such matter. In fact, without such adjudication, the plaintiff has not suffered any damage at all.

## STATE CLAIMS

The Plaintiff also has charged the defendants with violations of New York state law. This Court should refrain from excising jurisdiction over the Plaintiffs state law claims. Since the Plaintiff and many of the defendants are citizens of the State of New York, with the dismissal of the Plaintiff's RICO claims there exists no independent federal jurisdiction and the state claims should be dismissed. *See*, e.g., First Capital Asset Management, 385 F.3d at 182-83 (2d Cir. 2004) (District Court properly declined to exercise supplemental jurisdiction over state law claims upon dismissal of RICO claims).

## CONCLUSION

For the reasons set forth above and in the submissions of SCS Support Claims Services, Inc., and the other defendants with regard to the sufficiency for the First Amended Complaint. Dr. Sharahy, Patient Focus, and Ms. Vakhidova respectfully request that the Court dismiss the Complaint against them, in its entirety, with prejudice, together with such other relief as this Court deems just and proper.

Dated: Bethesda, Maryland
       October 23, 2013

Offit Kurman, P.A.

By: /s/Glenn M. Jones, Esq.
    Glenn M. Jones, Esq.
*Attorney for Dr. Tatiana Sharahy M. D.; Patient Focus Medical Examinations, PC d/b/a/ All Borough Medical; and, Evgeniya Vakhidova*
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
240-507-1779

4844-5885-8774, v. 1