UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

SKY MEDICAL SUPPLY INC.,                                    12 Civ. 06383 (JFB)(ETB)

                Plaintiff,

- against -

SCS SUPPORT CLAIMS SERVICES, INC., et al.,

                Defendants.

------------------------------------------------------------------ X

## REPLY MEMORANDUM OF LAW OF DEFENDANTS WAYNE KERNESS, M.D. AND DAMION A. MARTINS, M.D. IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT



RUSKIN MOSCOU FALTISCHEK P.C.

*Attorney for Defendants Kerness and Martins*
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556
(516) 663-6600

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

    I.    THE FIRST AMENDED COMPLAINT DOES NOT STATE A
          CLAIM AGAINST KERNESS ........................................................................ 2

    II.   THE FIRST AMENDED COMPLAINT DOES NOT STATE A
          CLAIM AGAINST MARTINS .......................................................................... 4

CONCLUSION ......................................................................................................................... 6

588320\1

## TABLE OF AUTHORITIES

**CASES** **PAGE**

*Divittorio v. Equidyne Extractive Indus. Inc.*
822 F.2d 1242, 1247 (2d Cir. 1987)..................................................................................2

*FD Property Holding, Inc., et al. v. U.S. Traffic Corp. et al.*
206 F.Supp.2d 362, 373-374 (E.D.N.Y. 2002) ..................................................................4

*GICC Capital Corp. v. Technology Finance Group, Inc.*
67 F.3d 463, 465 (2d Cir. 1995), *cert den.*, 518 U.S. 1017 (1996)....................................3

*Holmes v. Securities Investors Protection Corp.*
503 U.S. 258, 270 (1992)..................................................................................................5

*Peiper v. Benerin, LLC, et al.*
2013 WL 4506164 *6 (E.D.N.Y. August 22, 2013) ..........................................................1

*Reves v. Ernst & Young*
507 U.S. 170, 178–179 (1993)..........................................................................................3

*Spool et al. v. World Child Int'l. Adoption Agency et al.*
520 F.3d 178, 183 (2d Cir. 2008)...................................................................................3, 4

*Wood et al. v. General Motors Corp. et al.*
2010 WL 3613812 *6 (E.D.N.Y. Aug. 23, 2010) ...........................................................1-2

**STATUTES**

18 U.S.C. §1962(d) ............................................................................................................4

Racketeer Influenced and Corrupt Organizations Act ("RICO") .............................. *passim*

588398\1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

SKY MEDICAL SUPPLY INC.,                              12 Civ. 06383 (JFB)(ETB)

                              Plaintiff,

- against -

SCS SUPPORT CLAIMS SERVICES, INC., et al.,

                              Defendants.

------------------------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW OF DEFENDANTS
WAYNE KERNESS, M.D. AND DAMION A. MARTINS,
M.D. IN SUPPORT OF THEIR MOTION TO DISMISS THE
FIRST AMENDED COMPLAINT**

**Preliminary Statement**

Plaintiff, Sky Medical Supply Inc. ("Sky Medical"), in opposition to the motion to dismiss the First Amended Complaint by defendants Wayne Kerness, M. D. ("Kerness") and Damion A. Martins, M.D. ("Martins"), does not even address the failure to have sufficient allegations specific to Kerness and Martins to plead a claim against these individuals under the Racketeer Influenced and Corrupt Organizations Act ("RICO") or state law. Instead, Sky Medical simply lumps Kerness and Martins in with the other defendants, contending that since the First Amended Complaint sets forth general facts against the defendants collectively, that is sufficient to state a RICO claim against each defendant.

The law is otherwise. Sky Medical is required to plead specific facts with regard to the actions by each defendant. *See Peiper v. Benerin, LLC, et al.*, 2013 WL 4506164 *6 (E.D.N.Y. August 22, 2013) (A §1962[c] claim should be considered separately for each defendant); *Wood*

*et al. v. General Motors Corp. et al.*, 2010 WL 3613812 *6 (E.D.N.Y. Aug. 23, 2010) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud" (*quoting Divittorio v. Equidyne Extractive Indus. Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987))). Accordingly, Sky Medical's failure to have specific allegations against Kerness and Martins requires that the First Amended Complaint be dismissed as against these individuals.

## ARGUMENT

### POINT I

### THE FIRST AMENDED COMPLAINT DOES NOT STATE A CLAIM AGAINST KERNESS

As set forth upon Kerness' initial motion to dismiss, Kerness is not referenced in the body of the First Amended Complaint at all. There are no specific allegations with regard to Kerness' actions that allegedly constituted predicate acts for a RICO claim, nor any allegations to support a state law tort claim. The Complaint is simply silent as to Kerness. In fact, the only reference to Kerness is in a schedule attached as an exhibit to the First Amended Complaint. However, the schedule only references one report purportedly authored by Kerness, and does not even allege that the report was mailed, nor whether the claim that was the subject of the report was denied or paid.

Accordingly, the First Amended Complaint is deficient as against Kerness in numerous ways. For example, there are no allegations that the report allegedly prepared by Kerness was mailed or that Kerness knew it was to be mailed so as to support a claim of mail fraud. As a result, no predicate act by Kerness has been alleged. And, even if a single act of mail fraud was alleged, the continuity requirement of a RICO claim is not satisfied as against Kerness. *See e.g.*

*GICC Capital Corp. v. Technology Finance Group, Inc.*, 67 F.3d 463, 465 (2d Cir. 1995), *cert den.*, 518 U.S. 1017 (1996).

Further, there are no allegations of any RICO damages resulting from the report prepared by Kerness, because there are no allegations that the relevant claim was denied, so another required element of a RICO claim as against Kerness is missing. *Spool et al. v. World Child Int'l. Adoption Agency et al.*, 520 F.3d 178, 183 (2d Cir. 2008). Also, there are no allegations as to how Kerness participated in an enterprise, another necessary element of a RICO claim. *See Reves v. Ernst & Young*, 507 U.S. 170, 178–179 (1993) (in order to participate in a RICO enterprise the defendant must play "some part in directing the enterprise's affairs"). Thus, it is clear that the First Amended Complaint fails to state a claim under RICO against Kerness, and since there is not a single specific factual allegation with regard to Kerness in the First Amended Complaint, no state law tort claim has been alleged against this defendant.

To avoid these clear pleading deficiencies, Sky Medical contends that it is excused from pleading facts specific to Kerness because Kerness is liable for the acts of the other defendants as a result of "his knowing adherence to the scheme" (Sky Medical Memorandum of Law, P. 4-5). The problem is there are no factual allegations that Kerness knowingly adhered to any scheme. In fact, there are no allegations specific to Kerness at all. Simply put, the First Amended Complaint is absolutely devoid of any specific allegations that Kerness participated in any RICO enterprise.

Finally, the lumping of Kerness in with the other defendants is also not sufficient to allege that he participated in a RICO conspiracy. There is nothing in the First Amended Complaint to suggest that Kerness entered into any conspiracy. There are no allegations that he participated in any meetings or conversations, nor that he agreed to anything with the other

defendants. Thus, a conspiracy claim as against Kerness under 18 U.S.C. §1962(d) has not been stated. *FD Property Holding, Inc., et al. v. U.S. Traffic Corp. et al.*, 206 F.Supp.2d 362, 373-374 (E.D.N.Y. 2002).

The naming of Kerness in the First Amended Complaint, without alleging anything with regard to his conduct, borders on frivolous, and the First Amended Complaint should be dismissed as against Kerness.

## POINT II

### THE FIRST AMENDED COMPLAINT DOES NOT STATE A CLAIM AGAINST MARTINS

As set forth in the prior submissions by Kerness and Martins, the First Amended Complaint contains no allegations that any report prepared by Martins was actually mailed, or that he knew that these reports were mailed. By this fact alone, the First Amended Complaint does not allege a mail fraud predicate act with regard to Martins. Similar to Kerness, Sky Medical does not address this deficiency, but instead states that since there are sufficient allegations against defendants collectively, a claim against Martins can be maintained, which is contrary to settled law.

And, although the schedule attached as an exhibit to the First Amended Complaint states that Martins purportedly prepared five reports, as opposed to Kerness' one, those reports were all done within a year, so continuity has not been alleged. *Spool*, 520 F.3d at 183.

Further, numerous other pleading deficiencies regarding the claim against Martins also exist. For example the First Amended Complaint does not allege facts to show how Martins participated in any RICO enterprise. Martins is a doctor employed by the other defendants, and there are no allegations that he had any say or input whatsoever over the operation or control of any purported enterprise.

- 4 -

Similarly, there are no allegations that any report by Martins caused damages. In fact, the First Amended Complaint alleges that a report prepared by Martins was rejected in an arbitration proceeding. Without alleging that Martins alleged fraudulent reports caused any damages, a RICO claim, or any state law claim, cannot be maintained against Martins. *See e.g. Holmes v. Securities Investors Protection Corp.*, 503 U.S. 258, 270 (1992) (to state a claim under any RICO subsection, plaintiff must allege injuries proximately caused by defendant's alleged racketeering activity).

Like with Kerness, Sky Medical seeks to include Martins in with the other defendants, without specifying his particular role in the purported enterprise, or his specific actions which would give rise to a claim. Under well settled law, this is not permitted, and Sky Medical should not be able to drag a doctor into a RICO matter simply based on allegations directed at a broad group of defendants, without any specificity as to the conduct of the individual.

And, as with regard to Kerness, there are not allegations that Martins participated in any conspiracy. There are no allegations that Martins ever entered into any type of agreement, nor any allegations that Martins attended any meetings or participated in any conversations, or otherwise played a role in any alleged RICO conspiracy. Further, as set forth in the principal Memorandum of Law, there are insufficient allegations with regard to each of the state law claims. Accordingly, there is no basis to have Martins continue as a defendant in this action, and the First Amended Complaint should be dismissed as against him.

## Conclusion

For the reasons set forth above, and in Martins' and Kerness' principal Memorandum of Law, the motion to dismiss the First Amended Complaint should be granted as against these defendants.

Dated: Uniondale, New York
       February 11, 2014

                                              RUSKIN MOSCOU FALTISCHEK, P.C.

By: _____
      E. Christopher Murray
      *Attorney for Defendants Kerness & Martins*
      East Tower, 15th Floor
      1425 RXR Plaza
      Uniondale, New York 11556
      (516) 663-6600

587936\2