David S. Douglas (DD-6250)
GALLET DREYER & BERKEY, LLP
845 Third Avenue, 5th Floor
New York, New York 10022
(212) 935-3131
Attorneys for Defendants
Nationwide Management Inc.,
Benjamin Osiashvili, Mikael
Osiashvili, Svetlana Osiashvili,
and Alex Vayner

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SKY MEDICAL SUPPLY INC.,

                                    Plaintiff,

                    -against-

SCS SUPPORT CLAIMS SERVICES, INC., et al.,

                                    Defendants.
-------------------------------------------------------------------X

12 Civ. 6383 (JFB) (AKT)

**NATIONWIDE
DEFENDANTS'
ANSWER TO
SECOND AMENDED
COMPLAINT AND
COUNTERCLAIMS**

Defendants Nationwide Management Inc., Benjamin Osiashvili, Mikael

Osiashvili, Svetlana Osiashvili, and Alex Vayner ("Nationwide Defendants"), by their

attorneys, Gallet Dreyer & Berkey, LLP, answer the Second Amended Complaint

("SAC") as follows:

    1.      Deny the allegations contained in Paragraph 1 of the SAC.

    2.      Deny having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 2 of the SAC.

    3.      Deny having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 3 of the SAC.

    4.      Deny the allegations contained in Paragraph 4 of the SAC.

5.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the SAC.

6.    Deny the allegations contained in Paragraph 6 of the SAC.

7.    Deny the allegations contained in Paragraph 7 of the SAC.

8.    Deny the allegations contained in Paragraph 8 of the SAC.

9.    Deny the allegations contained in Paragraph 9 of the SAC.

10.    With respect to Paragraph 10 of the SAC, deny that the Nationwide Defendants engaged in any "wrongdoing" or that plaintiff is entitled to any of the "relief" that plaintiff seeks.

11.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the SAC.

12.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the SAC.

13.    Deny the allegations contained in Paragraph 13 of the SAC.

14.    Deny the allegations contained in Paragraph 14 of the SAC.

15.    Deny the allegations contained in Paragraph 15 of the SAC.

16.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the SAC.

17.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the SAC.

18.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the SAC.

19.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the SAC.

20.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the SAC.

21.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the SAC.

22.    Deny the allegations contained in Paragraph 22 of the SAC.

23.    Deny the allegations contained in Paragraph 23 of the SAC.

24.    Deny the allegations contained in Paragraph 24 of the SAC.

25.    Deny the allegations contained in Paragraph 25 of the SAC.

26.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the SAC.

27.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the SAC.

28.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the SAC.

29.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the SAC.

30.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the SAC.

31.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the SAC.

32.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the SAC.

33.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the SAC.

34.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the SAC.

35.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the SAC.

36.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the SAC.

37.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the SAC.

38.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the SAC.

39.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the SAC.

40.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the SAC.

41.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the SAC.

42.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the SAC.

43.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the SAC.

44.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the SAC.

45.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the SAC.

46.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the SAC.

47.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the SAC.

48.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the SAC.

49.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the SAC.

50.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the SAC.

51.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the SAC.

52.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the SAC.

53.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the SAC.

54.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the SAC.

55.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the SAC.

56.     With respect to Paragraph 56 of the SAC, aver that it consists of conclusions of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

57.     With respect to Paragraph 57 of the SAC, aver that, to the extent that it consists of conclusions of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny the allegations contained in Paragraph 57.

58.     With respect to Paragraph 58 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

59.     With respect to Paragraph 59 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

60.     With respect to Paragraph 60 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

61.     With respect to Paragraph 61 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

62.     With respect to Paragraph 62 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

63.     With respect to Paragraph 63 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

64.     With respect to Paragraph 64 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

65.     With respect to Paragraph 65 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

66.     With respect to Paragraph 66 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

67.     With respect to Paragraph 67 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

68.     With respect to Paragraph 68 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

69.     With respect to Paragraph 69 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

70.     Deny the allegations contained in Paragraph 70 of the SAC.

71.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the SAC.

72.     With respect to Paragraph 72 of the SAC, aver that, to the extent that it consists of conclusions of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72.

73.     With respect to Paragraph 73 of the SAC, aver that, to the extent that it consists of conclusions of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73.

74.     With respect to Paragraph 74 of the SAC, aver that, to the extent that it consists of conclusions of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny the allegations contained in Paragraph 74.

75.     Deny the allegations contained in Paragraph 75 of the SAC.

76.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the SAC.

77.     With respect to Paragraph 77 of the SAC, aver that, to the extent that it consists of conclusions of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77.

78.     With respect to Paragraph 78 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

79.     Deny the allegations contained in Paragraph 79 insofar as they appear to be referring to the Nationwide Defendants and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79.

80.     Deny the allegations contained in Paragraph 80 of the SAC.

81.     Deny the allegations contained in Paragraph 81 of the SAC.

82.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

83.     Deny the allegations contained in Paragraph 83 of the SAC.

84.     Deny the allegations contained in Paragraph 84 of the SAC.

85.     Deny the allegations contained in Paragraph 85 of the SAC.

86.     Deny the allegations contained in Paragraph 86 of the SAC.

87.     Deny the allegations contained in Paragraph 87 of the SAC.

88.     Deny the allegations contained in Paragraph 88 of the SAC.

89.     Deny the allegations contained in Paragraph 89 of the SAC.

9

90.     Deny the allegations contained in Paragraph 90 of the SAC.

91.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91.

92.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92.

93.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93.

94.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94.

95.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95.

96.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96.

97.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97.

98.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98.

99.     Deny the allegations contained in Paragraph 99 insofar as they may be attempting to assert that the Nationwide Defendants engaged in any wrongdoing and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99.

100.     Deny the allegations contained in Paragraph 100 insofar as they may be attempting to assert that the Nationwide Defendants issued any IME reports and

otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100.

      101.    Deny the allegations contained in Paragraph 101 of the SAC.

      102.    Deny the allegations contained in Paragraph 102 of the SAC.

      103.    Deny the allegations contained in Paragraph 103 of the SAC.

      104.    Deny the allegations contained in Paragraph 104 of the SAC.

      105.    Deny the allegations contained in Paragraph 105 of the SAC.

      106.    Deny the allegations contained in Paragraph 106 of the SAC.

      107.    Deny the allegations contained in Paragraph 107 of the SAC.

      108.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108.

      109.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109.

      110.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110.

      111.    Deny the allegations contained in Paragraph 111 of the SAC.

      112.    Deny the allegations contained in Paragraph 112 of the SAC.

      113.    Deny the allegations contained in Paragraph 113 of the SAC.

      114.    With respect to Paragraph 114 of the SAC, admit that the Nationwide Defendants are not parties to any contracts between assignors of plaintiff and insurance companies and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114.

      115.    Deny the allegations contained in Paragraph 115 of the SAC.

116.   Deny the allegations contained in Paragraph 116 of the SAC.

117.   Deny the allegations contained in Paragraph 117 of the SAC.

118.   Deny the allegations contained in Paragraph 118 of the SAC.

119.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119.

120.   Deny the allegations contained in Paragraph 120 of the SAC.

121.   Deny the allegations contained in Paragraph 121 of the SAC.

122.   With respect to Paragraph 122 of the SAC, aver that, to the extent that it consists of conclusions of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122.

123.   Deny the allegations contained in Paragraph 123 of the SAC.

124.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124.

125.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125.

126.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126.

127.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127.

128.   Deny the allegations contained in Paragraph 128 of the SAC.

129.   Deny the allegations contained in Paragraph 129 of the SAC.

130.    Deny the allegations contained in Paragraph 130 of the SAC.

131.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131.

132.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132.

133.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133.

134.    Deny the allegations contained in Paragraph 134 of the SAC.

135.    Deny the allegations contained in Paragraph 135 of the SAC.

136.    Deny the allegations contained in Paragraph 136 of the SAC.

137.    Deny the allegations contained in Paragraph 137 of the SAC.

138.    Deny the allegations contained in Paragraph 138 of the SAC.

139.    With respect to Paragraph 139 of the SAC, aver that, to the extent that it consists of conclusions of law, the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court; deny the allegations contained in Paragraph 139 insofar as they may be attempting to assert that the Nationwide Defendants engaged in any wrongdoing; and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139.

## AS TO THE FIRST CAUSE OF ACTION (COUNT I)

140.    The Nationwide Defendants incorporate by reference their answers to Paragraphs 1 – 139 of the SAC as if fully set forth herein.

141.    With respect to Paragraph 141 of the SAC, aver that, to the extent that it consists of a conclusion of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny the allegations contained in Paragraph 141.

142.    Deny the allegations contained in Paragraph 142 of the SAC.

143.    Deny the allegations contained in Paragraph 143 of the SAC.

144.    With respect to Paragraph 142 of the SAC, deny that plaintiff is entitled to the declaration requested.

<u>AS TO THE SECOND CAUSE OF ACTION (COUNT II)</u>

145.    The Nationwide Defendants incorporate by reference their answers to Paragraphs 1 – 144 of the SAC as if fully set forth herein.

146.    With respect to Paragraph 146 of the SAC, aver that, to the extent that it consists of a conclusion of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146.

147.    Deny the allegations contained in Paragraph 147 of the SAC.

148.    Deny the allegations contained in Paragraph 148 of the SAC.

149.    Deny the allegations contained in Paragraph 149 of the SAC.

150.    Deny the allegations contained in Paragraph 150 of the SAC.

151.    Deny the allegations contained in Paragraph 151 of the SAC.

152.    Deny the allegations contained in Paragraph 152 of the SAC.

153.    Deny the allegations contained in Paragraph 153 of the SAC.

154.    Deny the allegations contained in Paragraph 154 of the SAC.

155.    Deny the allegations contained in Paragraph 155 of the SAC.

156.    With respect to Paragraph 156 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

157.    Deny the allegations contained in Paragraph 157 of the SAC.

158.    With respect to Paragraph 158 of the SAC, aver that, to the extent that it consists of a conclusion of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny the allegations contained in Paragraph 158.

159.    Deny the allegations contained in Paragraph 159 of the SAC.

160.    Deny the allegations contained in Paragraph 159 of the SAC.

<u>AS TO THE THIRD CAUSE OF ACTION (COUNT III)</u>

161.    The Nationwide Defendants incorporate by reference their answers to Paragraphs 1 – 160 of the SAC as if fully set forth herein.

162.    With respect to Paragraph 162 of the SAC, aver that, to the extent that it consists of a conclusion of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162.

163.    Deny the allegations contained in Paragraph 163 of the SAC.

164.    Deny the allegations contained in Paragraph 164 of the SAC.

165.    Deny the allegations contained in Paragraph 165 of the SAC.

166.    Deny the allegations contained in Paragraph 166 of the SAC.

167.    Deny the allegations contained in Paragraph 167 of the SAC.

168.    Deny the allegations contained in Paragraph 168 of the SAC.

169.    Deny the allegations contained in Paragraph 169 of the SAC.

170.    Deny the allegations contained in Paragraph 170 of the SAC.

171.    Deny the allegations contained in Paragraph 171 of the SAC.

172.    With respect to Paragraph 172 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

173.    Deny the allegations contained in Paragraph 173 of the SAC.

174.    With respect to Paragraph 174 of the SAC, aver that, to the extent that it consists of a conclusion of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny the allegations contained in Paragraph 174.

175.    Deny the allegations contained in Paragraph 175 of the SAC.

176.    Deny the allegations contained in Paragraph 176 of the SAC.

AS TO THE FOURTH CAUSE OF ACTION (COUNT IV)

177-92. With respect to Paragraphs 177-92 of the SAC, aver that, as the Fourth Cause of Action (Count IV) is not directed against the Nationwide Defendants, no response is required.

<u>AS TO THE FIFTH CAUSE OF ACTION (COUNT V)</u>

193-208. With respect to Paragraphs 193-208 of the SAC, aver that, as the Fifth Cause of Action (Count V) is not directed against the Nationwide Defendants, no response is required.

<u>AS TO THE SIXTH CAUSE OF ACTION (COUNT VI)</u>

209.    The Nationwide Defendants incorporate by reference their answers to Paragraphs 1 – 208 of the SAC as if fully set forth herein.

210.    With respect to Paragraph 210 of the SAC, aver that, to the extent that it consists of a conclusion of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210.

211.    Deny the allegations contained in Paragraph 211 of the SAC.

212.    Deny the allegations contained in Paragraph 212 of the SAC.

213.    Deny the allegations contained in Paragraph 213 of the SAC.

214.    Deny the allegations contained in Paragraph 214 of the SAC.

215.    Deny the allegations contained in Paragraph 215 of the SAC.

216.    Deny the allegations contained in Paragraph 216 of the SAC.

217.    Deny the allegations contained in Paragraph 217 of the SAC.

218.    Deny the allegations contained in Paragraph 218 of the SAC.

219.    Deny the allegations contained in Paragraph 219 of the SAC.

220.    With respect to Paragraph 220 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

221.    Deny the allegations contained in Paragraph 221 of the SAC.

222.    With respect to Paragraph 222 of the SAC, aver that, to the extent that it consists of a conclusion of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny the allegations contained in Paragraph 222.

223.    Deny the allegations contained in Paragraph 223 of the SAC.

224.    Deny the allegations contained in Paragraph 224 of the SAC.

AS TO THE SEVENTH CAUSE OF ACTION (COUNT VII)

225.    The Nationwide Defendants incorporate by reference their answers to Paragraphs 1 – 224 of the SAC as if fully set forth herein.

226.    With respect to Paragraph 226 of the SAC, aver that, to the extent that it consists of a conclusion of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226.

227.    Deny the allegations contained in Paragraph 227 of the SAC.

228.    Deny the allegations contained in Paragraph 228 of the SAC.

229.    Deny the allegations contained in Paragraph 229 of the SAC.

230.    Deny the allegations contained in Paragraph 230 of the SAC.

231.    Deny the allegations contained in Paragraph 231 of the SAC.

232.    Deny the allegations contained in Paragraph 232 of the SAC.

233.    Deny the allegations contained in Paragraph 233 of the SAC.

234.    Deny the allegations contained in Paragraph 234 of the SAC.

235.    Deny the allegations contained in Paragraph 235 of the SAC.

236.    With respect to Paragraph 236 of the SAC, aver that it consists of a conclusion of law, to which the Nationwide Defendants need not respond, and respectfully refer all questions of law to the Court.

237.    Deny the allegations contained in Paragraph 237 of the SAC.

238.    With respect to Paragraph 238 of the SAC, aver that, to the extent that it consists of a conclusion of law, the Nationwide Defendants need not respond, respectfully refer all questions of law to the Court, and otherwise deny the allegations contained in Paragraph 238.

239.    Deny the allegations contained in Paragraph 239 of the SAC.

240.    Deny the allegations contained in Paragraph 240 of the SAC.

<u>AS TO THE EIGHTH CAUSE OF ACTION (COUNT VIII)</u>

241-56. With respect to Paragraphs 241-56 of the SAC, aver that, as the Eighth Cause of Action (Count VIII) is not directed against the Nationwide Defendants, no response is required.

<u>AS TO THE NINTH CAUSE OF ACTION (COUNT IX)</u>

257-72. With respect to Paragraphs 257-72 of the SAC, aver that, as the Ninth Cause of Action (Count IX) is not directed against the Nationwide Defendants, no response is required.

### AS TO THE TENTH CAUSE OF ACTION (COUNT X)

273-80. With respect to Paragraphs 273-80 of the SAC, aver that, as the Court has dismissed this claim, no response is required.

### AS TO THE ELEVENTH CAUSE OF ACTION (COUNT XI)

281-88. With respect to Paragraphs 281-88 of the SAC, aver that, as the Court has dismissed this claim, and in any event it is not directed against the Nationwide Defendants, no response is required.

### AS TO THE TWELFTH CAUSE OF ACTION (COUNT XII)

289-94. With respect to Paragraphs 289-94 of the SAC, aver that, as the Court has dismissed this claim, no response is required.

### AS TO THE THIRTEENTH CAUSE OF ACTION (COUNT XIII)

295.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 295.

296.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 296.

297.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 297.

298.    Deny the allegations contained in Paragraph 298 of the SAC.

299.    Deny the allegations contained in Paragraph 299 of the SAC.

300.    Deny the allegations contained in Paragraph 300 of the SAC.

301.    With respect to Paragraph 301 of the SAC, admit that the Nationwide Defendants are not parties to any contracts between plaintiff and insurance companies

and otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 301.

302.    Deny the allegations contained in Paragraph 302 of the SAC.

303.    Deny the allegations contained in the second Paragraph 295 of the SAC.

<u>FIRST AFFIRMATIVE DEFENSE</u>

304.    The SAC fails to state a claim against any of the Nationwide Defendants upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

305.    The SAC is barred by plaintiff's material breaches of, and failure to comply with, its own statutory, regulatory, contractual, and other legally binding obligations.

<u>THIRD AFFIRMATIVE DEFENSE</u>

306.    The SAC is barred in whole or in part by the statute of limitations.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

307.    The SAC is barred in whole or in part by the doctrines of waiver, estoppel, laches, and unclean hands.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

308.    The SAC is barred by plaintiff's fraudulent and otherwise wrongful actions.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

309.    The SAC fails to state a claim against any of the Nationwide Defendants because no act by any of the Nationwide Defendants was the proximate cause of any harm to plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

310.   The SAC fails to state fraud with particularity with respect to any of the Nationwide Defendants as required by Fed. R. Civ. P. 9(b).

## EIGHTH AFFIRMATIVE DEFENSE

311.   The documentary evidence mandates that the relief sought in this action be denied and the SAC dismissed.

## NINTH AFFIRMATIVE DEFENSE

312.   The SAC should be dismissed because plaintiff has not suffered any damages.

## TENTH AFFIRMATIVE DEFENSE

313.   The SAC should be dismissed because plaintiff's medical supplies that are the subject of the no-fault claims underlying this action were not medically necessary or otherwise covered by insurance provided under New York's no-fault insurance system.

## ELEVENTH AFFIRMATIVE DEFENSE

314.   The SAC is barred in whole or in part because plaintiff's claims are unripe.

## TWELFTH AFFIRMATIVE DEFENSE

315.   The SAC is barred in whole or in part by the doctrine of accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

316.   The SAC is barred in whole or in part by the doctrines of res judicata and collateral estoppel.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

317.    The damages that plaintiff seeks against the Nationwide Defendants are barred, in whole or in part, by plaintiff's failure to mitigate its purported damages.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

318.    Plaintiff is not entitled to an award of punitive damages against any of the Nationwide Defendants.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

319.    Plaintiff is not entitled to an award of attorneys' fees against any of the Nationwide Defendants.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

320.    Plaintiff is not entitled to the declaratory judgment that plaintiff seeks.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

321.    The SAC is barred in whole or in part by plaintiff's settlement of GEICO's suit against plaintiff.

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

322.    Plaintiff's claims against Alex Vayner are barred, <u>inter alia</u>, by Vayner's lack of ownership interest in, or involvement with, BAB, which plaintiff has admitted.

<u>COUNTERCLAIMS</u>

<u>Parties to Counterclaims</u>

323.    Counterclaim-plaintiff Nationwide Management Inc. is a corporation established under the laws of the State of New York with a principal place of business in New York.

324.    Counterclaim-plaintiff Benjamin Osiashvili is a citizen of the State of New York who resides in New York.

325.    Counterclaim-plaintiff Mikael Osiashvili is a citizen of the State of New York who resides in New York.

326.    Counterclaim-plaintiff Svetlana Osiashvili is a citizen of the State of New York who resides in New York.

327.    Counterclaim-plaintiff Alex Vayner is a citizen of the State of Connecticut who resides in Connecticut.

328.    Counterclaim-defendant Sky Medical Supply, Inc. ("Sky Medical") is a corporation established under the laws of the State of New York with a principal place of business in New York.

<div align="center">Operative Facts</div>

329.    Sky Medical is a medical supply company that is unhappy that various insurance companies, including GEICO, have rejected certain no-fault claims that Sky Medical has submitted on the grounds that Sky Medical's supplies were not medically necessary or otherwise covered by the insurance provided under New York's no-fault insurance system.

330.    In a specious, malicious, and legally and factually unjustifiable effort to divert attention away from the lack of medical necessity for its claims, Sky Medical has deliberately sought to destroy any actual or potential direct or indirect relationships between those insurance companies and certain entities and individuals that provide services in the no-fault realm by falsely accusing those entities and individuals of the

wrongdoing alleged in the pleadings that Sky Medical has filed in this action, including the SAC.

331.    The Nationwide Defendants are among the entities and individuals that Sky Medical has maliciously and unjustifiably sought to harm in this manner.

332.    The Nationwide Defendants have in fact been substantially harmed by Sky Medical's false, specious, frivolous, malicious, and legally and factually unjustifiable accusations, including but not limited to through harm to their reputations, loss of income and revenue, harm to actual and potential business relationships, and other pecuniary and non-pecuniary damage, harm, and loss.

333.    These counterclaims seek redress for the significant financial harm that the Nationwide Defendants have suffered, and continue to suffer, as a result of Sky Medical's egregiously wrongful actions.

<div align="center">

FIRST COUNTERCLAIM
(Tortious Interference with Business and Contractual
Relationships -- On Behalf of Each of the Nationwide Defendants)

</div>

334.    The Nationwide Defendants repeat and reallege the allegations contained in Paragraphs 323-33 above as if fully set forth herein.

335.    By engaging in the conduct described above, Sky Medical intentionally interfered with valuable actual and prospective business and contractual relationships of the Nationwide Defendants, without justification or privilege and by improper means, for Sky Medical's own personal gain.

336.    Sky Medical was aware of such relationships and intentionally interfered with them. In doing so, Sky Medical acted solely out of malice and used dishonest, unfair, or improper means, including engaging in conduct that amounts to a crime or an

<div align="center">

25

</div>

independent tort. Sky Medical's actions injured or otherwise affected the Nationwide Defendants' valuable business and contractual relationships.

337.    Sky Medical's conduct was intentional, deliberate, wanton, willful, malicious, in gross and reckless disregard of the Nationwide Defendants' rights, and undertaken with the intent to cause the Nationwide Defendants significant harm.

338.    As a direct and proximate result of Sky Medical's actions, the Nationwide Defendants have been damaged in an amount to be determined at trial, for which Sky Medical is liable.

339.    Given the egregious nature of Sky Medical's actions, the Nationwide Defendants are additionally entitled to an award of punitive damages against Sky Medical, in an amount to be determined at trial.

<div align="center">

SECOND COUNTERCLAIM
(Tortious Interference with Business and Contractual
Relationships -- On Behalf of Alex Vayner)

</div>

340.    The Nationwide Defendants repeat and reallege the allegations contained in Paragraphs 323-39 above as if fully set forth herein.

341.    In addition to the foregoing, Sky Medical's commencement and continuation of this lawsuit against Alex Vayner is further egregious because Sky Medical has actual knowledge, as its counsel has admitted, that Sky Medical's allegations against Vayner are false.

342.    The SAC's sole substantive allegation against Vayner is that he is purportedly an "owner" of BAB Management, Inc. ("BAB") and as such one of the supposed "true owners" of Patient Focus Medical Examinations, PC.

343.    Counsel for Sky Medical, however, has essentially admitted that he is fully aware that Vayner is not an owner of BAB, and has not had any ownership interest in, or other involvement with, BAB since March 2007.

344.    Sky Medical's conduct with respect to Vayner was intentional, deliberate, wanton, willful, malicious, in gross and reckless disregard of Vayner's rights, and undertaken with the intent to cause Vayner significant harm.

345.    As a direct and proximate result of Sky Medical's actions, Vayner has been damaged in an amount to be determined at trial, for which Sky Medical is liable.

346.    Given the egregious nature of Sky Medical's actions, Vayner is additionally entitled to an award of punitive damages against Sky Medical, in an amount to be determined at trial.

WHEREFORE, the Nationwide Defendants respectfully request that the Court enter judgment as follows:

1.    Dismissing the Second Amended Complaint in its entirety.

2.    On the First Counterclaim, awarding against Sky Medical the damages that the Nationwide Defendants have suffered as a result of its actions, the amount of such damages to be determined at trial, plus punitive damages in an amount to be determined at trial.

3.    On the Second Counterclaim, awarding against Sky Medical the damages that Vayner has suffered as a result of its actions, the amount of such damages to be determined at trial, plus punitive damages in an amount to be determined at trial.

4.    Awarding to the Nationwide Defendants interest and their costs and expenses in this action, including attorneys' fees.

5.      Awarding to the Nationwide Defendants such other and further relief as

the Court deems just and proper.

Dated:  New York, New York
          October 5, 2015

<div style="margin-left:40%">

GALLET DREYER & BERKEY, LLP

By: _____
        David S. Douglas (DD-6250)

845 Third Avenue, 5th Floor
New York, New York 10022
(212) 935-3131

Attorneys for Defendants
Nationwide Management Inc.,
Benjamin Osiashvili, Mikael
Osiashvili, Svetlana Osiashvili,
and Alex Vayner

</div>

00675149.DOCX

28