**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sky Medical Supply Inc.<br><br>*Plaintiff*<br><br>- against –<br><br>SCS Support Claim Services, Inc., *et al.,*<br><br>*Defendants* | **Docket No.: 12-CV-06383**<br><br><br>**AMENDED ANSWER AND COUNTERCLAIM TO SECOND AMENDED COMPLAINT** |

Defendants Patient Focus Medical Examinations, PC d/b/a All Borough Medical, PC ("Patient Focus") and Tatiana Sharahy, MD ("Dr. Sharahy") (collectively, the "SSD Defendants"), answer the Second Amended Complaint of Sky Medical Supply, Inc. ("Complaint") ("Sky Medical), as follows:

1.     Deny the allegations set forth in Paragraph 1 of the Complaint.

2.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4.     Deny the allegations set forth in Paragraph 4 of the Complaint.

5.     Deny the allegations set forth in Paragraph 5 of the Complaint.

6.     Deny the allegations set forth in Paragraph 6 of the Complaint.

7.     Deny the allegations set forth in Paragraph 7 of the Complaint.

8.     Deny the allegations set forth in Paragraph 8 of the Complaint.

9.     Deny the allegations set forth in Paragraph 9 of the Complaint.

10.     State that no allegations of fact requiring a response are set forth in Paragraph 10 of the Complaint.

11.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Deny the allegations set forth in Paragraph 13 of the Complaint except admit that Patient Focus is a domestic professional corporation with a principal place of business in Richmond Hill, NY.

14.     Deny the allegations set forth in Paragraph 14 of the Complaint.

15.     Deny the allegations set forth in Paragraph 15 of the Complaint.

16.     Deny the allegations set forth in Paragraph 16 of the Complaint.

17.     Deny the allegations set forth in Paragraph 17 of the Complaint.

18.     Deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Deny the allegations set forth in Paragraph 19 of the Complaint.

20.     Deny the allegations set forth in Paragraph 20 of the Complaint.

21.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     Deny the allegations set forth in Paragraph 22 of the Complaint.

23.     Deny the allegations set forth in Paragraph 23 of the Complaint.

24.     Deny the allegations set forth in Paragraph 24 of the Complaint.

25.     Deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Deny the allegations set forth in Paragraph 26 of the Complaint.

27.     Deny the allegations set forth in Paragraph 27 of the Complaint.

28.     Deny the allegations set forth in Paragraph 28 of the Complaint.

29.      Deny the allegations set forth in Paragraph 29 of the Complaint.

30.      Deny the allegations set forth in Paragraph 30 of the Complaint.

31.      Deny the allegations set forth in Paragraph 31 of the Complaint, but admit the allegations set forth in the first two sentences of Paragraph 31.

32.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

39.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint.

41.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.

42.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint.

46.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint.

47.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

48.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint.

49.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint.

50.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint.

51.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint.

52.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint.

53.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

54.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint.

55.     Deny the allegations set forth in Paragraph 55 of the Complaint.

56.     State that the allegations set forth in Paragraph 56 of the Complaint are conclusions of law, to which no response is required.

57.     Deny the allegations set forth in Paragraph 57 of the Complaint.

58.     State that the allegations set forth in Paragraph 58 of the Complaint are conclusions of law, to which no response is required.

59.     State that the allegations set forth in Paragraph 59 of the Complaint are conclusions of law, to which no response is required.

60.     State that the allegations set forth in Paragraph 60 of the Complaint are conclusions of law, to which no response is required.

61.     State that the allegations set forth in Paragraph 61 of the Complaint are conclusions of law, to which no response is required.

62.     State that the allegations set forth in Paragraph 62 of the Complaint are conclusions of law, to which no response is required.

63.     State that the allegations set forth in Paragraph 63 of the Complaint are conclusions of law, to which no response is required.

64.     State that the allegations set forth in Paragraph 64 of the Complaint are conclusions of law, to which no response is required.

65.     State that the allegations set forth in Paragraph 65 of the Complaint are conclusions of law, to which no response is required.

66.     State that the allegations set forth in Paragraph 66 of the Complaint are conclusions of law, to which no response is required.

67.     State that the allegations set forth in Paragraph 67 of the Complaint are conclusions of law, to which no response is required.

68.     State that the allegations set forth in Paragraph 68 of the Complaint are conclusions of law, to which no response is required.

69.     State that the allegations set forth in Paragraph 69 of the Complaint are conclusions of law, to which no response is required.

70.     Deny the allegations set forth in Paragraph 70 of the Complaint.

71.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint.

72.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint.

73.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint.

74.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint.

75.     Deny the allegations set forth in Paragraph 75 of the Complaint.

76.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint.

77.     State that the allegations set forth in Paragraph 77 of the Complaint are conclusions of law, to which no response is required.

78.     State that the allegations set forth in Paragraph 78 of the Complaint are conclusions of law, to which no response is required.

79.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint.

80.     Deny the allegations set forth in Paragraph 80 of the Complaint.

81.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint.

82.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint.

83.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint.

84.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint.

85.     Deny the allegations set forth in Paragraph 85 of the Complaint.

86.     Deny the allegations set forth in Paragraph 86 of the Complaint.

87.     Deny the allegations set forth in Paragraph 87 of the Complaint.

88.     Deny the allegations set forth in Paragraph 88 of the Complaint.

89.     Deny the allegations set forth in Paragraph 89 of the Complaint.

90.     Deny the allegations set forth in Paragraph 90 of the Complaint.

91.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint, except deny all allegations relating to Dr. Sharahy.

92.    Deny the allegations set forth in Paragraph 92 of the Complaint.

93.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Complaint.

94.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint.

95.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Complaint.

96.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint.

97.    Deny the allegations set forth in Paragraph 97 of the Complaint.

98.    Deny the allegations set forth in Paragraph 98 of the Complaint.

99.    Deny the allegations set forth in Paragraph 99 of the Complaint.

100.    Deny the allegations set forth in Paragraph 100 of the Complaint.

101.    Deny the allegations set forth in Paragraph 101 of the Complaint.

102.    Deny the allegations set forth in Paragraph 102 of the Complaint.

103.    Deny the allegations set forth in Paragraph 103 of the Complaint.

104.    Deny the allegations set forth in Paragraph 104 of the Complaint.

105.    Deny the allegations set forth in Paragraph 105 of the Complaint.

106.    Deny the allegations set forth in Paragraph 106 of the Complaint.

107.    Deny the allegations set forth in Paragraph 107 of the Complaint.

108.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Complaint.

109.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Complaint.

110.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint.

111.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Complaint.

112.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the Complaint.

113.    Deny the allegations set forth in Paragraph 113 of the Complaint.

114.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Complaint except admit that the SSD Defendants are not parties to any contracts between Sky Medical's assignors and their insurance companies.

115.    Deny the allegations set forth in Paragraph 115 of the Complaint.

116.    Deny the allegations set forth in Paragraph 116 of the Complaint.

117.    Deny the allegations set forth in Paragraph 117 of the Complaint.

118.    Deny the allegations set forth in Paragraph 118 of the Complaint.

119.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119 of the Complaint.

120.    Deny the allegations set forth in Paragraph 120 of the Complaint.

121.    Deny the allegations set forth in Paragraph 121 of the Complaint.

122.    State that the allegations set forth in Paragraph 122 of the Complaint are conclusions of law, to which no response is required.

123.    Deny the allegations set forth in Paragraph 123 of the Complaint.

124.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Complaint.

125.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Complaint.

126.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126 of the Complaint.

127.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Complaint.

128.    Deny the allegations set forth in Paragraph 128 of the Complaint.

129.    Deny the allegations set forth in Paragraph 129 of the Complaint.

130.    Deny the allegations set forth in Paragraph 130 of the Complaint.

131.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Complaint.

132.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of the Complaint.

133.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of the Complaint.

134.    Deny the allegations set forth in Paragraph 134 of the Complaint.

135.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Complaint.

136.    Deny the allegations set forth in Paragraph 136 of the Complaint.

137.    Deny the allegations set forth in Paragraph 137 of the Complaint.

138.    Deny the allegations set forth in Paragraph 138 of the Complaint.

139.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 139 of the Complaint, except admit that Dr. Sharahy resides in New Jersey.

140.    The SSD Defendants restate their responses to each and every allegation set forth above as if set forth in full herein.

141.    State that the allegations set forth in Paragraph 141 of the Complaint are conclusions of law, to which no response is required.

142.    Deny the allegations set forth in Paragraph 142 of the Complaint.

143.    Deny the allegations set forth in Paragraph 143 of the Complaint.

144.    Deny the relief requested in Paragraph 144 of the Complaint.

145.    The SSD Defendants restate their responses to each and every allegation set forth above as if set forth in full herein.

146.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Complaint.

147.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147 of the Complaint.

148.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Complaint.

149.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Complaint.

150.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 150 of the Complaint.

151.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 151 of the Complaint.

152.    State that the allegations set forth in Paragraph 152 of the Complaint are conclusions of law, to which no response is required.

153.    State that the allegations set forth in Paragraph 153 of the Complaint are conclusions of law, to which no response is required.

154.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 154 of the Complaint.

155.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155 of the Complaint.

156.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 156 of the Complaint.

157.    State that the allegations set forth in Paragraph 157 of the Complaint are conclusions of law, to which no response is required.

158.    State that the allegations set forth in Paragraph 158 of the Complaint are conclusions of law, to which no response is required.

159.    State that the allegations set forth in Paragraph 159 of the Complaint are conclusions of law, to which no response is required.

160.    State that the allegations set forth in Paragraph 160 of the Complaint are conclusions of law, to which no response is required.

161. The SSD Defendants restate their responses to each and every allegation set forth above as if set forth in full herein.

162. Deny the allegations set forth in Paragraph 162 of the Complaint.

163. Deny the allegations set forth in Paragraph 163 of the Complaint.

164. Deny the allegations set forth in Paragraph 164 of the Complaint.

165. Deny the allegations set forth in Paragraph 165 of the Complaint.

166. Deny the allegations set forth in Paragraph 166 of the Complaint.

167. Deny the allegations set forth in Paragraph 167 of the Complaint.

168. State that the allegations set forth in Paragraph 168 of the Complaint are conclusions of law, to which no response is required.

169. State that the allegations set forth in Paragraph 169 of the Complaint are conclusions of law, to which no response is required.

170. Deny the allegations set forth in Paragraph 170 of the Complaint.

171. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 171 of the Complaint.

172. State that the allegations set forth in Paragraph 172 of the Complaint are conclusions of law, to which no response is required.

173. State that the allegations set forth in Paragraph 173 of the Complaint are conclusions of law, to which no response is required.

174. State that the allegations set forth in Paragraph 174 of the Complaint are conclusions of law, to which no response is required.

175. State that the allegations set forth in Paragraph 175 of the Complaint are conclusions of law, to which no response is required.

176. Deny that Sky Medical is entitled to the relief sought in Paragraph 176 of the Complaint.

177. The SSD Defendants restate their responses to each and every allegation set forth above as if set forth in full herein.

178. State that the allegations set forth in Paragraph 178 of the Complaint are conclusions of law, to which no response is required.

179. Deny the allegations set forth in Paragraph 179 of the Complaint.

180. Deny the allegations set forth in Paragraph 180 of the Complaint.

181. Deny the allegations set forth in Paragraph 181 of the Complaint.

182. Deny the allegations set forth in Paragraph 182 of the Complaint.

183. Deny the allegations set forth in Paragraph 183 of the Complaint.

184. State that the allegations set forth in Paragraph 184 of the Complaint are conclusions of law, to which no response is required.

185. State that the allegations set forth in Paragraph 185 of the Complaint are conclusions of law, to which no response is required.

186. Deny the allegations set forth in Paragraph 186 of the Complaint.

187. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 187 of the Complaint.

188. State that the allegations set forth in Paragraph 188 of the Complaint are conclusions of law, to which no response is required.

189. State that the allegations set forth in Paragraph 189 of the Complaint are conclusions of law, to which no response is required.

190.     State that the allegations set forth in Paragraph 190 of the Complaint are conclusions of law, to which no response is required.

191.     State that the allegations set forth in Paragraph 191 of the Complaint are conclusions of law, to which no response is required.

192.     Deny that Sky Medical is entitled to the relief sought in Paragraph 192 of the Complaint.

193.     The SSD Defendants restate their responses to each and every allegation set forth above as if set forth in full herein.

194.     State that the allegations set forth in Paragraph 194 of the Complaint are conclusions of law, to which no response is required.

195.     Deny the allegations set forth in Paragraph 195 of the Complaint.

196.     Deny the allegations set forth in Paragraph 196 of the Complaint.

197.     Deny the allegations set forth in Paragraph 197 of the Complaint.

198.     Deny the allegations set forth in Paragraph 198 of the Complaint.

199.     Deny the allegations set forth in Paragraph 199 of the Complaint.

200.     State that the allegations set forth in Paragraph 200 of the Complaint are conclusions of law, to which no response is required.

201.     State that the allegations set forth in Paragraph 201 of the Complaint are conclusions of law, to which no response is required.

202.     Deny the allegations set forth in Paragraph 202 of the Complaint.

203.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 203 of the Complaint.

204.    State that the allegations set forth in Paragraph 204 of the Complaint are conclusions of law, to which no response is required.

205.    State that the allegations set forth in Paragraph 205 of the Complaint are conclusions of law, to which no response is required.

206.    State that the allegations set forth in Paragraph 206 of the Complaint are conclusions of law, to which no response is required.

207.    State that the allegations set forth in Paragraph 207 of the Complaint are conclusions of law, to which no response is required.

208.    Deny that Sky Medical is entitled to the relief sought in Paragraph 176 of the Complaint.

209.    The SSD Defendants restate their responses to each and every allegation set forth above as if set forth in full herein.

210.    State that the allegations set forth in Paragraph 210 of the Complaint are conclusions of law, to which no response is required.

211.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 211 of the Complaint.

212.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 212 of the Complaint.

213.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 213 of the Complaint.

214.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 214 of the Complaint.

215.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215 of the Complaint.

216.     State that the allegations set forth in Paragraph 216 of the Complaint are conclusions of law, to which no response is required.

217.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217 of the Complaint.

218.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 218 of the Complaint.

219.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 219 of the Complaint.

220.     State that the allegations set forth in Paragraph 220 of the Complaint are conclusions of law, to which no response is required.

221.     State that the allegations set forth in Paragraph 221 of the Complaint are conclusions of law, to which no response is required.

222.     State that the allegations set forth in Paragraph 222 of the Complaint are conclusions of law, to which no response is required.

223.     State that the allegations set forth in Paragraph 223 of the Complaint are conclusions of law, to which no response is required.

224.     Deny that Sky Medical is entitled to the relief sought in Paragraph 224 of the Complaint.

225.     The SSD Defendants restate their responses to each and every allegation set forth above as if set forth in full herein.

226.    State that the allegations set forth in Paragraph 226 of the Complaint are conclusions of law, to which no response is required.

227.    Deny the allegations set forth in Paragraph 227 of the Complaint.

228.    Deny the allegations set forth in Paragraph 228 of the Complaint.

229.    Deny the allegations set forth in Paragraph 229 of the Complaint.

230.    Deny the allegations set forth in Paragraph 230 of the Complaint.

231.    Deny the allegations set forth in Paragraph 231 of the Complaint.

232.    State that the allegations set forth in Paragraph 232 of the Complaint are conclusions of law, to which no response is required.

233.    Deny the allegations set forth in Paragraph 233 of the Complaint.

234.    Deny the allegations set forth in Paragraph 234 of the Complaint.

235.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 235 of the Complaint.

236.    State that the allegations set forth in Paragraph 236 of the Complaint are conclusions of law, to which no response is required.

237.    State that the allegations set forth in Paragraph 237 of the Complaint are conclusions of law, to which no response is required.

238.    State that the allegations set forth in Paragraph 238 of the Complaint are conclusions of law, to which no response is required.

239.    State that the allegations set forth in Paragraph 239 of the Complaint are conclusions of law, to which no response is required.

240.    Deny that Sky Medical is entitled to the relief sought in Paragraph 240 of the Complaint.

241.   The SSD Defendants restate their responses to each and every allegation set forth above as if set forth in full herein.

242.   State that the allegations set forth in Paragraph 242 of the Complaint are conclusions of law, to which no response is required.

243.   Deny the allegations set forth in Paragraph 243 of the Complaint.

244.   Deny the allegations set forth in Paragraph 244 of the Complaint.

245.   Deny the allegations set forth in Paragraph 245 of the Complaint.

246.   Deny the allegations set forth in Paragraph 246 of the Complaint.

247.   Deny the allegations set forth in Paragraph 247 of the Complaint.

248.   State that the allegations set forth in Paragraph 248 of the Complaint are conclusions of law, to which no response is required.

249.   Deny the allegations set forth in Paragraph 249 of the Complaint.

250.   Deny the allegations set forth in Paragraph 250 of the Complaint.

251.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 251 of the Complaint.

252.   State that the allegations set forth in Paragraph 252 of the Complaint are conclusions of law, to which no response is required.

253.   State that the allegations set forth in Paragraph 253 of the Complaint are conclusions of law, to which no response is required.

254.   State that the allegations set forth in Paragraph 254 of the Complaint are conclusions of law, to which no response is required.

255.   State that the allegations set forth in Paragraph 255 of the Complaint are conclusions of law, to which no response is required.

256.   Deny that Sky Medical is entitled to the relief sought in Paragraph 256 of the Complaint.

257.   The SSD Defendants restate their responses to each and every allegation set forth above as if set forth in full herein.

258.   State that the allegations set forth in Paragraph 258 of the Complaint are conclusions of law, to which no response is required.

259.   Deny the allegations set forth in Paragraph 259 of the Complaint.

260.   Deny the allegations set forth in Paragraph 260 of the Complaint.

261.   Deny the allegations set forth in Paragraph 261 of the Complaint.

262.   Deny the allegations set forth in Paragraph 262 of the Complaint.

263.   Deny the allegations set forth in Paragraph 263 of the Complaint.

264.   State that the allegations set forth in Paragraph 264 of the Complaint are conclusions of law, to which no response is required.

265.   Deny the allegations set forth in Paragraph 265 of the Complaint.

266.   Deny the allegations set forth in Paragraph 266 of the Complaint.

267.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 267 of the Complaint.

268.   State that the allegations set forth in Paragraph 268 of the Complaint are conclusions of law, to which no response is required.

269.   State that the allegations set forth in Paragraph 269 of the Complaint are conclusions of law, to which no response is required.

270.   State that the allegations set forth in Paragraph 270 of the Complaint are conclusions of law, to which no response is required.

271.    State that the allegations set forth in Paragraph 271 of the Complaint are conclusions of law, to which no response is required.

272.    Deny that Sky Medical is entitled to the relief sought in Paragraph 272 of the Complaint.

273.    As the Court has dismissed all claims relating to Paragraphs 273-294 of the Complaint, no response is required to the allegations contained therein.

295.    Deny the allegations set forth in Paragraph 295 of the Complaint.

296.    Deny the allegations set forth in Paragraph 296 of the Complaint.

297.    Deny the allegations set forth in Paragraph 297 of the Complaint.

298.    Deny the allegations set forth in Paragraph 298 of the Complaint.

299.    Deny the allegations set forth in Paragraph 299 of the Complaint.

300.    State that the allegations set forth in Paragraph 300 of the Complaint are conclusions of law, to which no response is required.

301.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 301 of the Complaint except admit that the SSD Defendants are not parties to any contracts between Sky Medical and insurance companies.

302.    Deny the allegations set forth in Paragraph 302 of the Complaint.

303.    Deny that Sky Medical is entitled to the relief sought in Paragraph 303 of the Complaint.

<u>FIRST AFFIRMATIVE DEFENSE</u>

304.    The Complaint fails to state a claim against either of the SSD Defendants.

21

## SECOND AFFIRMATIVE DEFENSE

305.   The Complaint fails to plead fraud with particularity.

## THIRD AFFIRMATIVE DEFENSE

306.   Sky Medical's claims are barred, in whole or in part, by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

307.   Sky Medical's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

308.   Sky Medical's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

309.   Sky Medical's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

310.   Sky Medical's claims are barred, in whole or in part, by the doctrine of res judicata.

## EIGHTH AFFIRMATIVE DEFENSE

311.   Sky Medical's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

312.   Sky Medical's claims are barred, in whole or in part, by the doctrine of election of remedies.

TENTH AFFIRMATIVE DEFENSE

313.   Sky Medical's claims are barred, in whole or in part, by the doctrine of ripeness.

ELEVENTH AFFIRMATIVE DEFENSE

314.   Sky Medical's claims are barred, in whole or in part, by the doctrine of standing to sue, and Sky Medical's claim for a declaratory judgment does not present a justiciable controversy.

TWELFTH AFFIRMATIVE DEFENSE

315.   Sky Medical's claims are barred, in whole or in part, by Sky Medical's failure to mitigate its damages.

THIRTEENTH AFFIRMATIVE DEFENSE

316.   Sky Medical's alleged injuries were not proximately caused by the SSD Defendants.

FOURTEENTH AFFIRMATIVE DEFENSE

317.   Sky Medical's reimbursement claims were meritless and not entitled to reimbursement from the insurance companies.

**COUNTERCLAIM—TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE BUSINESS RELATIONS**

**A.   Parties To Counterclaim.**

318.   Counterclaim-Plaintiff Patient Focus Medical Examinations, PC d/b/a All Borough Medical, PC ("Patient Focus") is a dissolved New York corporation.

319.   Counterclaim-Plaintiff Tatiana Sharahy, MD ("Dr. Sharahy") is a citizen of New Jersey.

320.    Counterclaim-Defendant Sky Medical Supply, Inc., ("Sky Medical") is a New York corporation with its principal place of business in New York.

**B.  Statement Of Facts.**

321.    Sky Medical is a medical supply company that, *inter alia*, provides medical devices to persons allegedly injured in motor vehicle accidents in exchange for assignment of their right to reimbursement under the New York State No-Fault Insurance Law.

322.    Upon information and belief, Sky Medical provides medical devices without any making any investigation of whether there is any medical necessity for the recipient to receive such medical devices, and submits requests for reimbursement for the medical devices without making any investigation of whether said reimbursements are justified or proper.

323.    Consequently, insurance companies have accused Sky Medical of routinely submitting fraudulent claims, and have filed lawsuits against Sky Medical alleging, *inter alia*, fraudulent billing, and listed Sky Medical as providers not entitled to reimbursement or as being unapproved providers.

324.    Some of Sky Medical's unjustified claims for reimbursement were processed by Patient Focus, which was in turn owned by Dr. Sharahy.

325.    In an attempt to divert attention and blame for its own misconduct, an in attempt to recoup some payment for its unjustified, properly-denied claims, Sky Medical invented a purported conspiracy involving Patient Focus and Dr. Sharahy to deny its claims without proper review.

326.    Sky Medical then filed the instant lawsuit, making a series of false and unjustified accusations against Patient Focus and Dr. Sharahy.  Sky Medical was on notice that its allegations were false and unjustified—in the vast majority of cases, rejection of the claims processed by Patient Focus was affirmed by the New York State courts after Sky Medical was provided a full and fair opportunity to contest the denials before a judge.

327.    Indeed, Sky Medical's present Second Amended Complaint only alleges injuries arising from reimbursement denials that were upheld wholly or in part by a New York State judge.

328.    At all relevant times, Sky Medical was aware that Patient Focus and Dr. Sharahy had business and prospective business relationships with insurance companies and their intermediaries, and was aware that its false allegations would harm those relationships.

329.    As a result of Sky Medical's malicious and wrongful conduct, Patient Focus and Dr. Sharahy's ability to continue their business of processing insurance claims has been severely diminished—insurance companies and their intermediaries are quite unwilling to do business with persons or entities accused of fraud, regardless of whether the allegations are true, or whether they are eventually disproven.

330.    As a result of Sky Medical's malicious and wrongful conduct, Patient Focus and Dr. Sharahy have suffered financial injury arising from damage to relationships with current or prospective business partners, as well as more general reputational injuries.  Patient Focus and Dr. Sharahy are entitled to compensation for said injuries in an amount to be determined by a finder of fact.

331. Because Sky Medical has engaged in a willful, wanton, and outrageously immoral campaign to injure Patient Focus and Dr. Sharahy in order to distract attention from its own prior wrongdoing, Patient Focus and Dr. Sharahy are also entitled to an award of punitive damages in an amount to be determined by a finder of fact.

WHEREFORE, Patient Focus and Dr. Sharahy respectfully request that judgment be entered dismissing Sky Medical's Second Amended Complaint and awarding them compensatory and punitive damages on their counterclaim in an amount to be determined by the finder of fact, and awarding them such other relief as the Court deems just and proper.

Dated: New York, New York
        October 26, 2015

**SCHLAM STONE & DOLAN LLP**


By: /s/ Jeffrey M. Eilender
Jeffrey M. Eilender
Michael A. Battle
Niall D. O'Murchadha
26 Broadway
New York, New York 10004
Telephone No.: (212) 344-5400
Facsimile No.: (212) 344-7677
E-mail: jme@schlamstone.com
E-Mail: mbattle@schlamstone.com
E-Mail: nomurchadha@schlamstone.com

*Attorneys for Defendants*
*Patient Focus Medical Examinations, PC*
*d/b/a All Borough Medical, PC, and*
*Tatiana Sharahy, MD.*