**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SKY MEDICAL SUPPLY INC.,

                         Plaintiff,                      **ORDER**

     -against-                             CV 12-6383 (JFB) (AKT)

SCS SUPPORT SERVICES, INC., et al.,

                         Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court has reviewed Defendant Patient Focus Medical Examinations and Defendant Dr. Tatiana Sharahy's (collectively "Defendants") letter motion [DE 422] as well as Plaintiff's response [DE 425]. Initially the Court points out that Defendants' letter motion is procedurally defective as it violates both Local Rule 37.3, which requires that a letter motion submitted pursuant to this rule not exceed three pages, as well as Rule III.A.1 of this Court's Individual Practice Rules which echoes Local Rule 37.3's page length requirements. *See* Magistrate Judge Tomlinson's Individual Rules of Practice, Rule III.A.1 ("letter motions may not exceed three pages in length"). In addition, at the December 11, 2015 conference, counsel was put on notice that:

> If you're going to make a letter motion, your letter motion *is limited to three pages*. You may have three or four exhibits. Do not give me any declarations and don't hand me 100-page exhibits attached to something like this. If that's what you want to do and you feel it's necessary, then make a formal motion under the Federal Rules.

Transcript of the Status Conference before the Honorable A. Kathleen Tomlinson, December 11, 2015 at 18 (emphasis added). Despite this cautionary language, Defendants nevertheless have filed a letter motion that exceeds the three-page limitation and disregards the Court's directive that voluminous attachments, such as the 116 pages of affidavits attached to Defendants'

submission, are improper. These procedural defects alone thus provide a sufficient basis to deny Defendants' motion.

In addition to the these overall procedural deficiencies, Defendants' arguments with respect to Plaintiff's supplemental discovery requests likewise fail to comply with the procedural requirements of Local Rule 37.1, which applies when a party is seeking Court intervention as to a specific response to a specific document demand or interrogatory. Although Defendants broadly outline the alleged deficiencies in Plaintiff's supplemental submission, Rule 37.1 requires further specificity. Specifically, Rule 37.1 states that

> Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response. Local Civil Rule 5.1 also applies to the motion or application.

Local Civil Rule 37.1. *See also* Local Rule 5.1. Therefore, to comply with these Rules, the movant must first list verbatim the document request or interrogatory which was served on opposing counsel, followed directly by opposing counsel's verbatim response to the particular request, followed immediately by the specific objection(s) counsel is raising and the basis for the objections (*i.e.*, why the response is objectionable, deficient, non-responsive, etc.). Counsel is expected to refer to relevant case law to support his/her position/objection as to the respective discovery demand. Therefore, if counsel desires a ruling with respect to this alleged deficiency, a proper motion, in compliance with Rule 37.1 must be filed. Therefore, Defendants' motion with respect to Plaintiff's supplemental submission is DENIED, without prejudice.

With regard to Defendants' claim that Plaintiff's document production remains deficient, the Court notes that: (1) Plaintiff has attempted to make the material available for Defendants'

inspection as evidenced in Plaintiff's response and this is all that is required. *See* DE 425 at 2; and (2) Although Defendants appear to assail Plaintiff's submission as violating Rule 34(b)(2(E), the Rule only requires that a party "must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." (emphasis added). *See* F. R. Civ. P. 34(b)(2)(E). In light of the fact that the rule is disjunctive, Plaintiff need not comply with both clauses of the rule and in this instance, Plaintiff has stated that the documents sought "are stored – as a matter of course – electronically on the aforementioned server, and were labeled and scanned *before* the Complaint was filed." *See* DE 425 at 2 (emphasis in original). Therefore, so long as Plaintiff has produced the documents as they exist in the usual course business, as is indicated in Plaintiff's response, that is all Rule 34 requires. Furthermore, the Court has reviewed exhibit 1 attached to DE 422 and each document notated appears to have a corresponding numerical identifier associated with it. For example, D_201410291009 followed by D_201303111135, etc. As such, the Court is unclear as to why Defendants are claiming that the documents lack a proper identifier. To the extent Defendants' complaint is that the identifiers do not appear on the documents themselves, Plaintiff is instructed to work with its vendor to ensure that proper numerical identifiers appear on each individual document. However, as to such identification, the Court also reviewed exhibit 2 attached to DE 425 and the numerical identifiers appear to be properly embedded — at least with respect to the exemplar attached to Plaintiff's response. *See* DE 425, Ex. 2.

Turning to Defendants' motion to quash the subpoena served upon non-party JP Morgan Chase, the Court will not address such an application without formal motion practice. Especially in this instance where the subpoena is directed at a non-party and an issue with respect to Defendants' standing to challenge the subpoena has been asserted by Plaintiff. Therefore, if

Defendants seek to pursue such a motion they are directed to file a formal motion on notice to both Plaintiff and the non-party.  The Court reminds counsel that the motion is required to set forth a discussion of the case law which applies and for which the movant relies to support their legal argument.  Given the above, Defendants' motion to quash the non-party subpoena served on JP Morgan Chase is DENIED, without, prejudice.

**SO ORDERED.**

Dated: Central Islip, New York
January 14, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge