# GARFUNKEL WILD, P.C.
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

JUSTIN M. VOGEL
Partner
Licensed in NY
Email: jvogel@garfunkelwild.com
Direct Dial: (516) 393-2570

FILE NO.: 00638.1399

January 19, 2016

**By ECF**

Hon. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: Sky Medical Supply, Inc. v. SCS Support Claims Services, Inc.
Docket No. 12-cv-06383 (JFB)(AKT)

Dear Judge Tomlinson:

We are counsel to Defendants SCS Support Claim Services ("SCS"), Dante Brittis, M.D.; Joseph C. Cole, M.D.; Eitan Dagan; Mitchell Ehrlich, M.D.; Christopher Ferrante, D.C.; William S. Kritzberg, M.D.; Denis Mann, M.D.; Robert A. Sohn, M.D.; Renat R. Sukhov, M.D.; Mark Weber, M.D.; Mitchell L. Weisman, M.D.; and Julio Westerband, M.D. (the "GW Defendants") in this matter. In accordance with Your Honor's rules and Local Rule 37.3, we write concerning the document discovery recently provided by Plaintiff's counsel and seek an Order from the Court directing Plaintiff to produce documents in a manner consistent with Rule 34 of the Federal Rules of Civil Procedure and other controlling authority.

We are in receipt of your Honor's Order, dated January 14, 2016, which denied Defendants' Patient Focus Medical Examinations and Dr. Tatiana Sharahy ("Patient Focus") application seeking a directive that Plaintiff produce documents (more than 230,000 individual pages) with proper identifiers. The Court denied Patient Focus' motion because, *inter alia*, the Court observed a "numerical identifier" on the exhibits presented and because of Plaintiff's claim that the documents were produced as they are kept "in the usual course of business." While the GW Defendants understand that Rule 34 permits a disclosing party to produce documents as they are kept in the "usual course of business," the GW Defendants nevertheless submit that Plaintiff's document production remains insufficient under the Rule because the documents were produced, on two CD Discs, without any reasonable means for the GW Defendants to determine the documents' relevance to the Parties' claims and defenses, and because the issue would not be resolved by reviewing the documents on Plaintiff's computer server.

As a threshold matter, it is well-settled that a producing party claiming to disclose documents in the "usual course of business" must do more than merely attest that the documents were organized as they are regularly maintained. Plaintiff must provide sufficient context that will enable the requesting party ". . . to efficiently locate the specific information related to their requests." *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 110 (S.D.N.Y. 2013); *see also Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 335 (N.D.N.Y. 2008) (holding that plaintiff's production, while capable of being converted into text searchable format, was insufficient because it failed to include any organization information regarding the documents produced). "Courts frequently require the party to explain how its documents are organized in the ordinary course of business and what steps the party took to search and produce the documents." *Distefano v. Law Offices of Barbara H. Katsos, PC*, No. CV 11-2893 JS AKT, 2013 WL 1339536, at *5 (E.D.N.Y. Mar. 29, 2013) (requiring plaintiff to submit a detailed affidavit describing her filing system and the specific steps and methods used to collect the documents responsive to the requests or, in the alternative, provide specific responses with bates stamped documents). In that regard, Rule 34 has been interpreted to require a thorough index demonstrating how the documents were kept in the usual course of business. *See Menard v. Chrysler Grp. LLC*, No. 14 CV 6325 VB, 2015 WL 5472724, at *2 (S.D.N.Y. July 2, 2015)(finding plaintiff satisfied Rule 34 by providing a clear index that explained plaintiff's organization method); *see also Schrom v. Guardian Life Ins. Co. of Am.*, No. 11 CIV. 1680 BSJ JCF, 2012 WL 28138, at *6 (S.D.N.Y. Jan. 5, 2012) ("Where massive numbers of documents are involved, it may be necessary for the producing party to provide a complete explanation of its information management structure if it wishes to produce those documents in the manner that they are ordinarily stored.").

Indeed, where the producing party's document retention system does not permit for a well-organized record, the party "must produce documents according to the only remaining option under Rule 34: 'organize[d] and label[ed] ... to correspond to the categories in the request.'" *See S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 413 (S.D.N.Y. 2009); *see also Chemtex, LLC. v. St. Anthony Enterprises, Inc.*, 2004 WL 764781, *1 (S.D.N.Y. 2004) (when "the state of the corporation's records would make it unreasonably burdensome for the discovering party to search for the sought-after documents, the burden falls to the discoveree to organize the documents so that the discoveror may make 'reasonable use' of them.").

Here, Plaintiff served the GW Defendants with two CD Discs, labeled only as "1" and "2", both of which are filled to capacity with various electronic folders. The GW Defendants did not receive an accompanying index to decipher the more than 230,000 documents received. Rather, each of the electronic folders are simply labeled with a combination of names and numbers without any connection to the GW Defendants' document demands.

In short, the numbers affixed to Plaintiff's disclosure do not aid the GW Defendants in their effort to identify the nature of the documents produced, and have no apparent correlation to the claim numbers listed on the Damages Spreadsheet (annexed as Exhibit 7 to Plaintiff's Second Amended Complaint), which Spreadsheet encompasses the totality of Plaintiff's alleged damages. As such, it is clear that the "labels" appearing on Plaintiff's documents are internal

Hon. Kathleen Tomlinson
January 19, 2016
Page 3

case identification numbers that Plaintiff uses to organize separate insurance claims, but which do not relate to the actual claim numbers at issue in this lawsuit. Accordingly, Plaintiff's massive and unspecified disclosure prohibits the GW Defendants from making "reasonable use" of the documents provided. In fact, The GW Defendants would have to compare each of Plaintiff's internal filing numbers, page-by-page, and compare that number against the actual claim number in order to determine if a particular document is related to the claims listed on the Damages Spreadsheet. It is respectfully submitted that it would be unduly burdensome for the GW Defendants to undertake that effort without clear bate-stamp numbers correlated to the GW Defendants' document demands. Without the relief sought, the GW Defendants would be forced to spend countless hours examining 230,000 documents in relation to a lawsuit limited to $149,000.00 in possible damages, based on a mere 177 claims.

     In light of the foregoing, and in a good faith attempt to resolve this issue, I reached out to Plaintiff's counsel by email asking that Plaintiff reproduce the documents with bates stamped numbers so that the GW Defendants can make "reasonable use" of the disclosure and so that the documents can be referred to by the bate stamp during depositions. In response, Plaintiff's counsel refused to produce the documents with bate-stamps, and stated that the GW Defendants could inspect the documents on the hard drive located at Plaintiff's counsel's office. But Plaintiff's offer does not satisfy Rule 34 because any in-person inspection of Plaintiff's hard drive (which, according to Plaintiff, stores the documents in the same manner produced to the GW Defendants) would still require the painstaking and time consuming comparison of 230,000 documents to the claim numbers listed on the Spreadsheet. Indeed, the documents produced by Plaintiff include no indication of which documents relate to the 177 claims at issue.

     Accordingly, the GW Defendants respectfully request that the Court order Plaintiff to organize and label its document production in accordance with Rule 34(b)(2)(E)(i), and the case law cited above.

Respectfully submitted,

Justin M. Vogel

JMV:cmb

cc:    All counsel (By ECF)

GARFUNKEL WILD, P.C.

3677976v.6