# GALLET DREYER & BERKEY, LLP
ATTORNEYS AT LAW

845 Third Avenue - 5th Floor
New York, NY 10022 - 6601
Telephone 212 - 935 - 3131
Facsimile 212 - 935 - 4514

January 28, 2016

**VIA ECF**

Hon. A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

                Re:    Sky Medical Supply, Inc. v.
                        SCS Support Claims Services, Inc., et al.
                        12 Civ. 06383 (JFB) (AKT)

Dear Judge Tomlinson:

      We represent defendants Nationwide Management Inc., Benjamin Osiashvili, Mikael Osiashvili, Svetlana Osiashvili, and Alex Vayner ("Nationwide Defendants") in this matter. We respectfully submit the following in opposition to plaintiff's motion seeking to compel the Nationwide Defendants to provide further responses to certain of plaintiff's discovery requests.

      Plaintiff's motion is entirely without basis. It not only violates the Rules of this Court, but lacks any substance whatsoever.

      As an initial matter, <u>not once</u> in the full year that has passed since the Nationwide Defendants timely served their responses to plaintiff's document requests and interrogatories did plaintiff ever even seek to bring to the Nationwide Defendants' attention, no less attempt to meet and confer concerning, any purported insufficiency with any of the specific discovery items that are the subject of plaintiff's motion. Plaintiff's failure to meet and confer prior to filing their discovery motion in and of itself mandates the denial of plaintiff's motion. Local Rule 37.3; Individual Rule III(A)(1); <u>Official Committee of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman</u>, 2015 WL 9701024, *5 n. 8 (E.D.N.Y. 2015) (Tomlinson, M.J.), <u>adopted</u>, 2016 WL 183318 (E.D.N.Y. 2016); <u>Automobile Club of New York, Inc. v. The Port Authority of New York and New Jersey</u>, 2012 WL 4791804, *6 (S.D.N.Y. 2012) (denying motion to compel where "there is no indication that any attempts were made to resolve any *specific* discovery disputes as they relate to particular demands or responses"; emphasis in original).[1]

      Even apart from plaintiff's failure to comport with the Rules, plaintiff's new challenges to the Nationwide Defendants' responses to particular document requests and interrogatories are wholly without merit.

---

[1] None of the specific discovery requests or the Nationwide Defendants' responses and objections to them that are the subject of plaintiff's motion were a topic of the meet and confer telephone conference among various counsel in December 2015.

GALLET DREYER & BERKEY, LLP

Hon. A. Kathleen Tomlinson
January 28, 2016
Page 2

As to <u>Document Request No. 1</u>, in September 2014, when the Nationwide Defendants served their Rule 26(a)(1) Initial Disclosures, Nationwide believed that it had in its possession certain documents pertaining to the specific no-fault claims at issue in this litigation. Following plaintiff's subsequent service of its document demands, the Nationwide Defendants did a thorough search and investigation of their records, which revealed that the Nationwide Defendants in fact did <u>not</u> have such documents, because the Nationwide Defendants had no role with respect to those specific claims. The Nationwide Defendants, moreover, informed plaintiff of that lack of involvement and consequent lack of documents as part of its discovery responses, which the Nationwide Defendants served in January 2015. Thus, there are no documents for the Nationwide Defendants to produce in further response to Request No. 1.[2]

<u>Document Request No. 3</u> is grossly overbroad and improper, calling for the production of *every single financial document*, including tax returns, from the entire history of Nationwide. It should also be emphasized in this regard that this suit concerns a mere 177 no-fault claims, concerning a time period of less than 2½ years, with total alleged damages of less than $150,000, as Judge Bianco dismissed the suit as to every one of the other no-fault claims upon which plaintiff had originally sought to sue. The Request is thus not only utterly disproportional to the scope and needs of this case, but a classic fishing expedition into entirely irrelevant, sensitive financial, business, and tax information, as to which plaintiff has failed to demonstrate a valid, no less compelling, reason for production. See, e.g., <u>Cuomo v. Clearing House Association</u>, 557 U.S. 519, 531 (2009) ("an undirected rummaging through bank books and records for evidence of some unknown wrongdoing"); <u>Peskoff v. Faber</u>, 230 F.R.D. 25, 28 (D.D.C. 2005) (in RICO discovery, the Court must "assess the relevance of the information sought in light of particularized claims, rather than general allegations"); <u>Raba v. Suozzi</u>, 2007 WL 81932 (E.D.N.Y. 2007) (Tomlinson, M.J.) (denying motion to compel production of tax returns).

<u>Document Request No. 15</u> is flawed for much the same reasons, calling for a vast array of irrelevant business and real estate documents that have absolutely no bearing on the propriety of defendants' purported role in the denial of the 177 specific no-fault claims that are the sole matters at issue here.

<u>Interrogatory No. 2 to Nationwide</u> asks for the identity of essentially every single person who had anything to do with Nationwide for nearly a decade. It is thus, as indicated in Nationwide's objection, tremendously overbroad, burdensome, and harassing, and seeks information that is patently irrelevant to the limited issues in this suit. Notwithstanding, Nationwide is amenable to providing the names of any owners or officers of Nationwide during the time period in which the specific claims at issue in the suit arose.

<u>Interrogatory No. 7 to Nationwide/Interrogatory No 5 to Individual Nationwide Defendants</u>, like Document Request No. 3, is a fishing expedition into the Nationwide Defendants' financial affairs, and constitutes, to quote the Supreme Court once again, an

---

[2] The Nationwide Defendants will amend their Rule 26(a) Initial Disclosures to reflect this.

GALLET DREYER & BERKEY, LLP

Hon. A. Kathleen Tomlinson
January 28, 2016
Page 3

attempted "undirected rummaging through bank books and records for evidence of some unknown wrongdoing." Clearing House Association, 557 U.S. at 531.

Plaintiff's complaint about the Nationwide Defendant's response to Interrogatory No. 9 to Nationwide/Interrogatory No. 7 to Individual Nationwide Defendants is nearly impossible to understand. Plaintiff protests that the Nationwide Defendants should answer this interrogatory and provide information about any oral agreements relating to the reports concerning the 177 claims identified in the Second Amended Complaint. The Nationwide Defendants have already done exactly that in answering this interrogatory, responding, as plaintiff itself admits in its motion, "the Nationwide Defendants state that they did not enter into any oral agreements specifically addressing the no-fault claims that are the subject of the Second Amended Complaint, i.e., the claims set forth in Exhibit 7 to the Second Amended Complaint."

Plaintiff's assertion concerning Interrogatory 11 to Nationwide/Interrogatory No. 9 to Individual Nationwide Defendants is likewise entirely baseless. In addition to seeking materials that are immaterial to the matters at issue in this suit, as noted above, the Nationwide Defendants had no role with respect to the 177 specific no-fault claims at issue in this litigation.[3]

We respectfully submit that, for the foregoing reasons, plaintiff's motion to compel should be denied in its entirety.

Respectfully submitted,

David S. Douglas

cc: All counsel (via ECF)
    Dr. Warren Cohen (via email)

00723055.DOCX

---

[3] Plaintiff also complains about the General Objections that the Nationwide Defendants asserted as part of their responses to plaintiff's document requests and interrogatories. As demonstrated above, however, the specific document requests and interrogatories that are the subject of plaintiff's motion are indeed objectionable or have already been fully responded to by the Nationwide Defendants notwithstanding asserted objections. Moreover, consistent with cases such as Convermat Corp. v. St. Paul Fire and Marine Insurance Co., 2007 WL 2743696 (E.D.N.Y. 2007) (Tomlinson, M.J.), the Nationwide Defendants have specifically demonstrated how each of the particular document demands and interrogatories at issue in plaintiff's motion seek documents or information that is irrelevant to the no-fault claims that are the subject of the action, are overly broad or burdensome, or have already been fully responded to by the Nationwide Defendants. Moreover, as discussed, the reason that the Nationwide Defendants have not produced requested documents specifically concerning the 177 claims is simply because they do not have the requested documents, as they had no role in those claims.