**GARFUNKEL WILD, P.C.**
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

JUSTIN M. VOGEL
Partner
Licensed in NY
Email: jvogel@garfunkelwild.com
Direct Dial: (516) 393-2570

FILE NO.: 00638.1399

January 29, 2016

**By ECF**

Hon. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: Sky Medical Supply, Inc. v. SCS Support Claims Services, Inc.
Docket No. 12-cv-06383 (JFB)(AKT)

Dear Judge Tomlinson:

We are counsel to Defendants SCS Support Claim Services ("SCS"), Dante Brittis, M.D.; Joseph C. Cole, M.D.; Eitan Dagan; Mitchell Ehrlich, M.D.; Christopher Ferrante, D.C.; William S. Kritzberg, M.D.; Denis Mann, M.D.; Robert A. Sohn, M.D.; Renat R. Sukhov, M.D.; Mark Weber, M.D.; Mitchell L. Weisman, M.D.; and Julio Westerband, M.D. (the "GW Defendants") in the above-referenced matter. Pursuant to Your Honor's rules and Local Rule 37.3, we write in response to Plaintiff's letter application to compel discovery, dated January 25, 2016.

By Order dated May 7, 2014, Judge Bianco dismissed all RICO claims contained in Plaintiff's Amended Complaint - without prejudice – on the grounds that Plaintiff failed to plead "definitive RICO damages" (because Plaintiff admitted that many of the "thousands" of purported "fraudulent" peer review reports at issue were being used as evidence in "open" civil court No-Fault litigations). Plaintiff filed a Second Amended Complaint on June 6, 2014, reducing its alleged damages from "millions of dollars" to a mere $149,202.25. The revised damages calculation is based entirely on 177 denied No-Fault claims that were fully litigated in the civil courts and upon which Plaintiff was, allegedly, denied payment from insurance carriers due to "fraudulent" peer review reports (finding Sky Medical's devices as "medically unnecessary" for motor vehicle accident victims). Those 177 claims are listed in Exhibit 7 to the Second Amended Complaint. Also attached to the Complaint, as Exhibit 1, is a list – hundreds of pages long - of other "sample" claims which Plaintiff believes will be denied after civil court litigation, but which have no bearing on Plaintiff's damage claim.

As the Court noted during a conference before Your Honor on August 7, 2014, discovery in this matter is limited to documents and information related to the 177 claims listed in Exhibit

7, and Plaintiff was instructed not to exceed that boundary. As Your Honor unambiguously stated to Plaintiff's counsel: "You're to focus on the claims that we know about right now that deal specifically with the damages that you're claiming as a result of what you filed in your Amended Complaint." *See* Docket No. 325 at p. 18. Your Honor further expressed the limitation in the scope of discovery during a subsequent conference held on December 11, 2015, in response to Plaintiff's stated intention to seek discovery beyond the 177 claims listed in Exhibit 7. As Your Honor stated during the December 11 Conference: "Again, the scope of these damages, the projections from what I'm hearing from you . . . [the scope of discovery has] got to be narrowed more than it sounds like it's being narrowed at the moment." *See* Docket No. 412 at pp. 13-14. To ensure no confusion on the subject, Your Honor further clarified:

> And from what I see here given the claims that have been knocked out and the fact that we continue to talk about these 177 claims, which according to the defendants the damages are now reduced to the sum of $149,000, we're going to manage discovery in that framework. *See, id.* at p. 7.

In contravention of the Court's directives, Plaintiff served document demands and interrogatories that vastly expand the scope of discovery beyond the 177 claims on Exhibit 7 by, for example, seeking documents related to the "sample" claims included in Exhibit 1, as well as other documents that have no bearing on Plaintiff's claimed damages. As such, the GW Defendants objected to each discovery request that reached beyond the established scope of discovery, and was unable to resolve the issue with Plaintiff's counsel despite a "meet and confer" phone conference (at the Court's direction) and several other talks. The GW Defendants objected to Plaintiff's demands on several other grounds, including: (a) Plaintiff's submission of over twenty-five interrogatories, including subparts; (b) Plaintiff seeking irrelevant documents; and (3) burdensome and vague requests.

Plaintiff's letter motion to Your Honor serves only to highlight the overbroad nature of Plaintiff's discovery requests. Indeed, a document demand to which plaintiff seeks a response - Document Demand No. 5[1] – asks the GW Defendants for "any and all professional medical texts, reports, manuals, research studies, literature, guides or other documents you relied upon when producing **any report identified in Exhibits 1 and 7 to the Second Amended Complaint**." The GW Defendants objected to this demand, *inter alia*, because it seeks the production of documents that fall outside the narrow scope of discovery set by the Court. Plaintiff also points to Document Demand No. 14 which seeks "Copies of **any report identified in Exhibits 1 and 7 to the Second Amended Complaint**." That demand also seeks the production documents beyond the permissible scope of discovery.

While the GW Defendants indicated that they would produce documents in their possession, custody and control that relate solely to the 177 claims listed on Exhibit 7 for those demands, Plaintiff's counsel made it clear (during the conferences held before Your Honor and

---

[1] Plaintiff incorrectly lists this demand as "Document Demand No. 6" in its letter motion. Moreover, that demand was included only in discovery requests issued to the individual physician GW Defendants. SCS and Eitan Degan were not asked for those documents.

GARFUNKEL WILD, P.C.

3717277v.2

Hon. Kathleen Tomlinson
January 29, 2016
Page 3

the subsequent "meet and confer" conference between counsel for all parties) that Plaintiff would not be satisfied with such a limited response and would press its demands for reports related to Exhibit 1, as well as Exhibit 7. That being the case, the GW Defendants have refrained from producing documents absent a direction from the Court that only documents related to Plaintiff's damage claim need to be disclosed.

Indeed, discovery under Federal Rule of Civil Procedure ("Rule") 26 is not unfettered. The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." Rule 26(b)(1); *see also In re Fontaine*, 402 F.Supp. 1219, 1221 (S.D.N.Y.1975) (Rule 26 does not allow a party "to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so"). Courts must bar or limit discovery requests that seek information irrelevant to the causes of action or damages. Rule 26 (b)(2)(C); *Shah v. Consol. Edison Corp. of N.Y.*, 175 F. App'x 436, 438 (2d Cir. 2006) (finding district court was entitled to bar discovery requests that were irrelevant to the plaintiff's causes of action and overbroad); *see also Mitchell v. Town of Southampton*, 238 F.R.D. 368, 371 (E.D.N.Y. 2006) (finding defendants were not required to respond to certain discovery requests since those requests were beyond the scope of the limited discovery directed in the court's prior order); *In re Fontaine*, 402 F.Supp. at 1221; *Gropper v. David Ellis Real Estate, L.P.*, No. 13 CIV. 2068 ALC JCF, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a request for any and all documents relating to a subject is inherently overbroad and thus, impermissible).

Now, for the first time, Plaintiff appears to be limiting its document demands (at least as to those discussed in its letter motion) to claims listed in Exhibit 7 to the Amended Complaint. If that is the case, the GW Defendants will produce relevant documents in its possession, custody and control, limited to the claims included in Exhibit 7 and subject to the GW Defendants' general and specific objections to those demands. But, as noted above, Plaintiff's counsel has made no previous indication that such limited responses would be acceptable. Clarification by Plaintiff's counsel on that point would obviate the need for the GW Defendants to file a formal motion for a protective order with regard to any demands seeking documents and information beyond the limited range of discovery firmly established by this Court.

Respectfully submitted,

/s/Justin M. Vogel

Justin M. Vogel

JMV:cmb

cc:   All counsel (By ECF)

GARFUNKEL WILD, P.C.

3717277v.2