**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
SKY MEDICAL SUPPLY INC.,

                     Plaintiff,

              -against-

SCS SUPPORT CLAIM SERVICES, INC.,
PATIENT FOCUS MEDICAL EXAMINATIONS,
PC d/b/a ALL BOROUGH MEDICAL, PC,
NATIONWIDE MANAGEMENT INC., BAB
MANAGEMENT INC., MANAGEMENT
COMPANY A, MANA
GEMENT COMPANY B, MANAGEMENT
COMPANY C, MANAGEMENT COMPANY D,
MANAGEMENT COMPANY E, BENJAMIN
OSIASHVILI a.k.a VENIAMIN OSIASHVILI,
MIKAEL OSIASHVILI a.k.a MICHAEL
OSIASHVILI, SVETLANA OSIASHVILI,
ALEKSEY VAYNER a.k.a ALEX VAYNER,
EITAN DAGAN, MANAGER DEFENDANT A,
MANAGER DEFENDANT B, MANAGER
DEFENDANT C, MANAGER DEFENDANT D,
MANAGER DEFENDANT E, TATIANA
SHARAHY, MD, MITCHELL EHRLICH, MD,
JOSEPH C. COLE, MD, JULIO WESTERBAND,
MD, WILLIAM A. ROSS, MD, RENAT R.
SUKHOV, MD, WILLIAM S. KRITZBERG, MD,
ROBERT A. SOHN, DC, STANLEY ROSS, MD,
MITCHELL L. WEISMAN, MD, MARK WEBER,
MD, GARY J. FLORIO, MD, ANTONIO
MARTINS, MD, DAMION A. MARTINS, MD,
M.S., DANTE BRITTIS, MD, CHRISTOPHER
FERRANTE, DC, BRIAN FREINDLICH, DC,
WAYNE KERNESS, MD, DENIS MANN, DC,
ANDREW MILLER, MD, ANDREW BAZOS, MD,
DREW STEIN, MD, LINDA ACKERMAN and
EVGENIYA VAKIDOVA,

                    Defendants.
----------------------------------------------------------------X

**ORDER**

CV 12-6383 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

On December 16, 2016, the Court held a Status Conference/Motion Hearing in which it advised counsel that "in the event [the parties] persist in being unable to resolve their endless stream of discovery disputes, the Court intends to assign a Special Master to oversee and resolve all discovery issues going forward.  The cost of the Special Master will be borne equally by the parties involved."  DE 516, ¶ 1.  The Court then "directed counsel to the attorney conference rooms behind the courtroom to conduct a good faith meet-and-confer and to resolve the bulk of the issues which are clearly amenable to resolution."  *Id.*, ¶ 2.  After having conferred for approximately one hour, the Court's Law Clerk met with counsel during which time

> the parties represented that they had worked through all discovery issues in terms of the merits but that there remained a dispute as to the overall scope of such production, particularly in light of language contained in the Court's previous Order, DE 503, in which the Court rendered a decision concerning a number of the parties' discovery disputes.  Specifically, the parties presently dispute whether the overall scope of prospective discovery permitted by the Court in DE 503 was restricted to: (1) solely the 177 claims in the Damages Spreadsheet, or, instead (2) any relevant documents within the three-year statute of limitations period, namely, November 2006 through January 2010.  *See, e.g.*, DE 503 at 27.

> The Court's Law Clerk proceeded to ask the parties whether, based upon the parties' discussions, a special master would be needed. The parties again confirmed that with the exception of the threshold issue concerning the overall scope of prospective discovery, the parties had come to an agreement on all other underlying discovery issues. The parties requested they be granted leave to submit a letter motion briefing the scope-of-discovery issue and requested that the Court issue a ruling clarifying this ambiguity at which point the parties would be able to proceed with the remainder of discovery in this case.

*Id.*, ¶ 3.  In light of the parties' representations to the Court's Law Clerk, the Court granted the parties' request and permitted Plaintiff to file a letter motion addressing this discrete issue (*i.e.*, the overall scope of discovery permitted as set forth in DE 503).  *Id.*, ¶ 4.

Although Plaintiff subsequently filed its letter motion by the January 16, 2017 deadline as set forth in DE 516, the Court denied the motion on procedural grounds.  DE 518.  Thereafter, Plaintiff sought leave to refile its letter motion.  DE 519.  The Court granted Plaintiff's request and directed that the renewed motion be filed by February 6, 2017 and that any opposition be filed by February 21, 2017.  *See* January 24, 2017 Electronic Order.

In its letter motion, Plaintiff states that "discovery pertaining to the above-mentioned three-year period [November 2006 through January 2010] is relevant and essential to the prosecution of this action" and that "this position is consistent with [the Court's] ruling in DE 503 where . . . [it] held that discovery was to encompass the three-year time span incorporating the 177 claims."  DE 520 at 1.  After referencing certain passages in the Court's previous decision [DE 503], Plaintiff states that "the Court plainly limited discovery to the three-year period *including* the 177 claims and not, as Defendants contend, to the 177 claims *instead* of the three-year period."  *Id*. (emphasis in original).  The balance of Plaintiff's letter motion contains argument as to why it "requires discovery beyond the 177 claims to establish the underlying fraud and the elements of RICO causes of action."  *Id*. at 2.

In response, the Nationwide Defendants (joined by the Patient Focus Defendants and Tatiana Sharahy, M.D.) assert that "Plaintiff's current letter motion is at bottom nothing more than a re-hash of its previous rejected attempts to expand the scope of discovery beyond matters relevant to the specific matters at issue" and that the "Court has repeatedly, expressly, and correctly ruled, including in the September 7 decision [DE 503], that the scope of discovery is properly limited solely to the 177 claims at issue in this suit."  DE 521 at 2-3.

As an initial matter, neither party has sought reconsideration of any ruling made by the Court in its September 7, 2016 Memorandum and Order.  The narrow issue before the Court then

solely involves the scope of permissible discovery as contained in the Court's previous Order [DE 503]. Resolution of this question requires only that the Court review its prior Order and clarify its position as to the scope of discovery directed there. Thus, to the extent Plaintiff's letter motion seeks to re-argue why it should be entitled to a broader universe of discovery than was permitted by DE 503, that argument is precluded and will not be considered in the first instance. *See* DE 520 at 2 ("Sky requires discovery beyond the 177 claims to establish the underlying fraud and the elements of the RICO causes of action.").

The Court has conducted a thorough review of DE 503 and finds unavailing Plaintiff's interpretation as to the overall scope of discovery contained in the Court's Order. Specifically, Plaintiff's position that "the Court plainly limited discovery to the three-year period *including* the 177 claims," DE 520 at 1, is untenable in light of the language utilized throughout the Court's Order. Indeed, the Court stated emphatically that

> based upon the Court's directives issued at both the August 7, 2014 and December 11, 2015 Status Conferences regarding Plaintiff's permissible scope of discovery — *which is limited to the 177 claims contained in the Damages Spreadsheet* (SAC, Ex. 7) — any discovery requests made by Plaintiff and any responses interposed by Defendants are required to be appropriately limited.

DE 503 at 21 (emphasis added). Although the Court did observe that "[t]he vast majority of the 177 claims at issue span a time period of approximately three years (January 2007 through January 2010) as measured from the earliest (November 3, 2006) and latest (January 18, 2010) Dates of Service enumerated in the Damages Spreadsheet," this time period was provided solely as a point of reference in order to properly frame the 177 claims that are at issue in this action. Significantly, the Court clarified that any discovery requests needed "to be narrowly tailored to encompass [ ] documents limited in scope to the three-year time period *encompassing the 177 claims in this action*." DE 503 at 27 (emphasis added); *see, e.g.*, *id*. at 29 (referencing the three-

year time period "*involving* the 177 claims insurance claims") (emphasis added); *id*. at 32
(recognizing the three-year time period "*covering* the 177 claims involved in this action")
(emphasis added); *id*. at 33 ("As previously stated, the only claims at issue in this case are the
177 claims encompassed within the Damages Spreadsheet. As such, *this discovery is to be
limited in both time and scope to align with the 177 claims in this case*. Therefore, the
Nationwide Defendants are directed to produce the bank account information requested, *but
restricted to the 177 claims at issue and to the three-year time period* (November 2006 through
January 2010) involved in these claims.") (emphasis added); *id*. at 35 ("*[T]he scope of this
discovery shall be limited to the 177 claims at issue and are likewise limited to the three-year
time period (November 2006 through January 2010) involved in these claims*.") (emphasis
added).

In light of the numerous instances in the Court's previous Memorandum and Order
[DE 503] in which it repeatedly stated that the scope of discovery was to be limited to the 177
insurance claims at issue — notwithstanding the fact that it utilized a three-year period as a
temporal reference in framing the 177 claims — the Court finds Plaintiff's interpretation
concerning the overall scope of discovery erroneous and unpersuasive. Indeed, if the Court were
to permit discovery to include all information encompassed with the three-year period (whether
or not directly related to the 177 insurance claims), such a ruling would fail to give meaning to
the Court's prior observation that

> given the claims that have been knocked out and the fact that we
> continue to talk about these 177 claims, which according to the
> defendants the damages now are reduced to the sum of $149,000,
> we're going to manage discovery in that framework.

December 11, 2015 Transcript of the Status Conference before the Honorable A. Kathleen
Tomlinson ("Dec. 11, 2015 Tr.") at 6-7. Further, countenancing such a broad scope of discovery

in light of the limited universe of claims which remain in this action and the overall scope of damages sought would not be proportional to the needs of this case.  *Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'") (internal citation omitted); *Denim Habit, LLC v. NJC Boston, LLC*, No. 13 CV 6084, 2016 WL 2992124, at *3 (E.D.N.Y. May 23, 2016).

In light of the foregoing review, the Court clarifies for the final time that the scope of discovery, as set forth in its previous Order [DE 503], shall be limited expressly to the 177 insurance claims at issue in this action, utilizing the three-year period solely as a framework since the "[t]he vast majority of the 177 claims at issue span a time period of approximately three years (January 2007 through January 2010) as measured from the earliest (November 3, 2006) and latest (January 18, 2010) Dates of Service enumerated in the Damages Spreadsheet," DE 503 at 27.  Having resolved this issue, the parties are to comply with the discovery directives set forth in DE 503 forthwith.

**SO ORDERED.**

Dated: Central Islip, New York
        March 24, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge