UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SKY MEDICAL SUPPLY INC.,

                              Plaintiff,                          **ORDER**

             -against-                                 CV 12-6383 (JFB) (AKT)

SCS SUPPORT SERVICES, INC., et al.,

                              Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Presently before the Court is Plaintiff's renewed motion seeking "permission . . . to

extend the fact and expert discovery deadlines." DE 495. Since a proper procedural context is

necessary in order to address Plaintiff's renewed request, the Court will briefly review the

relevant procedural history before addressing the merits of the motion.

**I.     PROCEDURAL BACKGROUND**

At the Status Conference / Motion Hearing which convened on December 11, 2015, the

Court stated the following with respect to the deadlines concerning fact and expert discovery in

this case:

> The fact discovery deadline is April 29, 2016. This deadline includes
> all non-party discovery. If Plaintiff intends to subpoena records or
> testimony from non-party witnesses, subpoenas as to those non-
> parties have to be served no later than the end of December 2015
> and must be simultaneously served upon Defendants pursuant to
> Rule 45. Defendants stated they were not seeking any non-party
> discovery.
> . . .
>
> Plaintiff intends to rely on three experts in presenting its case-in-
> chief. Specifically, Plaintiff has retained a Linguistics Expert
> (Robert Leonard), a Forensic Accountant and a Medical Expert.
> Disclosure of the identities of Plaintiff's experts is to be made by
> January 4, 2016. Defendants stated they do not foresee using an

> expert at this time but requested the right to reserve the ability to do so based upon Plaintiff's expert disclosures. Any expert report for an expert utilized in a party's case-in-chief and related disclosures pursuant to Rule 26 must be served by May 31, 2016. Any rebuttal expert reports are to be served no later than July 8, 2016. If Defendants do not intend to serve rebuttal expert reports, the Court is to be notified by June 14, 2016. Expert depositions must be completed no later than July 29, 2016.

DE 420 ¶¶ 4, 7.  On June 27, 2016, the Court issued an Order [DE 487] denying "Plaintiff's initial defective letter motion seeking a discovery extension [DE 466] [since it] was made at the proverbial eleventh hour and was rejected as being improperly filed."  DE 487.  Indeed, the Court pointed out that "[d]espite the fact that DE 466 was filed on April 28, 2016 — the ECF filing receipt establishes that it was filed at 6:43 p.m. — and thus the Court could not have addressed it until the day of the [fact discovery] deadline at the absolute earliest."  *Id*.  In light of the defects contained in DE 466, the Court stated that

> [a]t this juncture, the Court is not inclined to rule on any motion to extend discovery until Plaintiff files a proper letter motion (1) setting forth the reasons why DE 466 — the initial defective discovery request — was made essentially on the eve of the fact discovery deadline, and (2) establishing "good cause," as that phrase is defined under Second Circuit case law, which would warrant the relief sought, especially since the fact discovery deadline itself has long since passed. If Plaintiff chooses to make a further submission, counsel must focus solely on complying with these directives.

*Id*.  Thereafter, on July 12, 2016, Plaintiff filed the instant motion essentially seeking to retroactively extend the fact and expert discovery deadlines notwithstanding these deadlines having expired on April 29, 2016 and May 31, 2016 respectively.  DE 495; *see* DE 420 (setting forth the fact and expert discovery deadlines).  Defendants opposed the motion, filing their opposition on July 15, 2016.  DE 497, 498.

During the pendency of this motion, the Court held in abeyance the deadline for submission of a letter to Judge Bianco seeking a pre-motion conference in anticipation of

summary judgment motion practice until a decision was issued resolving a number of previously

filed motions to compel on behalf of Plaintiff and Defendants.  *See* DE 503 (disposing of

DE 428, 432, 433, 434).  After issuing this decision — which permitted further particularized

fact discovery — the Court again met with the parties in light of their continued "inability to

work together to reach consensus and resolution of issues that clearly are resolvable."  DE 516.

Specifically, the Court "placed the parties on notice that in the event they persist in being unable

to resolve their endless stream of discovery disputes, the Court intends to assign a Special Master

to oversee and resolve all discovery issues going forward.  The cost of the Special Master will be

borne equally by the parties involved."  *Id*.  After engaging in a Court-directed meet-and-confer

session, the parties represented that "with the exception of the threshold issue concerning the

overall scope of prospective discovery, the parties had come to an agreement on all other

underlying discovery issues."  *Id*.  As to the sole remaining issue concerning the overall scope of

discovery, the Court permitted Plaintiff to file a letter motion "solely with respect to this one

discrete issue."  *Id*.  Following the parties' submissions, the Court issued a ruling, clarifying that

the scope of discovery was limited exclusively to the 177 remaining insurance claims as set forth

in the Damages Spreadsheet.  *See* DE 523.  It is against this procedural backdrop that Plaintiff

again seeks to extend the discovery deadlines in this action.

## II.   APPLICABLE LAW

When authorized by local rule, a Magistrate Judge "must issue a scheduling order"

governing the sequence and progression of discovery.  Fed. R. Civ. P. 16(b)(1); *see* Local Civil

Rule 16.2 ("In any case referred to a Magistrate Judge, the Magistrate Judge may issue or modify

scheduling orders pursuant to Fed. R. Civ. P. 16(b).)"; *Wilcox v. RBS Citizens, N.A.*, No. CIV

A3:08CV0571, 2009 WL 1813319, at *3 (N.D.N.Y. June 25, 2009) ("With certain exceptions

not relevant to this matter, Rule 16 of the Federal Rules of Civil Procedure provides that a court must issue a scheduling order in a civil action governing the progression of the case. . . .").  The contents of the scheduling order must encompass limits regarding "the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A); *see Wilcox*, 2009 WL 1813219, at *3.  In addition, the scheduling order "may" contain other provisions including "modify[ing] the timing of disclosure under Rule 26(e)(1)."  Fed. R. Civ. P. 16(b)(3)(B).

Notwithstanding the deadlines set forth in a scheduling order entered into pursuant to Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) ("Under Rule 16(b), a party may obtain a modification of the scheduling order only upon a showing of good cause.") (internal quotation and citation omitted); *In re Adelphia Communications Corp.*, 452 B.R. 484, 491 (S.D.N.Y. 2011); *see also* Fed. R. Civ. P. 6(b)(1) (noting that [w]hen an act may or must be done within a specified period of time, the court may, for good cause, extend the time . . . ."); *Wilcox*, 2009 WL 1813219, at *3 ("In order to obtain relief from a discovery schedule, a party must demonstrate good cause for the requested alteration.").  Good cause means "that the schedule cannot reasonably be met despite that party's diligence." *Julian v. Equifax Check Servs., Inc.*, 178 F.R.D. 10, 16 (D. Conn. 1998); *see Hua Lin v. W & D Associates LLC*, No. 3:14-CV-164, 2015 WL 5684042, at *2 (D. Conn. Sept. 28, 2015); *Misas v. N.-Shore Long Island Jewish Health Sys.*, No. 14CV8787, 2016 WL 4082718, at *5 (S.D.N.Y. July 25, 2016); *Carnrite v. Granada Hospital Group, Inc.*, 175 F.R.D. 439, 446–47 (W.D.N.Y. 1997). *Robinson v. Town of Colonie*, No. 91–CV–1355, 1993 WL 191166, at *3 (N.D.N.Y. June 3, 1993).  Thus, whether good cause exists "turns on the diligence of the moving

party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation and citations

omitted); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of

'good cause' depends on the diligence of the moving party.") (internal citations omitted); *accord*

Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment ("[T]he court may modify the

schedule upon a showing of good cause if it cannot be met despite the diligence of the party

seeking the extension."); *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D.

170, 174 (S.D.N.Y. 2014).  A party may also establish good cause where "reasonably

unforeseeable events occurring after the entry of the scheduling order precluded compliance

. . . ." *Kassim v. City of Schenectady*, 221 F.R.D. 363, 366 (N.D.N.Y. 2003).

   Given the parameters of good cause as set forth in the relevant case law, the inadvertence

or oversight of Plaintiff's counsel does not constitute good cause for purposes of Rule 16.

*See Multi-Juice, S.A. v. Snapple Beverage Corp.*, No. 02CIV4635, 2005 WL 1138470, at *2

(S.D.N.Y. May 12, 2005) (recognizing that "attorney neglect, carelessness, or oversight is not a

sufficient basis for a court to amend a Scheduling Order"); *Lamothe v. Town of Oyster Bay*, No.

08-CV-2078, 2011 WL 4974804, at *7 (E.D.N.Y. Oct. 19, 2011) (same); *Bracy v. State of New*

*York, et al.*, No. 98 CV 3308, 2001 WL 1550666, at *1 (S.D.N.Y. Nov. 28, 2001); *see also*

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 80

(S.D.N.Y. 2012) ("[T]he good cause standard is not satisfied when the proposed amendment

rests on information 'that the party knew, or should have known, in advance of the deadline.'"

(alteration in original) (quoting *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536

(E.D.N.Y. 2010)); *Paulus v. Holimont*, 315 F.R.D. 13, 16 (W.D.N.Y. 2016) (same).  Likewise,

"misjudgments, even in good faith, regarding the strength of a client's case do not satisfy the

requirement of good cause." *Arnold v. Krause*, 232 F.R.D. 58, 65 (W.D.N.Y. 2004), *aff'd*, 233

F.R.D. 126 (W.D.N.Y. 2005) (citing *Lory v. Gen. Elec. Co.*, 179 F.R.D. 86, 88 (N.D.N.Y. 1998)); *see Ritchie Risk-Linked Strategies Trading (Ireland), Ltd.*, 282 F.R.D. at 79-80 (affirming magistrate judge's order denying the re-opening of expert discovery where "Plaintiffs were not victims of unfair surprise, but simply made a strategic decision not to prepare an actuarial expert report") (internal quotations and citation omitted).

The importance of [a scheduling order] to a district court's effective control and management of a case, cannot be overstated." *Kassim*, 221 F.R.D. at 365; *see, e.g.*, *Public Citizen v. Liggett Group*, 858 F.2d 775, 790 (1st Cir. 1988), *cert. denied*, 488 U.S. 1030, 109 S. Ct. 838, 102 L. Ed. 2d 970 (1989) ("[Scheduling] orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. The control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved."). Thus, a court's scheduling order, issued in accordance with Rule 16, "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Kassim*, 221 F.R.D. at 365. In order to ensure that litigants give proper deference to a scheduling order, Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1); *see Allen v. Dairy Farmers of Am., Inc.*, No. 5:09-CV-230, 2013 WL 211303, at *2 (D. Vt. Jan. 18, 2013) ("The Federal Rules of Civil Procedure allow a court to impose sanctions if a party "fails to obey a scheduling or other pretrial order.") (quoting Fed. R. Civ. P. 16(f)(1)(C)); *see M.B. v. CSX Transp., Inc*., 299 F.R.D. 341, 345 (N.D.N.Y. 2014)); *Arnold*, 232 F.R.D. at 67 ("The Federal Rules of Civil Procedure provide that failures to comply with case management orders entered by the court pursuant to Rule 16(b) are subject to the sanctions available to courts to enforce its

orders including the authority to make such orders as are just, as well as those available under Rule 37(b)(2)(B), (C) and (D).") (internal quotations omitted); *Neufeld v. Neufeld*, 172 F.R.D. 115, 118 (S.D.N.Y. 1997); *see also* Rule 37(b)(2)(A)(ii)-(vii) (setting forth sanctions that may be imposed for failure to comply with the court's scheduling order).

### III.   APPLICATION TO THE FACTS

As an initial matter, the Court points out that despite its explicit directive in DE 487 which advised Plaintiff that any renewed motion seeking an extension of the discovery deadlines was to focus solely on "(1) setting forth the reasons why DE 466 — the initial defective discovery request — was made essentially on the eve of the fact discovery deadline, and (2) establishing 'good cause,' as that phrase is defined under Second Circuit case law, which would warrant the relief sought," Plaintiff devotes only a single short paragraph of its three-page motion to addressing point (1) and fails to directly address point (2). *See* DE 495. Instead, after identifying that "good cause" primarily turns on the "diligence of the party," *id*. at 2, Plaintiff neglects to explain how and why, notwithstanding its own purported diligence, it was unable to comply with the Court's scheduling order. Rather, in a move completely circumventing the Court's directives, Plaintiff instead pivots its analysis from addressing "good cause" to analyzing instead the six factors used by courts to determine whether discovery should be re-opened. DE 495 at 2-3. Thus, Plaintiff has neglected to specifically and directly address the two points set forth in the Court's prior Order [DE 487]. Notwithstanding Plaintiff's attempts to refocus this inquiry, the Court will reluctantly analyze Plaintiff's motion through the lens of "good cause" since its motion seeks to extend the discovery deadlines — not re-open discovery. *See id*. at 1 (seeking permission to "extend the fact and expert discovery deadlines); *id*. at 2 (setting forth the point heading "Good Cause Exists to Modify the Scheduling Order").

In urging this Court to extend the discovery deadlines, Plaintiff asserts that it "has diligently sought production from Defendants of all the documents its experts need to produce expert reports. Because Defendants have refused to comply, and despite many attempts to meet and confer, Sky was forced to file multiple motions to compel and oppose a motion to quash[.]" DE 495 at 3. In addition, Plaintiff maintains that it "did not make its motion earlier because of the existing backlog of pending discovery motions" but that as "the fact discovery deadline of April 29, 2016, approached (with the expert report deadline of May 31, 2016, looming), Sky realized that it would be unwise to allow the deadline to pass—regardless of the pending motions—and sought and obtained consent to move to extend discovery. Unfortunately, the resulting motion [DE 466] was rejected for failure to first seek the Court's permission, and its subsequent motion seeking a pre-motion conference [DE 472] was filed on May 10, 2016, after the fact discovery deadline." *Id.*

As noted above, good cause means "that the schedule cannot reasonably be met despite that party's diligence." *Julian*, 178 F.R.D. at 16; *see Hua Lin*, 2015 WL 5684042, at *2. It follows that inadvertence or oversight of counsel does not constitute good cause for purposes of Rule 16. *See Multi-Juice, S.A.*, 2005 WL 1138470, at *2 (recognizing that "attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order"); *Lamothe*, 2011 WL 4974804, at *7 (same); *Bracy*, 2001 WL 1550666, at *1. Here, Plaintiff's explanation, which seeks to establish the requisite diligence, falls short. First, Plaintiff ironically seeks to shift to the Court its own failure to timely seek a discovery extension, citing the "existing backlog of pending discovery motions." DE 495 at 3. Such assertion is without merit because notwithstanding any "backlog," it is the party who is seeking relief who must affirmatively petition the Court. *See* Fed. R. Civ. P. 7(b) ("A request for a court order *must* be

made by motion") (emphasis added).  In other words, the Court is not obligated to act *sua sponte* to extend a deadline set forth in its own scheduling order simply because the deadline is looming. Second, Plaintiff manages to overlook the fact that even when it finally decided to make a motion seeking to extend the discovery deadlines, *see* DE 466, the motion was (1) untimely since it was filed on the eve of the discovery deadline and (2) failed to comply with the Court's previous Order requiring that permission be received prior to filing any further motions.  *See* DE 435.  Instead, on April 28, 2016, (the day before the April 29, 2016 fact discovery deadline) Plaintiff apparently "realized it would be unwise to allow the deadline to pass—regardless of the pending motions."  Only at that point did Plaintiff affirmatively seek relief.  *See* DE 466.

After reviewing the instant motion, the Court is not persuaded that "good cause" exists to modify the Scheduling Order.  Rather, Plaintiff's explanation shows only (1) that its failure to adhere to the discovery deadlines and (2) to timely seek an extension to those deadlines was in large measure due to its own neglect, carelessness and oversight — circumstances which do not constitute good cause.  *See Multi-Juice, S.A.*, 2005 WL 1138470, at *2; *see also Bracy*, 2001 WL 1550666, at *1 ("If oversight alone constituted 'good cause' to modify a scheduling order, all scheduling orders would quickly become meaningless.").  In addition, all facts and circumstances upon which Plaintiff's motion now rests were known or should have been known to counsel prior to the eve of the fact discovery deadline.  Thus, Plaintiff's rationalization provides little reason why counsel waited until the proverbial eleventh hour to initially seek to extend the deadlines in this action.  *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd.*, 282 F.R.D. at 80("[T]he good cause standard is not satisfied when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'") (alteration in original) (quoting *Enzymotec Ltd.*, 754 F. Supp. 2d at 536); *Paulus*, 315 F.R.D. at

16 (W.D.N.Y. 2016) (same).  As such, the Court finds that had the requisite diligence been exercised, the deadlines could have been met, or, at the very least, a timely motion could have been filed seeking an extension.  *See* Section IV of the Court's Case Management and Scheduling Order ("A request for an extension of any deadline submitted less than 30 days before that deadline will be considered untimely and may not be granted absent extraordinary circumstances.").

Despite Plaintiff's failure to meet its burden, the Court observes that "[t]he management of discovery, including the timing and scope of discovery, lies within the sound discretion of the Court."  *Raza v. City of N.Y.*, 998 F. Supp. 2d 70, 75 (E.D.N.Y. 2013) (citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) ("the federal rules give district courts broad discretion to manage the manner in which discovery proceeds")); *see EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process.").

The Court, albeit reluctantly, will exercise its discretion here.  *See United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013) (recognizing that the over-arching purpose of the discovery rules is to "encourage the disclosure of information and materials to avoid unnecessary surprise and to level the playing field" for both parties to the litigation); *Cornell Research Found., Inc. v. Hewlett-Packard Co.*, No. 5:01CV1974, 2006 WL 5097357, at *8 (N.D.N.Y. Nov. 13, 2006) *order clarified*, 2007 WL 4324094 (N.D.N.Y. May 16, 2007), *aff'd sub nom.*, *Cornell Univ. v. Hewlett-Packard Co.*, 2007 WL 4302778 (N.D.N.Y. July 23, 2007) ("The court has consistently reminded the parties that one of its goals, in carrying out its discovery oversight responsibilities, has been to ensure a level playing field for both sides.").  Subsequent to this

motion being filed, the Court issued decisions regarding a variety of pending motions, including motions to compel and motions to quash non-party subpoenas.  *See* DE 428, 432, 433, 434, 459, 478.  In addition, the Court just issued an Order clarifying the scope of discovery set forth in DE 503 — a decision which will directly impact the parties' compliance with DE 503 as well as the Court's subsequent discovery-related rulings.  *See* DE 523.  Further, the parties have represented to the Court that at this juncture, the basis for all further discovery disputes have been settled.  DE 516.  Therefore, at this stage of the proceedings, it appears that granting one final extension of the deadlines will bring the discovery phase of this litigation to a close without truly prejudicing either party.  As such, the discovery deadlines are hereby amended ***for the final time***:

**Final Amended Scheduling Order**

- All fact discovery completed by:                         July 24, 2017

- Deadline to serve expert report(s) and all
  expert disclosures required under Rule 26
  for any party utilizing an expert in its
  case-in-chief:                                                      August 30, 2017

- Deadline to serve rebuttal expert report(s)
  and expert disclosures:                                        October 16, 2017

- All expert depositions must be completed by:   November 8, 2017

- Any letter request for a pre-motion conference
  to Judge Bianco for purposes of making a
  summary judgment motion must be filed by:     November 22, 2017

***The parties are on notice that these dates will not be further extended under any circumstances.***  Therefore, counsel are cautioned to move diligently to complete the balance of discovery-related tasks.  In light of the parties' prior representation that all discovery disputes

have been resolved, *see* DE 516, the Court will not entertain any further motion practice related to discovery and the parties are directed to proceed accordingly.

**SO ORDERED.**

Dated: Central Islip, New York
      March 24, 2017

                                           /s/ A. Kathleen Tomlinson
                                         A. KATHLEEN TOMLINSON
                                         United States Magistrate Judge