

**GTPC** | **GARY TSIRELMAN P.C.**

ATTORNEYS & COUNSELORS AT LAW

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
jnachmani@gtmdjd.com

| Gary TSIRELMAN M.D. | Stefan BELINFANTI | Douglas MACE |
| Darya KLEIN | Ilya MURAFA | Jennifer RAHEB |
| Selina CHIN | Nicholas BOWERS | Evan POLANSKY |
| Irena GOLODKEYER | Sebastian MELO | Jung PRYJMA |
| David GOTTLIEB | Joseph PADRUCCO | Jake NACHMANI |

**BY ECF**

July 12, 2017

Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Sky Medical Supply, Inc. v. SCS Support Claims Services, Inc., et al.,
Docket Number: 12-CV-6383-JFB-ATK**

Dear Judge Bianco:

We write on behalf of Plaintiff Sky Medical Supply, Inc. ("Sky" or "Plaintiff") in the above-captioned matter in response to the GW Defendants' letter dated July 11, 2017 (DE 552) ("Defendants' Letter"). For the reasons stated herein, the GW Defendants are wrong that Plaintiff has attempted to expand the scope of discovery through its Reply Brief and that Plaintiff has purportedly asserted any new arguments in that Brief. Accordingly, the Court should not strike any of Plaintiff's arguments contained in the Reply Brief, and Defendants should not be granted leave to file a sur-reply.

Defendants are wrong that Plaintiff has attempted to expand the scope of discovery through its Reply Brief. *See* Defendants' Letter at 2. Indeed, Plaintiff explicitly seeks to modify Magistrate Tomlinson's Memorandum and Order dated March 24, 2017 (DE 524) (the "Order") as it relates to the scope of financial documents to be produced to Plaintiff pursuant to the Chase Subpoenas. *See* Reply Brief at 4 ("the Court should modify Magistrate Tomlinson's Order by expanding the scope of the subpoenas to cover years 2005 through 2015 as well as striking the language limiting the subpoenas to those records having an "explicit nexus" to the 177 claims."); *see also id.* at 22. Indeed, nothing about the relief Plaintiff seeks in the entirety of the underlying Motion seeks to compel ***Defendants*** to provide such discovery. Plaintiff has and will continue to assert relief as to the scope of the Order only, as it pertains to third-party Chase and Defendants' objections thereto. Such relief is permissible to seek and wholly within the confines of the Order.

Defendants are also wrong that Plaintiff has raised the issue of Defendants' counsels' misconduct during depositions as a way to purportedly enlarge the scope of discovery. *See*

Defendants' Letter at 2. Plaintiff brought Defendants' counsels' objections to the Court's attention not to compel discovery from Defendants (Plaintiff has already notified Defendants that it intends to file such a motion shortly) but rather: (i) to demonstrate the validity of Plaintiff's previously-asserted arguments as they relate to how the Order is being effectuated; and (ii) because such conduct is responsive to Defendants' arguments and occurred *after* the filing of Plaintiff's Opening Brief. Indeed, Plaintiff has raised the issue of Defendants' improper objections by way of illustrating how the limitations placed on the financial records is improper because the Court has already determined that this narrow time period is too limited, given the claims which Plaintiff has asserted. *See* Opening Br. at 8-10. Additionally, Plaintiff raised this issue in response to Defendants' argument that the Order was not clearly erroneous and to further demonstrate how this narrow time period unduly prevents Plaintiff from proving its claims. *See* Opening Br. at 12-19; *see also* Opening Br. at 10-12 (demonstrating that the "explicit nexus" language in the Order should be set aside). Indeed, Plaintiff has every right to bring to the Court's attention arguments set forth in opposition papers, even when those arguments are based on facts that occurred between the filing of a motion and a reply brief. *See Bricklayers Ins. & Welfare Fund Bricklayers Pension Fund v. P.P.L. Constr. Servs. Corp.*, 2015 U.S. Dist. LEXIS 39855, at *21 (E.D.N.Y. Mar. 27, 2015) ("reply papers may properly address new material issues raised in opposition papers so as to avoid giving unfair advantage to the answering party.").

However, even assuming that Plaintiff has raised a new argument in its Reply Brief, which it has not, Plaintiff withdraws this argument but only to the extent that it is interpreted to seek relief beyond the modifications of the Order (DE 524), which Plaintiff explicitly requested in its Opening Brief and Reply Brief.

Accordingly, the Court should not disregard any of Plaintiff's arguments included in the Reply Brief. Moreover, Defendants' request for the Court to file a sur-reply is now moot and should be denied.

Respectfully submitted,

/s/
Jake Nachmani, Esq.
*Counsel for Plaintiff*
Gary Tsirelman P.C.
129 Livingston, 2nd Floor
Brooklyn NY 11201