| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |// 

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 12-14-2017<br>3:51 p.m. (52 minutes) |

*Sky Medical Supply Inc. v. SCS Support Claims Services, Inc., et al.*
**CV 12-6383 (JFB) (AKT)**

TYPE OF CONFERENCE:　　　　**MOTION HEARING/STATUS CONFERENCE**

APPEARANCES:　Plaintiffs:　Stefan Belinfanti
　　　　　　　　　　　　　　Nicholas Bowers

　　　　　　　Defendants:　Justin M. Vogel (SCS Support Claims Services, Inc., Mitchell Ehrlich M.D.; Joseph C. Cole M.D.; Julio Westerband M.D.; William A. Ross M.D.; William S. Kritzberg M.D.; Robert A. Sohn M.D.; Stanley Ross M.D.; Mitchell L. Weisman M.D.; Mark Weber M.D.; Dante Brittis M.D.; Christopher Ferrante DC; Denis Mann M.D.; Eitan Dagan)

　　　　　　　　　　　　　　Cecilia Rose Ehresman (Tatiana Sharahy, Patient Focus Medical Examinations, PC d/b/a All Borough Medical, PC)

　　　　　　　　　　　　　　Peter J. Creedon (Gary J. Florio, M.D.) (via telephone)

　　　　　　　　　　　　　　E. Christopher Murray (Damion A. Martins, MD, MS)

　　　　　　　　　　　　　　David S. Douglas (Nationwide Management Inc.; Benjamin Osiashvili; Mikael Oshiashvili; Svetlana Osiashvili; Aleksey Vayner)

Non-Answering Defendants:　　William A. Ross – **NO APPEARANCE**
　　　　　　　　　　　　　　　Brian Freindlich -　　　　　"
　　　　　　　　　　　　　　　Antonio Martins –　　　　　"
　　　　　　　　　　　　　　　Andrew Miller M.D. –　　　"
　　　　　　　　　　　　　　　BAB Management Inc. –　　"
　　　　　　　　　　　　　　　Linda Ackerman –　　　　　"
　　　　　　　　　　　　　　　Andrew Bazos M.D. –　　　"
　　　　　　　　　　　　　　　Drew Stein M.D. –　　　　 "
　　　　　　　　　　　　　　　Management Company A
　　　　　　　　　　　　　　　Management Company B
　　　　　　　　　　　　　　　Management Company C
　　　　　　　　　　　　　　　Management Company D
　　　　　　　　　　　　　　　Management Company E
　　　　　　　　　　　　　　　Manager Defendant A
　　　　　　　　　　　　　　　Manager Defendant B
　　　　　　　　　　　　　　　Manager Defendant C

                    Manager Defendant D
                    Manager Defendant E

FTR: 3:51-4:43

SCHEDULING:

THE FOLLOWING RULINGS WERE MADE:

1. Today's conference was scheduled for the purpose of the Court's addressing the submissions designated DE 565 and 566 which are responses to the Court's directive to provide a status as to the remaining discovery in this case. The Court first pointed out that back in March of this year, both sides made affirmative representations to the Court that after the Court-directed meet-and-confer session, "with the exception of the threshold issue concerning the overall scope of perspective discovery, the parties should come to an agreement on all other underlying discovery issues." Based on the submissions, that is clearly not the case. In fact, the only area of discovery materials on which the parties agree has to do with the Chase documents related to SCS bank accounts which correspond to the 177 no-fault claim denials.

2. After some discussion, the Court directed Plaintiff to modify the Chase subpoena related to SCS bank accounts and provide the modified subpoena to the Defendants (as well as posting it on ECF) by noon on Wednesday, December 20, 2017. Defendants are to advise the Court of any objections they have to the modified subpoena by the close of business on December 22, 2017.

3. Plaintiff is ordered to respond by December 22, 2017 to the outstanding document requests set forth in Defendant's September 27, 2017 letter, and specifically as to "relevant, non-objectionable documents requested by counsel during depositions," as outlined in DE 565.

4. The Court had some further discussion with counsel regarding instructions by Attorney Douglas to his witnesses not to answer certain deposition questions. Attorney Douglas maintains that the questions countermanded the rulings previously issued by the Court as to the appropriate time frame for discovery in this case. Plaintiff's counsel takes the position that plaintiff is still entitled to this information. If plaintiff's counsel wishes to pursue this matter, he may file a letter motion to compel (limited to three pages) by January 15, 2018. Any such motion must be accompanied by the full deposition transcript of the witness for whom the plaintiff is seeking relief. The motion must also cite the law upon which plaintiff relies for its position. Any submission which does not comply with these directives will be returned to counsel. This date will not be extended. Once any motion is filed, opposing counsel will have one week to file opposition, instead of the normal three-day deadline. The Court emphasized the need for plaintiff's counsel to restrict the facts and argument to what is material and necessary to the existing claims and/or counterclaims in this case.

5. As to plaintiff's request for "ledgers," the Court is giving plaintiff's counsel the opportunity to conduct an inspection of claims at SCS. However, the inspection must be completed no later than January 15, 2018. No extension will be given. Further, the inspection will be limited to the 177 claim denials at issue in this case.

6. Within one week of the above-referenced inspection, Plaintiff will serve the modified subpoena upon Chase (assuming any objections have been resolved by the Court) related to SCS bank accounts.

7. The Court directs Nationwide to forthwith deliver to plaintiff the requested authorization for tax returns covering the years 2007 - 2009.

8. Plaintiff's request to compel disclosure of the identity of the company which provides Nationwide with payroll services is DENIED.

9. As to documents sought which purportedly substantiate Dr. Sharahy's claims that the instant suit led to a decrease in peer review work for herself and defendant Patient Focus, the Court directs Defendants to turn over by January 15, 2018 any peer review reports which Dr. Sharahy signed between 2007 and the date this lawsuit commenced.

10. Regarding documents substantiating Dr. Sharahy's claims that the instant lawsuit led to a decrease in independent medical examination work for her, Nationwide, and Patient Focus, the Court directs these defendants to turn over only those IME reports which were created as of the date this lawsuit commenced. The Court understands that the documentation plaintiff seeks may not be in the form of "reports" in the custody of the defendants. If such reports are unavailable, then the Court directs defendants to turn over by January 15, 2018 any documentation indicating how many IME reports were created during the relevant time period.

11. The Court is placing the parties on notice that after the discovery motions authorized by this Order, no further fact discovery or discovery motion practice will take place. Any application or motion that a party claims was filed but not addressed prior to this hearing must be brought to the Court's attention no later than January 31, 2018 or it will not be considered.

12. Regarding expert discovery, the Court will hold a further conference to set a schedule. By January 15, 2018, Plaintiff is to provide a letter to defendants stating each expert witness plaintiff intends to call at trial, including the witness's name, background, and the intended scope of their testimony.

13. The Court will discuss with Judge Bianco the current deadline for pre-motion conference requests for summary judgment motions and will advise the parties accordingly.

**SO ORDERED.**

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge