| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:  A. KATHLEEN TOMLINSON            DATE:  5-31-2018
        U.S. MAGISTRATE JUDGE             TIME:  1:50 p.m. (49 minutes)

*Sky Medical Supply Inc. v. SCS Support Claims Services, Inc., et al.*
**CV 12-6383 (JFB) (AKT)**

TYPE OF CONFERENCE:            **STATUS CONFERENCE**

APPEARANCES:    Plaintiffs:    Stefan Belinfanti

               Defendants:    Justin M. Vogel
                              Gillian Barkins   (SCS Support Claims Services, Inc.,
                                   Mitchell Ehrlich M.D.; Joseph C. Cole M.D.;
                                   Julio Westerband M.D.; William A. Ross M.D.;
                                   William S. Kritzberg M.D.; Robert A. Sohn M.D.;
                                   Stanley Ross M.D.; Mitchell L. Weisman M.D.;
                                   Mark Weber M.D.; Dante Brittis M.D.;
                                   Christopher Ferrante DC; Denis Mann M.D.;
                                   Eitan Dagan)

                              Andrew Nitkewicz  (Tatiana Sharahy, Patient Focus Medical
                                   Examinations, PC d/b/a All Borough Medical, PC)

                              Peter J. Creedon (Gary J. Florio, M.D.)

                              E. Christopher Murray (Damion A. Martins, MD, MS)

                              David S. Douglas (Nationwide Management Inc.; Benjamin
                                   Osiashvili; Mikael Oshiashvili; Svetlana Osiashvili;
                                   Aleksey Vayner)

Non-Answering Defendants:      William A. Ross – **NO APPEARANCE**
                              Brian Freindlich  -           "
                              Antonio Martins –             "
                              Andrew Miller M.D. –          "
                              BAB Management Inc. –         "
                              Linda Ackerman –              "
                              Andrew Bazos M.D. –           "
                              Drew Stein M.D. –             "
                              Management Company A
                              Management Company B
                              Management Company C
                              Management Company D
                              Management Company E
                              Manager Defendant A
                              Manager Defendant B

                                                Manager Defendant C
                                                Manager Defendant D
                                                Manager Defendant E

FTR:    1:50 - 2:39


THE FOLLOWING RULINGS WERE MADE:

       The following list is a limited summary of the rulings issued at today's Conference. If any party needs a more amplified record, counsel may contact Courtroom Deputy Mary Ryan (631-712-5765) to arrange to order a transcript.

1.     The Court set today's hearing to address discovery motions DE 572, 574, 575, 576. In doing so, the Court spent some time reviewing the relevant procedural history of this case. With respect to the directives in the most recent minute order [DE 567], the following information was provided to the Court:

    - Plaintiff informed the Court that the Chase bank records with respect to SCS have been produced. Plaintiff is directed to promptly provide Defendants' counsel with a date for the inspection of these documents.

    - Nationwide has submitted authorization for tax returns covering 2007-2009; however Plaintiff's counsel indicates there was a problem with these forms being processed by the IRS. Counsel indicates they are working on a resolution of this issue.

2.     The Court reviewed relevant portions of the Court's Order from March 24, 2017 [DE 523], which indicated that the approximately three-year time frame was provided "solely as a framework." The Court also reviewed portions of Judge Bianco's oral ruling on the appeal affirming the same. The Court then gave several examples of what the Court considered to be inappropriate objections and instructions to the deponents not to answer certain questions at depositions. The Court finds that these instructions were without merit and obstructed the examinations. The Court is therefore permitting Plaintiff's counsel to re-open the depositions of Tatiana Sharahy, Mikael and Svetlana Osiashvili, and Julio Westerband and the concomitant costs shall be borne by the respective Defendants. These depositions are to take place here in the central Islip Courthouse, and each deposition will be limited to 2.5 hours. The re-opened depositions must be concluded by July 16, 2018. Defendants' counsel is to refrain from instructing a witness not to answer unless a privilege is implicated; if there is a dispute over the scope of question, counsel are directed to contact the Court, and are free to move to preclude the testimony at a later date if such an application can be made in good faith.

3.     Counsel are directed to meet and confer as to whether there is consent to have Julio Westerband deposed remotely due to his domicile in Puerto Rico and the current conditions there.

4.     As to the four modified Chase subpoenas, Plaintiff's has received some records from Chase. The Court is giving counsel one week, or until June 8, 2018, to resolve their objections with respect to the subpoenas that are still pending, consistent with the directives given on the record today. If no consensus is reached by that date, the Court will assign a special master to resolve the outstanding disputes, and the costs will be borne equally by the parties. A joint letter to the Court will suffice.

5.       Regarding expert discovery, Plaintiff's counsel stated that he intends to offer expert testimony. Defendants do not intend to utilize an expert in their case-in-chief at this moment. By August 31, 2018, Plaintiff's counsel must serve Plaintiff's expert report(s). If Defendants intend to file a *Daubert* motion, the letter request for a pre-motion conference to Judge Bianco must be filed by September 17, 2018.

6.       The Court is setting a deadline of September 17, 2018 for submission of any letter requests for a pre-motion conference to Judge Bianco for purposes of making a summary judgment motion.

7.       Since it appears that there will be dispositive motion practice, the Court is refraining from setting any deadlines for submission of the Joint Pre-Trial Order and for the Pre-Trial Conference pursuant to Judge Bianco's Individual Rules.

**SO ORDERED.**

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge