UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SKY MEDICAL SUPPLY, INC.,                             CV 12-6383 (JFB) (AKT)

                         Plaintiff,                    **SPECIAL MASTER'S REPORT**
                                                           **AND RECOMMENDATION**

      -against-

SCS SUPPORT CLAIMS SERVICES, INC., et al.,

                         Defendants.
----------------------------------------------------------------X

       By Order of this Court dated July 1, 2018, I was appointed Special Master in the above-captioned action to hear, consider, report and recommend on: (a) the disputes involving plaintiff Sky Medical Supply, Inc. ("Plaintiff" or "Sky Medical"), Defendant Nationwide Management, Inc. ("Defendant" or "Nationwide") and third-parties BDB Management NY, Inc. ("BDB") and TCMR Management, Inc. ("TCMR") (together the "Non-Party Objectors") (collectively the "Objectors") as to the four (4) modified Chase subpoenas at issue; and (b) any other discovery dispute(s) outstanding as of that date.

       In order to proceed as efficiently as possible, upon my appointment as Special Master I sent a letter to all counsel of record requesting that each party, or group of parties united in interest, submit to me a letter of no more than five (5) pages, copying all counsel, setting forth the issues requiring resolution. In addition, I advised the parties that I intended to schedule a telephone conference thereafter to discuss the procedure going forward.

       In response, I received only two letters; one from counsel for Sky Medical, and one from counsel for Nationwide and third-parties BDB and TCMR. The only discovery issue raised in those letters was that of the "modified" subpoenas that Sky Medical proposed to serve

upon JP Morgan Chase Bank ("Chase") pertaining to the Objectors' accounts (the "Chase Subpoenas"), which is therefore the only issue I have undertaken to resolve.

**Relevant Background**

The various subpoenas that Sky Medical has issued in an effort to obtain certain banking records of accounts held by Nationwide, BDB and TCMR are the subject of a long-running dispute between the parties. This dispute has been litigated before U.S. Magistrate Judge A. Kathleen Tomlinson on multiple occasions, resulting in various Orders and rulings which have been upheld by U.S. District Judge Joseph F. Bianco. For the purposes of this Report and Recommendation, the instant dispute is summarized below:

On April 21, 2016, Sky Medical executed three (3) subpoenas directed to Chase which demanded, in effect, that Chase produce six categories of financial information for accounts held by each of the Objectors. (DE 478.) On May 20, 2016, Nationwide filed a letter motion in which BDB and TCRM joined, seeking to quash the Chase subpoenas on the ground that the information sought encompassed "private financial records of the [Objectors] that are irrelevant to Plaintiff's damages claims." (DE 478.) On May 23, 2016, Sky Medical filed a response opposing the motion. (DE 483.)

By Order dated March 24, 2017, Magistrate Judge Tomlinson declined to quash the Chase subpoenas but found them to be overly broad, and directed that they "be modified to include only those bank records having an explicit nexus to 177 discrete insurance claims" currently at issue in the lawsuit (the "177 Claims"), for the time period between November 3, 2006 and January 18, 2010. (DE 524 at 28.) The Court further determined that certain vague and/or duplicative document requests be stricken, and directed that the Chase subpoenas be

modified in accordance with the foregoing findings and re-served upon Chase. (DE 524 at 28-29.)

On March 31, 2017 Sky Medical executed three (3) "modified" subpoenas directed to Chase which demanded, in effect, that Chase produce four (4) categories of financial information for accounts held by the Objectors "that have an explicit nexus" to the 177 Claims.  In response to these subpoenas, Chase apparently advised Sky Medical that it could not comply because it had no means or ability to determine which of its records pertained to the 177 Claims.  This issue was addressed during a conference before the Court on December 14, 2017, and the Court directed Sky Medical to further modify the subpoenas and submit them by December 20, 2017, with the Objectors to submit objections by December 22, 2017. (DE 567.)

Plaintiff belatedly filed the current proposed Chase Subpoenas with the Court on December 21, 2017. (DE 568, 570, 571.)  The Subpoenas demand, in effect, that Chase produce certain banking records of accounts held by the Objectors from November 3, 2006 through December 31, 2013, and do not reference the 177 Claims. (*Id.*)  On December 22, 2017, the Objectors filed letter objections arguing that the proposed subpoenas "fail to comply with this Court's directives" in that "[t]hey make no effort whatsoever to limit their scope to the 177 [C]laims" and "seek to circumvent the three-year time limitation" imposed by the Court. (DE 572.)  On December 28, 2017, Sky Medical filed a response arguing that the modified Subpoenas were appropriate. (DE 573.)

The Court held a conference on May 31, 2018 and therein advised the parties that it would appoint a special master if the parties could not reach an agreement on how to resolve the foregoing dispute. (DR 596.)  On June 8, 2018, the parties submitted a joint letter stating that they were unable to reach an agreement as to the scope and language of the Chase Subpoenas,

and therefore acceded to the Court's appointment of a special master, resulting in my appointment on July 1, 2018. (DE 596.)

**Legal Standard**

Federal Rule of Civil Procedure 45 provides for the issuance of a subpoena *duces tecum* to obtain discovery from a non-party. *See* Fed. R. Civ. P. 45.  "Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) (citation omitted).  Pursuant to Rule 26(b)(1), a party may obtain discovery "that is relevant to any party's claim or defense" and "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

"Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." *Corbett v. eHome Credit Corp.,* No. 10-CV-26 (JG)(RLM), 2010 WL 3023870, at *3 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citation omitted). The courts are directed to consider whether: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).  "In assessing these considerations, special weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation." *Cohen v.*

*City of New York,* No. 05 Civ. 6780 (RJS)(JCF), 2010 WL 1837782, at *3 (S.D.N.Y. May 6, 2010) (internal quotation marks and citation omitted).

"Motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the district court.'" *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *U.S. v. Sanders,* 211 F.3d 711, 720 (2d Cir. 2000)). "This principle is in keeping with the traditional rule that a trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *Id.* (citations and internal quotation marks omitted).[1]

## Summary of the Parties' Submissions

The Objectors claim that the current modified subpoenas that Sky Medical proposes to serve upon Chase seek an "exceedingly vast array of financial records", are a "transparent fishing expedition", and are a "blatant attempt by plaintiff to evade the strict limitations that the Court has repeatedly placed on the scope of appropriate document discovery in this action." (Letter from David S. Douglas, Esq. to Clifford S. Robert, Esq. (July 17, 2018) at 2.)  In addition, the Objectors claim that the modified subpoenas "make no effort whatsoever to limit their scope to the 177 claims at issue" and "seek to circumvent the three-year time limitation that the Court imposed on document discovery." (*Id.* at 3.)  As such, the Objectors argue that "the subpoenas be quashed in their entirety and that, in accordance with the Court's Orders, any subpoenas must be expressly limited to records explicitly concerning the specific 177 insurance claims at issue in this suit." (*Id.* at 5.)

---

[1] "A district court abuses its discretion when '(1) its decision rests on an error of law ... or a clearly erroneous factual finding, or (2) its decision — though not necessarily the product of a legal error or a clearly erroneous factual finding — cannot be located within the range of permissible decisions.'" *Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukr.,* 311 F.3d 488, 498 (2d Cir.2002) (quoting *Zervos v. Verizon, N.Y., Inc.,* 252 F.3d 163, 169 (2d Cir.2001)) (alteration in original).

In opposition, Sky Medical argues that Chase is unable to comply with subpoenas that contain "claim-specific information" and that "attempting to have Chase sift through a plethora of bank records in order to determine which ones bear a nexus to the 177 [C]laims…makes no practical sense." (Letter from Stephan Belinfanti, Esq., to Clifford S. Robert (July 18, 2018) at 4.)  In addition, Sky Medical maintains that the "three year time frame stated in the 'explicit nexus' language was simply meant as a framework", and that Defendants "ignore the fact that [Plaintiff] [has] counterclaims in this action" for which the Court has "already ordered production…for years that are outside of the 177 [C]laims and three year time [frame] [to which] [the Objectors] seek[] to limit the subpoenas[.]" (*Id.*)  Sky Medical further maintains that its allegations that the "illegal control of Patient Focus through Nationwide, BDB, TCMR" was "instrumental in the [ ] production of the fraudulent reports that resulted in [Plaintiff's] damages require more than merely financial records tied to the 177 [C]laims in dispute." (*Id.* at 5.)  As such, Sky Medical argues that the "modified" subpoenas should be "deemed proper" or, in the alternative, that a pathway be provided "that allows for the adequate production of the requested materials." (*Id.*)

Based upon my review of the foregoing submissions and my subsequent telephone conference with counsel on August 22, 2018, it became apparent that any resolution of the parties' dispute would require Chase's participation.  I therefore requested that the parties work together to ascertain whether Chase was willing to participate in a telephone conference, and was subsequently advised that Chase was willing to do so.

On October 1, 2018, I held a telephone conference with counsel and Chase, during which the parties sought clarification from Chase as to what, if anything, Chase could do to comply with a subpoena limited to the 177 Claims.  Chase advised that the problem was the "explicit

nexus" language of the subpoena; i.e., if the parties requested documents pertaining to certain discrete claim numbers, it would be impossible for Chase to locate or provide such documents as the claim numbers have no meaning within Chase's own record-keeping system. In other words, Chase had no way to look for, or find, those claim numbers, and thus no way to filter responsive records from non-responsive. In order to identify the relevant documents, Chase advised that it would need identifying information such as the check numbers, amounts, dates, names of payees or memo entries associated with the claim numbers, to which Sky Medical does not have access and which the Objectors purportedly cannot provide because they no longer possess the relevant books and records. Absent the foregoing identifying information, Chase advised that it can either produce all, or none, of the records sought without reference or limitation to the 177 Claims.

**<u>Recommendation</u>**

Based on the foregoing, I find that the records sought by the Chase Subpoenas are relevant and discoverable pursuant to Fed. R. Civ. P. 26(b)(1), to the extent they are circumscribed and limited to the time period between November 3, 2006 and January 18, 2010 and to those documents and records pertaining to the 177 Claims in accordance with the Court's prior Order.

However, since Chase is unable to filter out records pertaining only to the 177 Claims, I recommend that the Chase Subpoenas be made returnable to the Objectors and that they undertake a review of the records to determine which documents pertain to the 177 Claims. Given that neither Chase nor Sky Medical has the correlating information that Chase needs to filter out the relevant documents, and that such information ought to be in the exclusive possession, custody and control of the Objectors, who nonetheless have apparently lost their

respective relevant books and records, I recommend that the Objectors bear the costs and expenses of the review.

In the event that Sky Medical objects to having the Objectors review the documents, I recommend that a neutral party be appointed to conduct such review, and that the parties share the costs and expenses of the review, or show just cause as to why one party should bear more, or all, of the costs and expenses.

The foregoing constitutes my Report and Recommendation in accordance with the Court's July 1, 2018 Order.

Dated: October 29, 2018

Clifford S. Robert