UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SKY MEDICAL SUPPLY INC.,

                      Plaintiff,                           **ORDER**

    -against-                               CV 12-6383 (JFB) (AKT)

SCS SUPPORT CLAIM SERVICES, INC., PATIENT FOCUS
MEDICAL EXAMINATIONS, PC d/b/a ALL BOROUGH
MEDICAL, PC, NATIONWIDE MANAGEMENT INC., BAB
MANAGEMENT INC., MANAGEMENT COMPANY A,
MANAGEMENT COMPANY B, MANAGEMENT
COMPANY C, MANAGEMENT COMPANY D,
MANAGEMENT COMPANY E, BENJAMIN OSIASHVILI
a.k.a VENIAMIN OSIASHVILI, MIKAEL OSIASHVILI a.k.a
MICHAEL OSIASHVILI, SVETLANA OSIASHVILI,
ALEKSEY VAYNER a.k.a ALEX VAYNER, EITAN
DAGAN, MANAGER DEFENDANT A, MANAGER
DEFENDANT B, MANAGER DEFENDANT C, MANAGER
DEFENDANT D, MANAGER DEFENDANT E, TATIANA
SHARAHY, MD, MITCHELL EHRLICH, MD, JOSEPH C.
COLE, MD, JULIO WESTERBAND, MD, WILLIAM A.
ROSS, MD, RENAT R. SUKHOV, MD, WILLIAM S.
KRITZBERG, MD, ROBERT A. SOHN, DC, STANLEY
ROSS, MD, MITCHELL L. WEISMAN, MD, MARK
WEBER, MD, GARY J. FLORIO, MD, ANTONIO
MARTINS, MD, DAMION A. MARTINS, MD, M.S.,
DANTE BRITTIS, MD, CHRISTOPHER FERRANTE, DC,
BRIAN FREINDLICH, DC, WAYNE KERNESS, MD,
DENIS MANN, DC, ANDREW MILLER, MD, ANDREW
BAZOS, MD, DREW STEIN, MD, LINDA ACKERMAN
and EVGENIYA VAKIDOVA,

                      Defendants.
----------------------------------------------------------------X
A. **KATHLEEN TOMLINSON, Magistrate Judge:**

       On July 1, 2018, this Court, pursuant to Rule 53 of the Federal Rules of Civil Procedure and the Court's inherent equitable powers, appointed a Special Master in this case to assist the Court in resolving the impasse between the parties concerning certain subpoenas. *See*

DE 600. The Court ordered that the Special Master, Clifford Robert, Esq., would have broad plenary powers to take all steps necessary or desirable to achieve the following purposes:

1. to hear, consider and report and recommend on: (A) the disputes involving Plaintiff Sky Medical Supply, Inc., Defendant Nationwide Management, Inc., and third-parties PDB Management NY Inc. and TCMR Management, Inc. as to the four modified Chase subpoenas at issue; and (B) any other discovery dispute(s) outstanding as of the date of this Order;

2. report back to the Court by preparing and transmitting a Report and Recommendation as to the specific recommended disposition of the issues raised; and

3. take such further or additional action that the Court may direct and instruct the Special Master to undertake.

*Id*.

On October 29, 2018, the Special Master filed his Report and Recommendation consisting of the following findings:

1. The records sought by the Chase subpoenas are relevant and discoverable under Fed. R. Civ. P. 26(b)(1) to the extent that they are circumscribed and limited to the time period between November 3, 2006 and January 18, 2010 and to the documents and records pertaining to the 177 claims previously ruled upon by the Court;

2. Since Chase was unable to filter out records pertaining only to the 177 claims, the Special Master recommended that the Chase subpoenas be made returnable to the Objectors and that they undertake a review of the records to determine which documents pertain to the 177 claims. Since neither Chase nor Sky Medical has the correlating information which Chase needs to separate out the relevant documents, and since the information sought should be in the exclusive possession, custody and control of the Objectors who have apparently lost relevant books and records, the Special Master recommended that the Objectors bear the costs and expense of the review. To the extent that Sky Medical objects to the Objectors review of the documents, the Special Master recommended that a neutral party be appointed to conduct the review and that the parties share the costs and expenses of that review.

In accordance with Rule 53(f)(2), any objections to the Special Master's Report and Recommendation had to be filed "no later than 21 days after a copy is served, unless the court sets a different time." None of the parties filed objections to the Special Master's Report and Recommendation and the deadline to do so has long since passed. "In acting on the master's report, the Court may adopt or affirm; modify; wholly or partly reject or reverse; or resubmit to the master with instructions." *Cintron v. Vaughn*, No. 3: 69 CV 13578, 2007 WL 4240856, at *5 (D. Conn. Nov. 29, 2007). The Court therefore affirms and adopts the well reasoned Special Master's Report and Recommendation in its entirety. *See Chevron Corp. v. Donziger*, 11 Civ. 0691, 2017 WL 6626650, at *1 (S.D.N.Y. Dec. 27, 2017); *Gulino v. Bd. of Educ. of the City of New York,* 96-CV-8414, 2017 WL 408-2304, at *1 (S.D.N.Y. Sept. 8, 2017).

**SO ORDERED.**

Dated: Central Islip, New York
February 8, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge