UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SKY MEDICAL SUPPLY, INC.,

                Plaintiff,                          **ORDER**

      -against-                        CV 12-6383 (PKC) (AKT)

SCS SUPPORT CLAIM SERVICES, INC., PATIENT FOCUS
MEDICAL EXAMINATIONS, PC d/b/a ALL BOROUGH
MEDICAL, PC, NATIONWIDE MANAGEMENT INC., BAB
MANAGEMENT INC., MANAGEMENT COMPANY A,
MANAGEMENT COMPANY B, MANAGEMENT
COMPANY C, MANAGEMENT COMPANY D,
MANAGEMENT COMPANY E, BENJAMIN OSIASHVILI
a.k.a VENIAMIN OSIASHVILI, MIKAEL OSIASHVILI a.k.a
MICHAEL OSIASHVILI, SVETLANA OSIASHVILI,
ALEKSEY VAYNER a.k.a ALEX VAYNER, EITAN
DAGAN, MANAGER DEFENDANT A, MANAGER
DEFENDANT B, MANAGER DEFENDANT C, MANAGER
DEFENDANT D, MANAGER DEFENDANT E, TATIANA
SHARAHY, MD, MITCHELL EHRLICH, MD, JOSEPH C.
COLE, MD, JULIO WESTERBAND, MD, WILLIAM A.
ROSS, MD, RENAT R. SUKHOV, MD, WILLIAM S.
KRITZBERG, MD, ROBERT A. SOHN, DC, STANLEY
ROSS, MD, MITCHELL L. WEISMAN, MD, MARK
WEBER, MD, GARY J. FLORIO, MD, ANTONIO
MARTINS, MD, DAMION A. MARTINS, MD, M.S.,
DANTE BRITTIS, MD, CHRISTOPHER FERRANTE, DC,
BRIAN FREINDLICH, DC, WAYNE KERNESS, MD,
DENIS MANN, DC, ANDREW MILLER, MD, ANDREW
BAZOS, MD, DREW STEIN, MD, LINDA ACKERMAN
and EVGENIYA VAKIDOVA,

                Defendants.
-----------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court has spent further time reviewing the letters from counsel for the Nationwide

Defendants [DE 646] and Plaintiff's counsel [DE 647] in this ongoing saga of the Chase Bank

records at issue in this case. In his Report concerning the various Chase subpoenas, Special

Master Robert recommended "that the Chase subpoenas be made returnable to the Objectors and

that they undertake a review of the records to determine which documents pertain to the 177 Claims. Given that neither Chase nor Sky Medical has the correlating information that Chase needs to filter out the relevant documents, and that such information ought to be in the exclusive possession, custody and control of the Objectors who nonetheless have apparently lost their respective relevant books and records, I recommend that the Objectors bear the costs and expenses of the review." DE 617. No objections were filed by any party or non-party to the Special Master's Report and Recommendation. This Court affirmed and adopted the Special Master's Report and Recommendation in its entirety on February 8, 2019. *See* DE 629.

At a motion hearing on May 13, 2019 scheduled to deal with other issues in the case, Nationwide's counsel advised the Court that he had received five boxes of documents from Chase and spent the time himself carefully reviewing all of the documents. According to Nationwide's Attorney David Douglas, none of the documents in the Chase production fell within the scope of the statute of limitations. Consequently, Attorney Douglas did not send any Chase documents to Plaintiff's counsel. Plaintiff's counsel argued that Plaintiff should not have to simply rely on the representations of Attorney Douglas and that Plaintiff's attorneys would like to review the documents themselves. This was not the agreed-upon procedure at the outset and Attorney Douglas emphasize that these are his clients' highly confidential documents that should not be reviewed by Plaintiff or Plaintiff's counsel since none of them are relevant to this litigation by virtue of the fact that they fall outside the statute of limitations.

Because the parties appeared to be at an impasse, the Court expressed its inclination to have the five boxes of documents shipped to the Special Master for review and determination of the question whether any of the documents must be produced to the Plaintiff. At that point, the question of who pays for the review arose. The Court gave the affected parties one week to

address in writing who should bear the costs involved.  As a result, the parties submitted DE 646 and 647.

The Court has grown increasingly concerned about the costs being incurred in this litigation compared to the damages at issue.  Those costs continue to grow by virtue of the parties' inability to reach agreement on the most basic issues.  Having reviewed the two submissions, the Court finds that the alternative reluctantly suggested by both sides is the approach to be utilized at this time.  Plaintiff's counsel shall be permitted to review the Chase records -- with another attorney from his office if needed, but not the client -- at the Gallet, Dreyer & Berkey firm in Manhattan.  Such review shall be on a Confidential, Attorney's Eyes Only basis.  To the extent that Plaintiff's counsel finds that any of the documents are responsive to the subpoenas, they are to tag or identify those documents and Attorney Douglas' firm shall make copies of those documents and shall submit them to the Court for a determination of what, if any, documents are produced to the Plaintiff.  The documents shall be made available immediately and the inspection shall take place within the next 21 days.   Attorney Douglas shall be responsible for producing any tagged/identified documents to the Court within 10 days thereafter.  The Court will issue a decision once it has completed an expedited review.  If these circumstances are not set up and completed as directed, the Court will arrange for all of the boxes to be shipped to the Special Master and the parties shall share the costs incurred on a 50/50 basis.

**SO ORDERED.**

Dated: Central Islip, New York
       July 8, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge