**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
SKY MEDICAL SUPPLY, INC.,

                Plaintiff,

         -against-

SCS SUPPORT CLAIM SERVICES, INC., PATIENT FOCUS
MEDICAL EXAMINATIONS, PC d/b/a ALL BOROUGH
MEDICAL, PC, NATIONWIDE MANAGEMENT INC., BAB
MANAGEMENT INC., MANAGEMENT COMPANY A,
MANAGEMENT COMPANY B, MANAGEMENT
COMPANY C, MANAGEMENT COMPANY D,
MANAGEMENT COMPANY E, BENJAMIN OSIASHVILI
a.k.a VENIAMIN OSIASHVILI, MIKAEL OSIASHVILI a.k.a
MICHAEL OSIASHVILI, SVETLANA OSIASHVILI,
ALEKSEY VAYNER a.k.a ALEX VAYNER, EITAN
DAGAN, MANAGER DEFENDANT A, MANAGER
DEFENDANT B, MANAGER DEFENDANT C, MANAGER
DEFENDANT D, MANAGER DEFENDANT E, TATIANA
SHARAHY, MD, MITCHELL EHRLICH, MD, JOSEPH C.
COLE, MD, JULIO WESTERBAND, MD, WILLIAM A.
ROSS, MD, RENAT R. SUKHOV, MD, WILLIAM S.
KRITZBERG, MD, ROBERT A. SOHN, DC, STANLEY
ROSS, MD, MITCHELL L. WEISMAN, MD, MARK
WEBER, MD, GARY J. FLORIO, MD, ANTONIO
MARTINS, MD, DAMION A. MARTINS, MD, M.S.,
DANTE BRITTIS, MD, CHRISTOPHER FERRANTE, DC,
BRIAN FREINDLICH, DC, WAYNE KERNESS, MD,
DENIS MANN, DC, ANDREW MILLER, MD, ANDREW
BAZOS, MD, DREW STEIN, MD, LINDA ACKERMAN
and EVGENIYA VAKIDOVA,

                Defendants.
----------------------------------------------------------------X

**ORDER**

CV 12-6383 (PKC) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The ongoing saga of the Chase Bank records continues in this case. The Court's efforts to achieve proportionality in discovery and to keep costs in check have been a losing battle given the postures adopted by both sides here. One need only look to the docket and the 652 ECF

entries to date to get a sense of the contentiousness in this action. In a July 8, 2019 Order [DE 649], the Court issued a ruling addressing DE 646 and 647, submissions which, among other things, consisted of (1) sparring between the parties about who should bear the costs of the Special Master's fee; (2) implied threats of seeking to tax as costs the Special Master's fee if the particular party prevails, notwithstanding the fact that the parties' *collective* conduct resulted in the Special Master's appointment in the first instance, and (3) accusations of perjury, etc.

Among other things, in the July 8, 2019 Order, the Court stated as follows:

> The Court has grown increasingly concerned about the costs being incurred in this litigation compared to the damages at issue. Those costs continue to grow by virtue of the parties' inability to reach agreement on the most basic issues. Having reviewed the two submissions, the Court finds that the alternative reluctantly suggested by both sides is the approach to be utilized at this time. Plaintiff's counsel shall be permitted to review the Chase records -- with another attorney from his office if needed, but not the client -- at the Gallet, Dreyer & Berkey firm in Manhattan. Such review shall be on a Confidential, Attorney's Eyes Only basis. To the extent that Plaintiff's counsel finds that any of the documents are responsive to the subpoenas, they are to tag or identify those documents and Attorney Douglas' firm shall make copies of those documents and shall submit them to the Court for a determination of what, if any, documents are produced to the Plaintiff. The documents shall be made available immediately and the inspection shall take place within the next 21 days. Attorney Douglas shall be responsible for producing any tagged/identified documents to the Court within 10 days thereafter. The Court will issue a decision once it has completed an expedited review. If these circumstances are not set up and completed as directed, the Court will arrange for all of the boxes to be shipped to the Special Master and the parties shall share the costs incurred on a 50/50 basis.

DE 649 at 3. Although the review took place, little was ultimately resolved. Counsel reported back to the Court, separately as usual, in the form of additional motions.

Counsel for Defendants Nationwide Management Inc. ("Nationwide"), Benjamin Osiashvili, Mikael Osiashvili, Svetlana Osiashvili, and Alex Vayner (collectively with Nationwide, the "Nationwide Defendants"), and non-parties BDB Management NY Inc. ("BDB") and TCMR Management, Inc. ("TCMR") (collectively, the "Nationwide Parties") have

filed a motion "seeking rejection of Plaintiff's request for Chase documents. . . ." *See* August 8, 2019 electronic entry and DE 650.  According to counsel, Plaintiff's attorneys "made a mockery of the process" and tagged an entire banker's box of documents, described as "every single page of every single bank record pertaining to Nationwide that Chase provided . . . together with some additional records that Chase provided regarding BDB." *Id*. at 2.  The Nationwide Parties maintain that none of the tagged records pertain to the 177 claims identified in the Second Amended Complaint. *Id*. at 1.  Defendants' counsel accuses Plaintiff's counsel of having "engaged on a fishing expedition of immense scale seeking production and further perusal of every single banking record, for every Nationwide Chase account, for every single transaction, for an over three-year period." *Id.* at 2.  The Nationwide Parties also argue that Plaintiff's counsel is similarly seeking information concerning BDB that is unrelated to the 177 claims. *Id*.  Counsel maintains that during the inspection, Plaintiff's counsel tagged certain documents, designated confidential, which were purportedly to be copied and provided to Plaintiff's counsel pursuant to the Court's directives.  Nationwide's counsel points out that these tagged documents "make no reference whatsoever to any of the 177 claims at issue or anything or anybody concerning them" but rather, by way of example, show Plaintiff's attempt to "snoop" into such matters as "reimbursement of expenses and compensation paid to persons performing services regarding independent medical examinations (IMEs)" when the 177 claims involve peer reviews and not IMEs. *Id*. at 2-3.  Counsel also cites a similar issue with the BDB-related documents which he maintains have nothing to do with the 177 claims and consists of checks for payroll, loan repayments, etc. *Id.* at 3.  Ultimately, the Nationwide Parties request that the Court reject Plaintiff's attempt to collect these financial records of Nationwide and BDB.

Plaintiff's counsel filed opposition contending that all of the documents produced by Chase Bank fall within the three-year framework previously identified by the Court. DE 651-1 at 2. According to Plaintiff's letter opposition, these records further reveal "that Nationwide paid laypersons for the creation of reports." *Id.* Counsel adds that "[n]ot only do these checks indicate on their face that they are for "reports", they reveal that the testimony by the Osiashvilis Defendants that neither Nationwide nor Nationwide's employees were involved in any way in the creation of peer review reports was utterly false." *Id.* Plaintiff's counsel argues that the suggestion by Nationwide's counsel that any payments coming from Nationwide would have been for IMEs and not peer reviews should not be credited because that statement is coming from someone who does not have personal knowledge and "ignores the inescapable fact that the Osiashvilis themselves testified that Nationwide was not involved in any aspect of peer *or* IME reports." *Id*. (emphasis in original).

According to Plaintiff's counsel, "these records are also relevant to Sky's RICO allegations insofar as they reveal Nationwide Parties' siphoning of the proceeds of the fraudulent enterprise to conceal their illegal ownership of Defendant Patient Focus and to place money derived from the peer review scheme in the hands of people not legally entitled to receive it." *Id*. Counsel adds that "the bank records at issue are relevant to establishing motive insofar as they show how the Nationwide Defendants benefitted from their participation in the fraudulent scheme." *Id*. Plaintiff insists that these records "fall squarely within the 3-year time period and cannot be separated from Sky's 177 claims." *Id*. Finally, Plaintiff's counsel states that the Nationwide Parties' forensic-style analysis of the placement of sticky tabs and one-sided rendition of statements allegedly made at the inspection should be ignored." *Id*. at 3.

Despite the Court's hope that reasonable minds might prevail here, that has not happened. This is simply an issue on which the parties are seemingly never going to agree. Therefore, within 30 days (by May 4, 2020) – assuming counsel have access to their respective offices by that time -- Defendants' counsel shall pack up the documents at issue and ship them to Special Master Robert. The Court hereby refers this issue back again to Special Master Robert to review the motion and opposition and any other documents necessary for the review and to provide the Court with a Report and Recommendation as to (1) whether either motion should be granted or any portion of the motions should be granted; (2) what Chase documents, if any, should be released to Plaintiff's counsel; (3) if documents should be released to the Plaintiff, which documents should be designated "confidential" and/or subject to "attorney's eyes only" disclosure; and (4) to what degree the Court should apportion the Special Master fees incurred in this review between the parties, if at all. The Court requests that the Special Master provide his Report and Recommendation by August 3, 2020 or apprise the Court of a need for additional time by that date.

The parties are free to try to work out their own compromise and resolution between now and May 3, 2020. If they are unable to do so, the records shall be shipped forthwith on May 4, 2020 to Special Master Robert as directed and the parties' right to continue such negotiations will be deemed waived.

**SO ORDERED.**

Dated: Central Islip, New York
March 31, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge